1  DESAI LAW FIRM, P.C.
   Aashish Y. Desai, Esq. (SBN 187394)
2  Adrianne De Castro, Esq. (SBN 238930)
3  3200 Bristol St., Suite 650
   Costa Mesa, CA 92626
4  Telephone: (949) 614-5830
5  Facsimile: (949) 271-4190
   aashish@desai-law.com
6  adrianne@desai-law.com

7  Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN OROZCO MADERO and ESTEBAN OROSCO on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>McLANE FOODSERVICE, INC., a Texas Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-00073-KK (DTBx)<br><br>Hon. Kenly Kiya Kato<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) Failure to Pay Overtime Compensation - FLSA**<br>**(2) Failure to Pay All Wages Earned**<br>**(3) Failure to Issue Accurate Itemized Wage Statements**<br>**(4) Failure to Reimburse for Work Expenses**<br>**(5) Unfair Business Practices Under the UCL**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiffs Jordan Orozco Madero and Esteban Orosco on behalf of themselves and all others similarly situated ("Plaintiffs"), hereby file this First Amended Complaint against Defendant McLane Foodservice, Inc. ("McLane") and DOES 1-10 (hereinafter collectively referred to as "Defendants"). This is a hybrid action. The federal claims are brought under the FLSA as an "opt-in" collective action, while the California claims are brought under Rule 23 as an "opt-out" class action. *Tomlinson v. Indymac Bank, F.S.B.*, 359 F.Supp.2d 898 (C.D. Cal. 2005) (allowing hybrid "opt-in" FLSA claims with Rule 23 "opt-out" state law claims).

## INTRODUCTION

1. The Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general wellbeing of workers." 29 U.S.C. § 202(a). To achieve its purpose, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of 40 hours per workweek. 29 U.S.C. § 207(a). Third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

2. McLane is a trucking and logistics company that operates out of Temple, Texas. According to its website, it is "one of the largest supply chain service leaders, providing grocery and foodservice solutions throughout the United States."

3. Despite its immense reach, McLane does not pay its intrastate truck drivers an overtime premium for their overtime hours as required by the FLSA.

4. Plaintiffs worked for McLane as non-exempt intrastate truck drivers.

5. Defendant implemented illegal pay procedures that deprived Plaintiffs of proper overtime compensation for hours worked in excess of forty (40) hours each week.

6. Each Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit "A"** to this Complaint.

## JURISDICTION

7. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

8. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. § 1331, as Plaintiffs' claims arise under 29 U.S.C. § 216(b).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiffs reside in this district and all, or at least a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

10. Plaintiffs are residents and citizens of California.

11. Plaintiffs were "employees" of McLane.

12. Defendant McLane was and continues to be an "employer" under the FLSA.

13. At all relevant times, the work performed by Plaintiffs was directly essential to the business performed by Defendant.

14. The true names and capacities of Defendants DOES 1 to 10 are unknown to Plaintiffs who will amend this complaint to allege such names and capacities as soon as they are ascertained. Each Defendant designated herein as DOE is in some manner legally responsible for the unlawful acts and damages alleged herein.

**STATEMENT OF FACTS**

15. Defendant operates over 80 distribution centers across the United States and is in possession of one of the nation's largest private fleets of trucks.

16. Plaintiff Madero worked for Defendant from approximately August 2019 to September 11, 2023.

17. Plaintiff Orosco worked for Defendant from approximately July 2018 to November 10, 2023.

18. Plaintiffs worked as local delivery drivers.

19. Plaintiffs worked out of Defendant's Riverside facility.

20. Plaintiffs were paid on a piece-rate basis.

21. Plaintiffs piece rate formula was based on the number of **miles** they drove, the number of **stops** they made, and the number of **cases** they delivered.

22. Plaintiffs were also paid an hourly rate.

23. Defendant receives products to its distribution centers throughout California: Tracy, Manteca, Buena Park, Ontario, Rancho Cucamonga, and Riverside. The products are stored for a non-specified duration.

24. McLane provides delivery services to approximately 2,000 customers, including Taco Bell, KFC, Chick-Fil-A, Olive Garden, and Pizza Hut.

25. McLane's customers span southern and northern California.

26. Plaintiffs' primary job was to deliver Defendant's products to Defendant's customers for immediate use.

27. Plaintiffs drove exclusively within the state of California.

28. McLane violated wage laws in three primary ways.

29. **First**, Plaintiffs worked in excess of forty (40) hours in various workweeks throughout the duration of their employment with Defendant.

30. However, Plaintiffs were not compensated for overtime hours.

31. **Second**, Plaintiffs did not receive *bona fide* meal breaks.

32. An employer, under the FLSA, is not required to pay an employee for meal periods if the employer can satisfy its burden of showing that the employee received a *bona fide* meal period.

33. Plaintiffs did not, however, receive *bona fide* meal breaks because drivers were typically required to work through their meal breaks, or had their meal breaks interrupted by work.

34. Even if drivers had some respite from driving and load and unloading, McLane still required drivers to **remain responsible** for the safety of their trucks and loads "at all times" throughout their shifts, including during meal periods.

35. McLane generated its payroll by using PeopleNet, a time management software.

36. The hours to be paid were tracked by PeopleNet.

37. Plaintiffs, like all other drivers, were required to clock-out for their mandatory 30-minute meal breaks by PeopleNet.

38. Each pay period, the amount of time tracked by the software, **after deduction of thirty minutes**, was uploaded for processing into the payroll processing software.

39. Even though Plaintiffs clocked out for their meal breaks per McLane's requirements, Plaintiffs and the other drivers routinely worked through their meal breaks; and even when they did manage to spend a few minutes eating, that time was regularly interrupted by work.

40. Defendant, in fact, required Plaintiffs and the other drivers to remain available to respond to work demands at any time, including meal breaks.

41. Plaintiffs had to **remain responsible** for providing security for their trucks and loads during meal breaks.

42. Defendant accepted the benefits of Plaintiffs' work without compensating them for it.

43. **Third**, PeopleNet is located **inside** of the driver's truck.

4

44. Thus, the work done before and after drivers entered their tractor trailers was unreported and uncompensated – i.e., paperwork, key checks, routing, and waiting for the load. [So-called "off the clock" work]

45. **Motivation**. McLane knew to preserve as many hours as possible because its truck drivers were limited in the total number of hours they could work by federal regulation. In fact, truck drivers may not work more than 14 hours in any given day, with only 11 hours dedicated to driving. *See* 49 C.F.R. § 395.3 (driver may **only** drive a total of 11 hours during 14-hour shift period).

46. Defendant is a leader in the trucking industry. McLane is familiar with the enormous demands of truck drivers in the transportation industry. As such, Defendant has both constructive and actual knowledge that its drivers were not being compensated fairly under the law.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiffs and the class members are/were all delivery drivers who performed similar primary duties as one another.

48. Plaintiffs and the class members drove within the State of California.

49. To the extent Plaintiffs and the class members ever drove out of state, such trips were sporadic, rare and *de minimus*.

50. The possibility of driving out of state was remote.

51. The putative class is compensated on a piece-rate basis.

52. All drivers also receive an hourly rate for certain work.

53. Defendant does not pay overtime wages at any rate to any of its local California delivery drivers.

54. Plaintiffs were, in fact, intrastate delivery drivers who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

55. The additional drivers who may become "opt-in" class members were intrastate delivery drivers of Defendant who did not receive overtime pay under the FLSA.

56. Application of this policy or practice does not depend on the personal circumstances of the Plaintiffs or those joining this lawsuit.

57. Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiffs applies to all class members.

58. Accordingly, the **FLSA class members** are properly defined as:

**All intrastate delivery drivers who did not receive overtime compensation at a rate of one and one-half times their regular rate of pay for all of their overtime hours worked in any workweek within the last three years preceding the filing of the Complaint.**

59. Defendant did not act in good faith in formulating its pay practices.

60. Defendant did not rely upon case law.

61. Defendant did not rely on the FLSA.

62. Defendant did not rely on any Wage & Hour Opinion Letters.

63. Defendant did not rely on the Code of Federal Regulations.

64. Defendant has been sued before over similar wage violations. *Cardenas v. McLane Foodservice, Inc.*, 796 F.Supp.2d 1246 (C.D. Cal. 2011) (granting summary judgment of drivers' pre- and post-shift claims where McLane paid with price-rate wages; resulting in $5.5M class settlement).

65. Defendant acted willfully in failing to pay Plaintiffs and the FLSA class members in accordance with the law.

66. Defendant filed to maintain accurate records for Plaintiffs and the class members' work hours in accordance with the law.

//

## CLASS ACTION ALLEGATIONS

67. This action is also maintainable as a class action pursuant to Fed. R. Civ. P. Rule 23 as to the California claims for unpaid wages, the failure to correctly pay for rest breaks, the failure to indemnify certain necessary work expenditures, the failure to issue accurate itemized paystubs, and the failure to timely pay former employees.

68. The Business & Professions Code § 17200 claim is based upon three theories: (i) unfair conduct as a result of the anti-competitive actions of Defendant, (ii) fraudulent behavior of Defendant as defined by the UCL, and (iii) the unlawful failure to comply with the California Labor Code.

69. Plaintiffs are representative of McLane's other California intrastate truck drivers; and these employees are known to Defendant and are readily identifiable and locatable through Defendant's own employment records.

70. Plaintiffs identify the following **Rule 23 class members**:

**All California drivers who performed work for McLane under its piece-rate compensation scheme from four (4) years prior to the filing of this Complaint to the date of final disposition.**

71. Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

## NUMEROSITY OF CLASS

72. The employees identified in the above class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, the Plaintiffs believe that over 500 employees would fall within the putative Class.

73. The exact number is easily ascertained from Defendant's own employment records, which are presently within the control of Defendant. Furthermore, upon application by Plaintiffs' counsel for certification of the Class, the

Court may be requested to also incorporate or amend the sub-Classes in the interest of justice and judicial economy.

### EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF FACT AND LAW

74. Common questions of law and fact exist as to the class members that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   i. Whether Defendant violated the UCL by its failure to pay and accurately record its drivers' wages;

   ii. Whether Defendant violated California Labor Code § 2802 by failing to adequately reimburse its drivers for using their cell phones for work;

   iii. Whether Defendant's failure to maintain time and pay records serves as predicate unlawful acts to support a finding that McLane has engaged in unfair business practices;

   iv. Whether Defendant violated California's paystub laws for employers who pay with a piece-rate compensation plan;

   v. Whether Plaintiffs' counsel is entitled to reasonable attorney's fees and costs under the FLSA or California Labor Code;

### TYPICALITY

75. The claims of Plaintiffs are typical of the claims of the Class they seek to represent.

   i. Plaintiffs and all class members work or have worked for Defendant as intrastate truck drivers in California.

   ii. Plaintiffs and all class members have the same right to be compensated for non-driving work and working through breaks.

iii. Plaintiffs and all class members have the same right to accurate wage statements.

iv. Plaintiffs are not asserting any individual claims qualitatively different from the Rule 23 class claims.

### ADEQUACY

76. Plaintiffs will fairly and adequately represent and protect the interests of the class members. Plaintiffs have retained counsel competent and experienced in complex class actions, and labor and employment litigation.

### SUPERIORITY

77. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures.

i. Although the relative damages suffered by individual class members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

ii. Individual plaintiffs likely lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants to recover such damages.

iii. Even if the individual class members could afford to prosecute their claims separately, the court system could not.

iv. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

//

9

**FIRST AMENDED COMPLAINT**

# COUNT I

## VIOLATION OF 29 U.S.C. § 207 – OVERTIME COMPENSATIOIN

78. Plaintiffs reallege each allegation of the preceding paragraphs as though fully set forth herein.

79. Plaintiffs worked in excess of forty (40) hours per week.

80. Plaintiffs were not properly compensated at the statutory rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) hours each workweek.

81. In addition, McLane deducted 30-minutes for meal breaks notwithstanding that its intrastate truck drivers performed compensable work during the supposed meal break periods in violation of the FLSA.

82. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

83. Defendant's action were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for hours worked in excess of forty (40) hours per week when they had knowledge, or should have known, such was, and is due to Plaintiffs.

84. Defendant failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

85. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiffs suffered, and continues to suffer, damages and lost compensation for the time worked over forty (40) per week, plus liquidated damages.

86. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

87. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. § 516.2 and 516.4,

with respect to those similarly situated to the named Plaintiffs by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than one and one-half their regular rate for their overtime hours worked.

88. Defendant does not pay any California intrastate driver for overtime hours as a matter of policy.

# COUNT II

## OFF THE CLOCK WORK – CALIFORNIA CLAIMS
**Minimum Wage Violation**
**[Cal. Labor Code §§ 1194, 1194.2, 1197, 1197.1, Wage Order 9; Minimum Wage Order]**

89. Plaintiffs reallege each allegation of the preceding paragraphs as though fully set forth.

90. California Labor Code §§ 1194, 1197, 1197.1 and Wage Order 9 entitle employees to an amount equal to or greater than the minimum wage for all hours worked.

91. Defendant willfully failed to pay Plaintiffs accrued wages for all hours of work performed as required under the California Labor Code (see Paragraph 46), including Labor Code §§ 221, 223, and 1194, and paragraph 4 of California Industrial Welfare Commission Wage Order 9-2001 [8 CCR § 11090 (2001)], or any other applicable Wage Order.

92. Defendants have breached their duties to Plaintiffs and class members, who have performed services since three years before the filing of this legal action.

93. Defendant willfully failed to pay all termination wages, including for off-the-clock work, within the 30-day time frame set forth under Labor Code §§201-203.

94. Plaintiffs and the class members are owed minimum wages for all hours worked, along with pre-judgment interest (or liquidated damages), and an award of reasonable attorneys' fees and costs.

## COUNT III
## ITEMIZED PAY STATEMENTS AND TIME/PAY RECORDS
[Cal. Labor Code §§ 226, 226.3; Wage Order 9]

95. Plaintiffs reallege each allegation of the preceding paragraphs as though fully set forth.

96. California Labor Code § 226 provides, in relevant part, that every employer must furnish each employee with an itemized wage statement at the time of each payment of wages showing the total number of hours worked each pay period, gross wages, net wages, all deductions, all applicable hourly rates of pay, the dates of the period for which the employee is paid, the name of the employee and the last four digits of their social security number or employee identification number, and the name and address for the legal entity that is the employer.

97. Wage Order 9 requires similar information.

98. As alleged, Defendant willfully failed to provide **accurate** itemized pay statements as required by California Labor Code §§ 226 and 226.2(a)(2) and paragraph 7(B) of California Industrial Welfare Commission Wage Order 9-2001 [8 CCR § 11090 (2001)], or any other applicable Wage Order.

99. The itemized statement that Plaintiffs received are inaccurate because they do not accurately state the *total hours worked* at applicable hourly rates, nor do they list the accurate rate *(hourly instead of regular)* of reimbursement for rest breaks.

100. The itemized statements do not list or total non-productive work.



101. These inaccuracies impairs the ability of the class to determine if they have been paid properly and what pay they are owed.

102. Defendant breached its itemized pay statement requirement for at least three years prior to the filing of this Compliant.

103. Defendants are liable for statutory penalties and actual damages.

## COUNT IV
## FAILURE TO INDEMNIFY FOR ALL NECESSARY EXPENDITURES

104. Plaintiffs reallege each allegation of the preceding paragraphs as though fully set forth.

105. Labor Code § 2802 requires employers to indemnify an employee for all necessary expenditures or losses incurred by the employee in the direct consequence of the discharge of the employee's duties.

106. Defendant failed to indemnify Plaintiffs and the class members for their expenses related to using their personal smart phones, and maintaining access to the internet.

107. As a result, Plaintiff's made expenditures and incurred losses, namely the costs of their cell phone and associated bills. These expenditures and losses were incurred in direct consequence of the drivers' discharge of their duties, i.e. communicating directly with McLane while driving. Plaintiffs' expenditures and losses for the use of their cell phones for work were reasonable and necessary because McLane required Plaintiffs to be available to communicate with McLane while driving. McLane did not provide Plaintiffs and drivers with a cell phone for work.

108. Plaintiffs and the class are entitled to indemnification of their expenses related to their cell phone charges plus prejudgment interest, attorneys' fees and costs under Labor Code § 2802.

## COUNT V
## UNFAIR COMPETITION LAW VIOLATIONS
### [Cal. Bus. & Prof. Code §§ 17200 et seq.]

109. Plaintiffs reallege each allegation of the preceding paragraphs as though fully set forth.

110. California Business & Professions Code §§ 17200 et seq. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

111. Plaintiffs bring this cause of action individually and representative of all others subject to Defendant's unlawful acts and practices.

112. In the four years prior to the filing of this Complaint, Defendant has committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200.

113. Defendant's unlawful, unfair, deceptive and/or fraudulent business practices include, without limitation:

  i. Failing to pay its employees' minimum and overtime wages;
  ii. Failing to furnish accurate itemized wage statements;
  iii. Failing to indemnify employees for business expenses.

114. As a result of these unlawful, unfair, and/or fraudulent business practices, Defendant reaped unfair and illegal profits at the expense of Plaintiffs and the class members.

## **REQUEST FOR RELIEF**

1. WHEREFORE, Plaintiffs, on behalf of themselves and the proposed class, request judgment and the following specific relief against Defendant as follows:

2. That the Court determine that this action may be maintained as a class action under Fed. R. Civ. P. Rule 23; [Counts II, III, IV, V];

3. Order Certification of this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein, designating Plaintiffs as representatives of the FLSA collective action, and undersigned counsel as Class Counsel for the same; [Count I];

4. Order Defendant to disclose the names and addresses of all collective action class members, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that reasonably calculated to apprise the class members of their right by law to join and participate in this lawsuit;

5. Award minimum wages and liquidated damages;

6. Award overtime wages and liquidated damages;

7. Award compensation for Defendant's failure to provide accurate itemized wage statements;

8. Award damages for Defendant's failure to reimburse necessary business expenses;

9. Award pre- and post-judgment interest;

10. Award penalties as appropriate;

**FIRST AMENDED COMPLAINT**

11. Award restitution due to Defendant's unlawful and/or unfair business practices, including interest;

12. Award costs and expenses of this action.

13. Award reasonable attorneys' fees and costs pursuant to Civil Procedure Code § 1021.5, FLSA, California Labor Code and/or other applicable statute or law; and

14. Such other and further relief as this Court may deem appropriate.

Dated: March 14, 2024                    DESAI LAW FIRM, P.C.

By: /s/ Aashish Y. Desai
Aashish Y. Desai
Adrianne DeCastro
Attorneys for Plaintiff and the other aggrieved employees

Plaintiffs demand trial by jury on all issues so triable.

Dated: March 14, 2024                    DESAI LAW FIRM, P.C.

By: /s/ Aashish Y. Desai
Aashish Y. Desai
Adrianne De Castro
Attorneys for Plaintiff and the other aggrieved employees