**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829
Amy E. Beverlin, SBN 284745
Kerri H. Sakaue, SBN 301043
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:   310.820.8859
Emails:   *mkane@bakerlaw.com*
          *abeverlin@bakerlaw.com*
          *ksakaue@bakerlaw.com*

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:   415.659.2600
Facsimile:   415.659.2601
Email:   *sjkim@bakerlaw.com*

Attorneys for Defendant
McLANE FOODSERVICE, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN OROZCO MADERO and ESTEBAN OROSCO on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>McLANE FOODSERVICE, INC., a Texas Corporation, and DOES 1-10, inclusive,<br><br>       Defendants. | CASE NO. 5:24-cv-00073-KK-DTB<br><br>**DEFENDANT'S MOTION TO REQUIRE AMENDMENT OF PLAINTIFFS' FIRST AMENDED COMPLAINT TO ELIMINATE PUTATIVE CLASS ACTION ALLEGATIONS AND/OR FOR AN ORDER STRIKING THE SAME:**<br><br>**(1)   NOTICE OF MOTION**<br><br>**(2)   MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**(3)   DECLARATION OF MATTHEW C. KANE**<br><br>***Filed Under Separate Cover*:**<br><br>**(4)   [PROPOSED] ORDER**<br><br>**Date:   February 20, 2025**<br>**Time:   9:30 a.m.**<br>**Crtrm.:  3**<br>**Judge:   Hon. Kenly Kiya Kato** |

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................. iii

NOTICE OF MOTION ......................................................................... v

MEMORANDUM OF POINTS AND AUTHORITIES ........................ 1

I.    INTRODUCTION ....................................................................... 1

II.   RELEVANT BACKGROUND .................................................... 2

    A.    PROCEDURAL HISTORY ................................................. 2

        1.    Plaintiffs' Complaints And Motion For FLSA Conditional Certification ......................................................... 2

        2.    Plaintiffs' Deadline To Move For Rule 23 Class Certification Of Their California Law Claims Under The Court's Scheduling Order And Standing Order .................. 3

        3.    The Court's Grant Of Partial Summary Judgment In Favor Of MFS On Plaintiffs' FLSA Claim And OSC Re Subject Matter Jurisdiction ....................................... 4

    B.    PLAINTIFFS NEVER MOVED FOR RULE 23 CLASS CERTIFICATION, NOR DO THEY INTEND TO DO SO ........................................ 5

III.  PLAINTIFFS SHOULD BE REQUIRED TO AMEND THEIR FAC TO ELIMINATE ALL PUTATIVE CLASS ACTION ALLEGATIONS OR ALL SUCH ALLEGATIONS SHOULD BE ORDERED STRICKEN ................................................................ 6

    A.    THE COURT HAS THE AUTHORITY TO REQUIRE AMENDMENT OF THE FAC TO ELIMINATE OR TO STRIKE PLAINTIFFS' PUTATIVE CLASS ACTION ALLEGATIONS THEREFROM ........................................ 6

    B.    PLAINTIFFS CANNOT PURSUE THEIR PUTATIVE CLASS ACTION CLAIMS BECAUSE THEY NEVER MOVED FOR RULE 23 CLASS CERTIFICATION ................................................................. 7

IV.   CONCLUSION ......................................................................... 11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

CERTIFICATION ................................................................................................11

DECLARATION OF MATTHEW C. KANE.........................................................12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S MOTION TO REQUIRE AMENDMENT OF FAC TO ELIMINATE PUTATIVE CLASS ACTION ALLEGATIONS OR,
ALTERNATIVELY, FOR AN ORDER STRIKING THE SAME

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Bantolina v. Aloha Motors, Inc.*,
  75 F.R.D. 26 (D. Haw. 1977) ................................................................10

*Burkhalter v. Montgomery Ward and Co., Inc.*,
  676 F.2d 291 (8th Cir. 1982) ...............................................1, 7, 8, 10

*Corr. USA v. Dawe*,
  504 F.Supp.2d 924 (E.D. Cal. 2007) .....................................................7

*Grandson v. Univ. of Minn.*,
  272 F.3d 568 (8th Cir. 2001) ...........................................................8, 10

*Gray v. Marathon Petroleum Logistics Servs., LLC*,
  2021 WL 2808695 (C.D. Cal. July 2, 2021).............................................9

*Keating v. Nordstrom, Inc.*,
  2019 WL 7160382 (D. Alaska Dec. 4, 2019) ..........................................9

*McCarthy v. Kleindienst*,
  741 F.2d 1406 (D.C. Cir. 1984).......................................................7, 10

*Robertson v. FedEx Nat. Ltl, Inc.*,
  2010 WL 10020690 (C.D. Cal. Jan. 5, 2010) ..........................................9

*Rocha v. Yoshinoya W., Inc.*,
  2007 WL 8398819 (C.D. Cal. Jan. 8, 2007).................................7, 9, 10

*Sterling v. Envtl. Control Bd. Of City of New York*,
  793 F.2d 52 (2d Cir. 1986) ....................................................................9

*Weiss v. La Suisse*,
  161 F.Supp.2d 305 (S.D.N.Y. 2001) .......................................................9

**State Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq.* ................................................3

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S MOTION TO REQUIRE AMENDMENT OF PLAINTIFFS' FAC TO ELIMINATE PUTATIVE CLASS ACTION
ALLEGATIONS AND/OR FOR AN ORDER STRIKING THE SAME

**Federal Rules**

Fed. R. Civ. P. 6 .................................................................................................. 12

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 2

Fed. R. Civ. P. 12(f) ................................................................................... 1, 2, 7, 10

Fed. R. Civ. P. 23 ................................................................................................. 5, 9

Fed. R. Civ. P. 23(3)(1)(D) ...................................................................................... 6

Fed. R. Civ. P. 23(c)(1)(A) .................................................................................... 6, 8

Fed. R. Civ. P. 23(d)(1)(D) ......................................................................... 1, 6, 8, 10

Fed. R. Civ. P. 26 ................................................................................................. 3, 5

Fed. R. Civ. P. 30(b)(6) .......................................................................................... 1, 5

Fed. R. Civ. P. 41(a)(2) ......................................................................................... 5, 13

**Local Rules**

L.R. 7-3 ......................................................................................................... 5, 12, 13

L.R. 11-6.1 .......................................................................................................... 11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## NOTICE OF MOTION

**TO THE HONORABLE KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on **February 20, 2025, at 9:30 a.m.,** in Courtroom 3 (3rd Floor) of the George E. Brown, Jr. Courthouse, 3470 12th Street, Riverside, CA 92501, Defendant McLane Foodservice, Inc. ("MFS" or "Defendant") will and hereby does move the Court for an order, pursuant to Fed. R. Civ. P. 23(d)(1)(D) and/or Fed. R. Civ. P. 12(f), that (a) requires Plaintiffs Jordan Orozco Madero and Esteban Orosco (collectively, "Plaintiffs") to amend their First Amended Complaint ("FAC") to eliminate their putative class action allegations and/or (b) strikes the same on the grounds that Plaintiffs failed to file a motion for class certification by their deadline to do so.

On August 2, 2024, the Court entered its Civil Trial Scheduling Order (the "Scheduling Order") [Dkt. #79], in which it set a motion hearing cut-off date of April 17, 2025. However, the Scheduling Order *expressly states* that "[t]he motion hearing cutoff date applies to all nondiscovery motions except: (1) motions for class certification, *which shall be filed in accordance with the deadline set forth in the Court's Civil Standing Order*…." Dkt. #79 at 2:5-8 (emph. added). The Court's Civil Standing Order, in turn, provides that "plaintiff(s) shall file a motion for class certification no later than 100 days from the date of the scheduling conference. This deadline will be continued only upon a showing of due diligence and good cause." Standing Order at 6:19-23.

On July 19, 2024, the Court vacated the Scheduling Conference in this action, originally scheduled for July 25, 2024. *See* Dkt. #47, #71. Instead, the Court issued its Scheduling Order on August 2, 2024. Dkt. #79. Conservatively using the date on which the Scheduling Order was entered (rather than the date on which the Scheduling Conference was originally scheduled to take place), Plaintiffs' deadline to file their motion for class certification pursuant Fed. R. Civ. P. 23 ("Rule 23") was no later than

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**November 10, 2024**. *See* Standing Order at 6:19-22. But Plaintiffs did not file a motion for class certification by that date—and, in fact, they did not initiate any required conferral pursuant to L.R. 7-3 for such a motion, nor have they even *initiated* written discovery regarding their individual *or* putative class action claims in this action.[1] Declaration of Matthew C. Kane ("Kane Decl."), ¶ 7.

Under Fed. R. Civ. P. ("Rule") 23(d)(1)(D), a court may issue an order to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Rule 23(d)(1)(D) allows a court to "give clear definition" to a class action and "determine as early in the proceedings as practicable" whether class allegations can be maintained. Fed. R. Civ. P. 23(3)(1)(D) advisory committee's note to 1966 amendment. Here, Plaintiffs' deadline to file their motion for class certification expired ***over two months ago***, and their failure to timely move for class certification is, in and of itself, a valid basis to require that their FAC be amended to eliminate the putative class action allegations and/or for the Court to enter an order striking the same. *See, e.g.*, *Burkhalter v. Montgomery Ward and Co., Inc.,* 676 F.2d 291 (8th Cir. 1982) (class allegations properly stricken where plaintiff failed to comply with court order setting deadline for filing of motion for class certification).

This Motion is made following the required conference of counsel pursuant to Local Rule 7-3. On December 27, 2024, MFS provided Plaintiffs with a letter detailing the grounds on which this Motion would be based and inquiring whether Plaintiffs would agree to amend their FAC to eliminate their putative class action allegations. Kane Decl., Exh. A. However, Plaintiffs refused to amend their FAC and seemingly disputed that their class certification deadline had elapsed. *Id.*, Exh. B. Although on

---

[1] On January 8, 2025 – only after MFS had sought to confer with Plaintiffs regarding this Motion and while their request for dismissal of this action was pending – Plaintiffs issued a deposition notice to MFS pursuant to Fed. R. Civ. P. 30(b)(6) purporting to notice MFS's deposition on patently objectionable topics for January 21, 2025. To date, Plaintiffs have never served <u>any</u> written discovery regarding their putative class action or individual state law claims.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

January 14, 2025, Plaintiffs' counsel belatedly indicated that Plaintiffs do not intend to pursue their class action claims, they have not proposed a further amended complaint to limit their claims to only individual claims, and on January 8, 2025, they propounded eleventh-hour discovery directed to their putative class action claims and on January 14, 2025, reiterated their intent to proceed with that discovery. *Id.*, Exhs. C and D. As such, the Parties were unable to informally resolve the issues raised by this Motion, and thus, MFS proceed with its filing.

The Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities and Declaration of Matthew C. Kane (and any exhibits annexed thereto), the Court's file and records in this action, and such other evidence and arguments as may be made or presented at or before the hearing on this Motion.


Dated:  January 17, 2025          **BAKER & HOSTETLER LLP**


By:    */s/ Matthew C. Kane*
              Matthew C. Kane
              Sylvia J. Kim
              Amy E. Beverlin
              Kerri H. Sakaue

        Attorneys for Defendant
        McLANE FOODSERVICE, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs allege that they are former truck drivers of Defendant McLane Foodservice, Inc. ("MFS").  In their First Amended Complaint ("FAC"), they allege various putative wage and hour class action claims against MFS under California law on behalf of themselves and other putative class members.  However, Plaintiffs' deadline to move to certify their putative class action claims was no later than **November 10, 2024**—and Plaintiffs did not file a motion for class certification by that date.  In fact, Plaintiffs did not even initiate <u>any</u> discovery regarding their individual *or* putative class action claims in this action until they issued a single deposition notice pursuant to Fed. R. Civ. P. ("Rule") 30(b)(6) on January 8, 2024.

Under Rule 23(d)(1)(D), a court may issue an order to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  Rule 23(d)(1)(D) allows a court to determine as early as practicable in the proceedings whether class allegations can be maintained.  Here, Plaintiffs' deadline to file their motion for class certification expired ***over two months ago***, and their failure to timely move for class certification is, in and of itself, a valid basis to require that their FAC be amended to eliminate their putative class action allegations and/or for the Court to enter an order striking the same.  *See, e.g.*, *Burkhalter v. Montgomery Ward and Co., Inc.,* 676 F.2d 291 (8th Cir. 1982).

For these reasons, as discussed more fully below, Plaintiffs cannot maintain their putative class action allegations.  Thus, MFS requests that the Court enter an order pursuant to Rule 23(d)(1)(D) and/or Rule 12(f) that requires Plaintiffs to amend their FAC to eliminate their putative class action allegations and/or strikes the same.

///
///
///
///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## II.    RELEVANT BACKGROUND

### A.    PROCEDURAL HISTORY

#### 1.    Plaintiffs' Complaints And Motion For FLSA Conditional Certification

On January 12, 2024, Plaintiffs filed a putative Class Action Complaint (the "Complaint") against MFS, purporting to allege federal <u>and California law</u> claims for various purported wage and hour violations on behalf of themselves and other putative class and/or collective members ("PCMs"). Dkt. #1. On February 9, 2024, MFS filed a motion to dismiss and/or strike the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f) (the "MTD"). Dkt. #11. On February 12, 2024, Plaintiffs filed a Motion for Conditional Certification of FLSA Claims (the "MCC") directed *solely* to their claim for failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). Dkt. #13.

On March 13, 2024, the Court entered its Order (a) granting in part and denying in part MFS's MTD and (b) staying the MCC. Dkt. #23 (the "MCC Order"). With respect to the MCC, the Court agreed with MFS that a dispositive threshold issue as to Plaintiffs' FLSA overtime claim was whether Plaintiffs are interstate drivers exempt from overtime under the federal Motor Carrier Act ("MCA"). *Id.* at 10-11. As such, the Court stayed Plaintiffs' MCC for 120 days to allow Plaintiffs and MFS (collectively, the "Parties") to conduct discovery on the named Plaintiffs' overtime exemption status under the MCA and for MFS to file a motion for partial summary judgment addressing that issue.[2]  *Id.* at 11 ("Plaintiffs' Motion for Conditional Certification is STAYED").

On March 14, 2024, Plaintiffs filed their operative FAC, purporting to allege the following five claims on behalf of themselves and other putative class and/or collective

---

[2] On July 17, 2024, while the MCC was stayed, the Parties subsequently stipulated (with the Court's approval) to extend the stay on Plaintiffs' MCC to July 31, 2024, to allow them to complete their discovery efforts related to the threshold issue of Plaintiffs' MCA exemption status. Dkt. #68 (at 2:7-10); *see also* Dkt. #69.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

members:

> (1)  Failure to pay overtime compensation in violation of the FLSA;
> (2)  Failure to pay all wages earned;
> (3)  Failure to issue accurate itemized wage statements;
> (4)  Failure to reimburse for work expenses; and
> (5)  Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*

*See* Dkt. #24 (FAC). As Plaintiffs have acknowledged in their filings in this action, their second through fifth putative class action claims are *"additional* state law claims" under the California Labor Code—separate and apart from their putative FLSA overtime claim. *See, e.g.*, Dkt. #64 at 2:3-12 (emph. added).

### 2.    Plaintiffs' Deadline To Move For Rule 23 Class Certification Of Their California Law Claims Under The Court's Scheduling Order And Standing Order

On June 5, 2024, the Court issued its Order Setting Scheduling Conference. Dkt. #47. On July 11, 2024, and following the required conference of counsel under Rule 26, the Parties filed their Joint Rule 26 Report of Counsel (the "Joint Report"). Dkt. #64. In its portions of the Joint Report, MFS requested that, pending the Court's ruling on the stayed MCC and MFS's then-forthcoming partial summary judgment motion, discovery pertaining to Plaintiffs' other non-FLSA putative class action claims be stayed except as to discovery pertaining to their individual claims. *See, e.g.*, *id.* at 2:27-3:5. Plaintiffs, on the other hand, stated that they did "not believe phased discovery is necessary or appropriate." *Id.* at 9:27-28 (emph. added). Plaintiffs further stated that they would "continue with discovery" after issues related to the Parties' MCC-related discovery were "resolved."[3] *Id.*

On August 2, 2024, the Court entered its Civil Trial Scheduling Order (the "Scheduling Order"). Dkt. #79. The Court did not phase discovery as requested by MFS; instead, it set a single fact discovery cut-off of January 24, 2025. *Id.* at 1, 2:20-3:4. The Court also set a motion hearing cut-off date of April 17, 2025. *Id.* at 1. However, the Scheduling Order *expressly states* that "[t]he motion hearing cutoff date

---

[3] Plaintiffs deemed those issues "resolved" as of **July 31, 2024**. *See* Dkt. #77, #78.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

applies to all nondiscovery motions <u>except</u>: (1) <u>motions for class certification</u>, ***which shall be filed in accordance with the deadline set forth in the Court's Civil Standing Order***…."  Dkt. #79 at 2:5-8 (emph. added).

Per the Court's Civil Standing Order, "plaintiff(s) shall file a motion for class certification no later than 100 days from the date of the scheduling conference.  This deadline will be continued only upon a showing of due diligence and good cause."  Standing Order at 6:19-23.[4]

       **3.**    **The Court's Grant Of Partial Summary Judgment In Favor Of MFS On Plaintiffs' FLSA Claim And OSC Re Subject Matter Jurisdiction**

On August 22, 2024, MFS filed its Motion for Partial Summary Judgment on Applicability of the FLSA's Motor Carrier Act Overtime Exemption to the Named Plaintiffs (the "MPSJ").  Dkt. #83.  On October 17, 2024, the Court entered its Order Granting Defendant's Motion for Partial Summary Judgment, pursuant to which it dismissed Plaintiffs' FLSA unpaid overtime claim with prejudice.  Dkt. #97 at 14.

Given the Court's dismissal of Plaintiffs' lone federal claim, the Court ordered Plaintiffs to show cause why the Court should retain jurisdiction over this action (the "OSC").  *See id.*  Plaintiffs' and MFS filed responses to the Court's OSC.  Dkt. #102, #103.  Based on the Parties' responses, the Court ***discharged*** the OSC on October 25, 2024, and retained jurisdiction over this action.  Dkt. #105.

As such, the Court retained subject matter jurisdiction over the only claims that remain pending in this action:  Plaintiffs' putative class action and individual claims under state law for failure to (1) pay all wages earned, (2) issue accurate itemized wage statements, and (3) reimburse for work-related expenses and for (4) unfair competition predicated thereon.  *See* Dkt. #24.

---

[4] The Court's Civil Standing Order was initially filed in this action on January 19, 2024 [Dkt. #9].  However, on April 25, 2024, the Court entered a text-only order advising the parties that it had "updated its procedures in civil cases" and directing the parties to the Court's updated Civil Standing Order available on the Court's website at https://www.cacd.uscourts.gov/sites/default/files/documents/KK/AD/KK%20Civil%20Standing%20Order.pdf.  *See* Dkt. #30.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**B.    PLAINTIFFS NEVER MOVED FOR RULE 23 CLASS CERTIFICATION, NOR DO THEY INTEND TO DO SO**

On July 19, 2024, the Court vacated the Scheduling Conference in this action, originally scheduled for July 25, 2024.  *See* Dkt. #47, #71.  Instead, the Court issued its Scheduling Order on August 2, 2024.  Dkt. #79.

Conservatively using that later date on which the Scheduling Order was entered (rather than the earlier date on which the Scheduling Conference was originally scheduled to take place), Plaintiffs' deadline to file their motion for class certification pursuant Fed. R. Civ. P. 23 ("Rule 23") was ***no later than* November 10, 2024**.  *See* Standing Order at 6:19-22.  But Plaintiffs did **not** file a motion for class certification by that date—and, in fact, they did not initiate any required conferral pursuant to L.R. 7-3 for such a motion, and they have never even *initiated* written discovery regarding their individual *or* putative class action claims in this action. Declaration of Matthew C. Kane ("Kane Decl."), ¶ 7.

On December 27, 2024, MFS sent Plaintiffs a conferral letter pursuant to L.R. 7-3 detailing the grounds on which this Motion would be brought.  Kane Decl., ¶ 3 & Exh. A.  In response, Plaintiffs refused to amend their FAC to dismiss their putative class action allegations based on their wholly unsupported arguments that discovery and Plaintiffs' class certification deadline were somehow stayed by the Court's MCC Order—which was issued *before* the Court entered its Order Setting Scheduling Conference and *before* the parties held their required conference of counsel pursuant to Rule 26.  *Id.*, Exh. B.

On January 6, 2025 – just *6 days* after refusing to amend their FAC to dismiss their putative class action allegations – Plaintiffs filed a Request for Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (the "RFD").[5]  Dkt.

---

[5] *Two days later*, on January 8, 2025, and only after MFS initiated a conferral with Plaintiffs regarding this Motion and while their RFD was pending, Plaintiffs issued a deposition notice to MFS pursuant to Fed. R. Civ. P. 30(b)(6) purporting to notice MFS's deposition on patently objectionable topics for January 21, 2025.  Kane Decl., ¶ 6 & Exh. C.  To date, Plaintiffs have never served any written discovery regarding their putative class action or individual claims under California law. *Id.*, ¶ 7.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

#106.  On January 7, 2025, MFS filed its response to Plaintiffs' RFD, arguing that if the Court dismisses Plaintiffs' state law claims, under the circumstances presented, any such dismissal of Plaintiffs' individual state law claims should be with prejudice and the issue of attorneys' fees and costs should be decided by the Court pursuant to applicable law.  Dkt. #107.  Plaintiffs submitted a "Reply" thereto later that same day, reiterating their desire to dismiss the action, but without prejudice.  Dkt. #108.  On January 10, 2025, the Court denied Plaintiffs' RFD and ordered MFS to file this Motion by no later than January 24, 2025.  Dkt. #109.

On January 14, 2025, Plaintiffs' counsel changed their tune somewhat, belatedly advising MFS's counsel that Plaintiffs do <u>not</u> intend to pursue their class action claims. Kane Decl., ¶ 8 & Exh. D.  However, Plaintiffs have not proposed a further amended complaint to limit their claims to only individual claims, and, as noted above, on January 8, 2025, they propounded eleventh-hour discovery directed to their putative class action claims and on January 14, 2025, their counsel reiterated their intent to proceed with that discovery.  *Id.*

## III.    PLAINTIFFS SHOULD BE REQUIRED TO AMEND THEIR FAC TO ELIMINATE ALL PUTATIVE CLASS ACTION ALLEGATIONS OR ALL SUCH ALLEGATIONS SHOULD BE ORDERED STRICKEN

### A.    THE COURT HAS THE AUTHORITY TO REQUIRE AMENDMENT OF THE FAC TO ELIMINATE OR TO STRIKE PLAINTIFFS' PUTATIVE CLASS ACTION ALLEGATIONS THEREFROM

Under Rule 23(d)(1)(D), a court may issue an order to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  Rule 23(d)(1)(D) allows a court to "give clear definition" to a class action and "determine as early in the proceedings as practicable" whether class allegations can be maintained.  Fed. R. Civ. P.  23(3)(1)(D) advisory committee's note to 1966 amendment.  Additionally, Rule 23(c)(1)(A) requires the consideration of class certification issues "at as early practicable time after a person sues or is sued as a class representative[.]"  The basis for this rule is obvious:  "Fundamental fairness, as well as the orderly administration of justice requires that defendants haled into court

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages." *McCarthy v. Kleindienst*, 741 F.2d 1406, 1411-12 (D.C. Cir. 1984).

Additionally, Fed. R. Civ. P. 12(f) ("Rule 12(f)") authorizes a court to strike a pleading or any portion thereof on its own motion *at any time*. *See, e.g.*, *Corr. USA v. Dawe*, 504 F.Supp.2d 924, 930 (E.D. Cal. 2007) ("The court, however, may make appropriate orders to strike under the rule at any time on its own initiative."). Under Rule 12(f), the Court may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "A motion to strike is properly granted where the plaintiff seeks a form of relief that is not available as a matter of law." *Rocha v. Yoshinoya W., Inc.*, 2007 WL 8398819, at *6 (C.D. Cal. Jan. 8, 2007) (Morrow, J.) (striking class allegations from complaint for failure to bring timely motion for class certification).

## B.    PLAINTIFFS CANNOT PURSUE THEIR PUTATIVE CLASS ACTION CLAIMS BECAUSE THEY NEVER MOVED FOR RULE 23 CLASS CERTIFICATION

Plaintiffs' deadline to file their motion for Rule 23 class certification expired ***over two months ago***. Their failure to do so is, in and of itself, a valid basis to require that their FAC be amended to eliminate the putative class action allegations and/or to strike those allegations.

For example, in *Burkhalter v. Montgomery Ward and Co., Inc.*, 676 F.2d 291 (8th Cir. 1982), the district court directed the plaintiff to file his motion for class certification by November 1, 1979. *Id.* at 294. However, by January 10, 1980, he had failed to do so. *Id.* "As a result, the court struck the class allegations from the complaint." *Id.* The Eighth Circuit recognized that "the district court had the power to establish reasonable times for the filing of documents and if those deadlines were not met, the court had the discretion to dismiss all or part of the suit." *Id.* The plaintiff had over two months to file his motion for class certification (which was even less time than the Court afforded Plaintiffs here), but he failed to do so. *See id.* As such, the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

dismissal of the class allegations was proper in *Burkhalter*—and it is similarly proper here. *Id.* at 294-295.

To that point, the Court entered its Scheduling Order on August 2, 2024. Dkt. #79. The Scheduling Order *expressly states* that "[t]he motion hearing cutoff date applies to all nondiscovery motions <u>except</u>: (1) <u>motions for class certification</u>, ***which shall be filed in accordance with the deadline set forth in the Court's Civil Standing Order*** …." *Id.* at 2:5-8 (emph. added). The Court's Civil Standing Order, in turn, states that "plaintiff(s) shall file a motion for class certification no later than 100 days from the date of the scheduling conference. This deadline will be continued only upon a showing of due diligence and good cause." Standing Order at 6:19-23.

Conservatively using the later date on which the Scheduling Order was entered (rather than the earlier date on which the Scheduling Conference was originally scheduled to take place), Plaintiffs' deadline to file their motion for class certification was *no later than* **November 10, 2024**. *See* Dkt. #79 at 2:5-8 & Standing Order at 6:19-22. But they did not file a motion for class certification by that date—nor did they ever seek an extension of their deadline to do so. *See, e.g.*, *Grandson v. Univ. of Minn.*, 272 F.3d 568, 574 (8th Cir. 2001) (district court did not abuse its discretion in striking plaintiffs' class allegations where plaintiffs provided no credible excuse for their failure to timely seek certification or request for an extension before their deadline to do so).

As noted above, Rule 23(d)(1)(D) allows a court to "give clear definition" to a class action and "determine as early in the proceedings as practicable" whether class allegations can be maintained. Because Plaintiff failed to raise the issue of class certification, and Rule 23(c)(1)(A) requires the consideration of class certification issues "at as early practicable time after a person sues or is sued as a class representative," it falls to MFS to raise the issue with the Court now. Plaintiffs' deadline to file their motion for class certification expired ***over two months ago***, and their failure to move for class certification is a valid basis <u>on its own</u> to require that

their putative class action allegations be eliminated by amendment or stricken.  *See, e.g.*, *Keating v. Nordstrom, Inc.*, 2019 WL 7160382, at *3 & n.25 (D. Alaska Dec. 4, 2019) (citing cases) ("Courts routinely strike class allegations where plaintiffs failed to comply with class certification motion deadlines."); *Gray v. Marathon Petroleum Logistics Servs., LLC*, 2021 WL 2808695, at *3 (C.D. Cal. July 2, 2021) (Walter, J.) (dismissing class allegations based on plaintiff's failure to timely file a motion for class certification).

Not only did Plaintiffs fail to file their motion for class certification, but they have not been diligent in pursuing their putative class action claims.  To that point, notwithstanding that their FAC was filed *some ten months ago* in March 2024, they have never *initiated* written discovery regarding their individual *or* putative class action claims in this action.  Kane Decl., ¶ 7.  Plaintiffs served a single deposition notice on January 8, 2025—only *after* MFS sought to confer with them about this Motion and *after* they had filed their RFD asking the Court to dismiss their claims against MFS.  *Id.*, ¶ 5 & Exh. C.  In short, apart from parroting the requirements of Rule 23 in their FAC, *see* Dkt. #24, ¶¶ 67-77, Plaintiffs have done *nothing* to properly represent the interests of putative class members with respect to their purported class action claims under California state law.  Their "lack of due diligence is a strong indication that [they] and [their] attorneys will not 'fairly and adequately protect the interests of the class.'"  *Robertson v. FedEx Nat. Ltl, Inc.*, 2010 WL 10020690, at *6 (C.D. Cal. Jan. 5, 2010) (Fischer, J.).  "For this reason, courts regularly refuse to certify a class where plaintiffs delay in seeking certification."  *Id.*[6]

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[6] *See also, e.g.*, *Sterling v. Envtl. Control Bd. Of City of New York*, 793 F.2d 52, 58 (2d Cir. 1986) ("[A] party's failure to move for class certification until a late date is a valid reason for denial of such a motion."); *Rocha*, 2007 WL 8398819, at *3 (citing cases) ("There are strong … policy concerns [implicated when a plaintiff fails to file a timely certification motion]. Plaintiffs' failure to seek class certification in a timely fashion is a strong 'indic[ation] that plaintiffs are not adequately and fairly representing the interests of the absent class.'"); *Weiss v. La Suisse*, 161 F.Supp.2d 305, 319 (S.D.N.Y. 2001) ("Assuming *arguendo* that class certification would be appropriate, I am constrained to deny the motion because of plaintiffs' tardiness in making it.").

"Fundamental fairness toward defendants also counsels ***against*** leniency for plaintiffs who fail to move for class certification in a timely fashion." *Rocha*, 2007 WL 8398819, at *3 (emph. added). The *McCarthy* court observed that "defendants are entitled to ascertain at the earliest practicable moment whether they will be facing a limited number of known, identifiable plaintiffs or whether they will instead be facing a much larger mass of generally unknown plaintiffs." *McCarthy*, 741 F.2d at 1411-12. In addition, delay may undercut the judicial efficiency class actions are designed to achieve. *Id.* at 1412 (noting that the rules regarding the timely filing of class certification motions "foster the interests of judicial efficiency, as well as the interests of the parties, by encouraging courts to proceed to the merits of a controversy as soon as practicable"). As such, in *McCarthy*, "it was within the District Court's broad discretion to rely upon the untimeliness of the class certification motion, and the unfavorable consequences caused by the delay, as grounds for denying certification." *Id.*; *see also Rocha*, 2007 WL 8398819, at *6 (denying plaintiffs leave to file a belated certification motion and striking class allegations from complaint).

Because Plaintiffs failed to file a timely motion for class certification, "there is no set of circumstances under which plaintiffs could succeed on their putative class claims." *Rocha*, 2007 WL 8398819, at *6. As such, Plaintiffs should be required to amend their FAC to eliminate the putative class action allegations therein pursuant to Rule 23(d)(1)(D), *see, e.g.*, *Bantolina v. Aloha Motors, Inc.*, 75 F.R.D. 26, 31 (D. Haw. 1977) ("Rule [23(d)(1)(D)] provides a procedure to purge a complaint and action of an improper class action without 'dismissing' the … action."), and/or the Court should strike those allegations pursuant to Rule 12(f), *see, e.g.*, *Grandson*, 272 F.3d at 574 (district court did not abuse its discretion by striking class allegations where plaintiffs failed to move for class certification in a timely fashion); *Burkhalter*, 676 F.2d at 294 (affirming the district court's decision to strike class allegations for failure to file a motion for class certification by the court-ordered deadline). Plaintiffs' claims should proceed, if at all, only on an individual basis.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S MOTION TO REQUIRE AMENDMENT OF PLAINTIFFS' FAC TO ELIMINATE PUTATIVE CLASS ACTION ALLEGATIONS AND/OR FOR AN ORDER STRIKING THE SAME

**IV.    CONCLUSION**

For all of the foregoing reasons, MFS respectfully requests that the Court grant this Motion in its entirety.

Dated:  January 17, 2025          **BAKER & HOSTETLER LLP**

By:   */s/ Matthew C. Kane*
                Matthew C. Kane
                Sylvia J. Kim
                Amy E. Beverlin
                Kerri H. Sakaue

                Attorneys for Defendant
                McLANE FOODSERVICE, INC.

**<u>CERTIFICATION</u>**

The undersigned, counsel of record for Defendant, hereby certifies that this brief contains 3,592 words, which complies with the word limit of L.R. 11-6.1.

                */s/ Matthew C. Kane*
                Matthew C. Kane

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## DECLARATION OF MATTHEW C. KANE

I, MATTHEW C. KANE, declare as follows:

1.     I am an attorney duly admitted to practice before this Court.  I am a Partner with Baker & Hostetler LLP, attorneys of record for Defendant McLane Foodservice, Inc. ("MFS").   I make this declaration in support of MFS's Motion to Require Amendment of Plaintiffs' First Amended Complaint to Eliminate Putative Class Allegations or, Alternatively, for an Order Striking the Same (the "Motion").  I have personal knowledge of all that is set forth herein and, if called upon to testify, I could and would do so competently.

2.     On December 20, 2024, MFS served each of Plaintiffs with deposition notices, setting their depositions for January 23 and 24, 2025, respectively, and with MFS's identical Second Sets of Interrogatories, Requests for Admission, and Requests for Production of Documents.  Plaintiffs' responses thereto are due not later than January 21, 2025.  *See* Fed. R. Civ. P. 6.  MFS served this discovery to prepare its motion for summary judgment on Plaintiffs' state law claims pending in this action, which must be heard by April 17, 2024.  *See* Dkt. #79 (Scheduling Order).

3.     On December 27, 2024, pursuant to L.R. 7-3, I sent a letter to Plaintiffs' counsel detailing the grounds for MFS's then-contemplated motion to require amendment of Plaintiffs' First Amended Complaint ("FAC") to eliminate Plaintiffs' putative class action allegations or for an order striking the same.  A true and correct copy of my December 27, 2024, letter is attached hereto as **Exhibit A**.  As set forth therein, MFS's then-contemplated motion was to be based on Plaintiffs' failure to file a motion for class certification by the deadline set by the Court's Scheduling and Standing Orders, which was no later than November 10, 2024.

4.     On December 31, 2024, Plaintiffs' counsel responded to my L.R. 7-3 letter via email.   In their response, Plaintiffs' counsel seemingly disputed that Plaintiffs' class certification deadline had elapsed and refused to amend the FAC to eliminate the class allegations.   A true and correct copy of Plaintiffs' counsel's

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

December 31, 2024 email is attached hereto as **Exhibit B**.

5.    On January 6, 2025 – just *6 days* after refusing to amend their FAC to dismiss their putative class action allegations – Plaintiffs filed a Request for Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (the "Dismissal Request").  Dkt. #106.    On January 7, 2025, MFS filed a response the Dismissal Request, and Plaintiffs filed a "Reply" thereto that same day. *See* Dkt. #107, #108.  On January 10, 2025, the Court denied Plaintiffs' Dismissal Request and ordered MFS to file the Motion by no later than January 24, 2025.  Dkt. #109.

6.    On January 8, 2024, two days after Plaintiffs had filed their Dismissal Request and while that request was pending with the Court, Plaintiffs served MFS with a Notice of Taking Fed. R. Civ. P. 30(b)(6) Deposition (the "Deposition Notice"), purporting to notice MFS's deposition on patently objectionable topics related to their putative class action claims for January 21, 2025.  A true and correct copy of Plaintiffs' Deposition Notice is attached hereto as **Exhibit C**.

7.    Other than the belatedly served Deposition Notice, Plaintiffs have never served any written discovery on MFS regarding their individual *or* putative class action claims in this action.  Plaintiffs have also never initiated the required conferral pursuant to L.R. 7-3 for a motion for class certification.

8.    On January 14, 2025, Plaintiffs' counsel belatedly advised MFS's counsel by email that Plaintiffs do not intend to pursue their class action claims, and a true and correct copy of the email is attached hereto as **Exhibit D**.  However, Plaintiffs have not proposed a further amended complaint to limit their claims to only individual claims, and, as noted above, on January 8, 2025, they had propounded eleventh-hour discovery directed to their putative class action claims, and as reflected in their January 14, 2025 email, their counsel has reiterated their intent to proceed with that discovery.

///

///

///

1     I declare under penalty of perjury under the laws of the State of California that

2  the foregoing is true and correct.

3     Executed January 17, 2025, at Los Angeles, California.

4

5                           _/s/ Matthew C. Kane_____
                           MATTHEW C. KANE

6

14

# BakerHostetler

**Baker&Hostetler** LLP

1900 Avenue of the Stars
Suite 2700
Los Angeles, CA  90067-4301

T  310.820.8800
F  310.820.8859
www.bakerlaw.com

Matthew C. Kane
direct dial: 310.442.8818
mkane@bakerlaw.com

December 27, 2024

**VIA EMAIL**

Aashish Y. Desai
Adrianne De Castro
**Desai Law Firm, P.C.**
3200 Bristol Street, Suite 650
Costa Mesa, CA 92626
aashish@desai-law.com
adrianne@desai-law.com

> **Re:**     ***Jordan Orozco Madero, et al. v. McLane Foodservice, Inc.***
> **U.S.D.C. Central District Case No. 5:24-cv-00073-KK-DTB**

Dear Counsel:

Pursuant to Local Rule 7-3, we write on behalf of Defendant McLane Foodservice, Inc. ("MFS") to initiate a meet and confer with Plaintiffs Jordan Orozco Madero and Esteban Orosco about MFS's intended motion to require amendment of the First Amended Complaint ("FAC") to eliminate Plaintiffs' putative class action allegations or for an order striking the same (the "Motion"). The grounds for the Motion, as presently contemplated, are set forth herein.

On August 2, 2024, the Court entered its Civil Trial Scheduling Order (the "Scheduling Order") [Dkt. #79], in which it set a motion hearing cut-off date of April 17, 2025. <u>However</u>, the Scheduling Order *expressly states* that "[t]he motion hearing cutoff date applies to all nondiscovery motions <u>except</u>: (1) <u>motions for class certification</u>, *which shall be filed in accordance with the deadline set forth in the Court's Civil Standing Order*…." Dkt. #79 at 2:5-8 (emph. added). Per the Court's Civil Standing Order, "plaintiff(s) shall file a motion for class certification no later than 100 days from the date of the scheduling conference. This deadline will be continued only upon a showing of due diligence and good cause." Standing Order at 6:19-23.[1]

---

[1] The Court's Civil Standing Order was filed in this action on January 19, 2024 [Dkt. #9]. However, on April 25, 2024, the Court entered a text-only order advising the parties that it had "updated its procedures in civil cases" and directing the parties to the Court's updated Civil Standing Order available on the Court's website at https://www.cacd.uscourts.gov/sites/default/files/documents/KK/AD/KK%20Civil%20Standing%20Order.pdf. *See* Dkt. #30.

Atlanta     Chicago     Cincinnati     Cleveland     Columbus     Dallas     Denver     Houston     Los Angeles
New York     Orange County     Orlando     Philadelphia     San Francisco     Seattle     Washington, DC     Wilmington

Aashish Y. Desai
Adrianne De Castro
December 27, 2024
Page 2

On July 19, 2024, the Court vacated the Scheduling Conference in this action, originally scheduled for July 25, 2024.  *See* Dkt. #47, #71.  Instead, the Court issued its Scheduling Order on August 2, 2024.  Conservatively using the date on which the Scheduling Order was entered (rather than the date on which the Scheduling Conference was originally scheduled to take place), Plaintiffs' deadline to file their motion for class certification pursuant Fed. R. Civ. P. 23 ("Rule 23") was no later than **November 10, 2024**.  *See* Standing Order at 6:19-22.  But Plaintiffs did not file a motion for class certification by that date—and, in fact, they did not initiate any required conferral pursuant to L.R. 7-3 for such a motion, and they have not even *initiated* discovery regarding their individual *or* putative class action claims in this action.

Under Rule 23(d)(1)(D), a court may issue an order to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  Rule 23(d)(1)(D) allows a court to "give clear definition" to a class action and "determine as early in the proceedings as practicable" whether class allegations can be maintained.  Fed. R. Civ. P.  23(3)(1)(D) advisory committee's note to 1966 amendment.  Additionally, Rule 23(c)(1)(A) requires the consideration of class certification issues "at as early a practicable time after a person sues or is sued as a class representative[.]"  The basis for this rule is obvious: "Fundamental fairness, as well as the orderly administration of justice requires that defendants haled into court not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages."  *McCarthy v. Kleindienst*, 741 F.2d 1406, 1411-12 (D.C. Cir. 1984).

Here, Plaintiffs' deadline to file their motion for class certification expired ***well over one month ago***, and their failure to timely move for class certification is, in and of itself, a valid basis to require that their FAC be amended to eliminate the putative class action allegations or for the Court to enter an order striking the same.  *See, e.g.*, *Burkhalter v. Montgomery Ward and Co., Inc.*, 676 F.2d 291 (8th Cir. 1982) (affirming district court's striking of class allegations because of the plaintiff's failure to comply with court order setting deadline for filing of motion for class certification); *Grandson v. Univ. of Minn.*, 272 F.3d 568, 574 (8th Cir. 2001) (district court did not abuse its discretion in striking plaintiffs' class allegations because they provided no credible excuse for their failure to timely file a class certification motion or request for an extension before the deadline set forth in the local rules); *Keating v. Nordstrom, Inc.*, 2019 WL 7160382, at *3 & n.25 (D. Alaska Dec. 4, 2019) (citing cases) ("Courts routinely strike class allegations where plaintiffs failed to comply with class certification motion deadlines."); *Gray v. Marathon Petroleum Logistics Servs., LLC*, 2021 WL 2808695, at *3 (C.D. Cal. July 2, 2021) (Walter, J.) (dismissing class allegations based on plaintiff's failure to timely file a motion for class certification).[2]

---

[2] *See also, e.g.*, *Sterling v. Envtl. Control Bd. Of City of New York*, 793 F.2d 52, 58 (2d Cir. 1986) ("[A] party's failure to move for class certification until a late date is a valid reason for denial of such a motion."); *Robertson v. FedEx Nat. Ltl, Inc.*, 2010 WL 10020690, at *6-7 (C.D. Cal. Jan. 5, 2010) (Fischer, J.) (striking class allegations from complaint) ("Plaintiff's lack of due diligence is a strong indication that he and his attorneys will not 'fairly and adequately protect the interests of the class.' … For this reason, courts regularly refuse to certify a class where plaintiffs delay in seeking certification.").

Aashish Y. Desai
Adrianne De Castro
December 27, 2024
Page 3

* * * * *

Please let us know by close of business on __January 3, 2025__ whether Plaintiffs will amend their FAC to eliminate their putative class action allegations, or when you would like to further discuss the intended Motion on or before that date.  If we do not hear from you by close of business on January 3, 2025, we will assume that Plaintiffs refuse to do so, and MFS will proceed to file its contemplated Motion.

Thank you for your attention to and consideration of the foregoing.  Nothing herein is intended or should be construed as any type of express or implied waiver or limitation of any of MFS's rights, claims, remedies, or defenses in connection with this matter, all of which are hereby fully and expressly reserved, or as any type of express or implied admission of any fact or matter in connection with this matter, all of which are hereby expressly, generally, and specifically denied and disputed.

Sincerely,

BAKER & HOSTETLER LLP

Matthew C. Kane

cc:    Sylvia J. Kim
       Amy E. Beverlin
       Kerri H. Sakaue

**EXHIBIT B**

| | |
|---|---|
| **From:** | adrianne desai-law.com |
| **To:** | Kane, Matthew |
| **Cc:** | aashish desai-law.com; Kane, Matthew; Kim, Sylvia; Beverlin, Amy; Sakaue, Kerri; Patton, Tyler; sonia desai-law.com |
| **Subject:** | Re: Jordan Orozco Madero, et al. v. McLane Foodservice, Inc. |
| **Date:** | Tuesday, December 31, 2024 3:52:29 PM |

[External Email: Use caution when clicking on links or opening attachments.]

Dear Matt –

We write in response to your December 27 meet and confer.  We will not amend our complaint to eliminate the class allegations.

First, as McLane well knows, per its own request, the Court stayed any ruling (and therefore any discovery) on Plaintiffs' motion for conditional certification. The Court ordered the parties to first adjudicate and conduct discovery on the issue of the McLane's motor carrier exemption defense which they did over the course of several months.  Given the Court's order limiting discovery on this issue, Plaintiffs did not and could not conduct discovery on either their FLSA collective action claims or any class claims.   This would be procedurally backwards and pointless since the Court expressly phased the litigation to address McLane's defense first. This is the exact phasing that McLane requested.

Second, when the Court ultimately ruled on the parties' cross-motions for summary judgment and granted Defendant's motion, it asked the parties to brief the issue of "why this court should retain jurisdiction over the instant action."  Doc. 97.  Per the Court's order, the parties submitted briefing by October 24, exhibiting that we disagree as to whether the Court even has jurisdiction over this case.  The Court has still not ruled on this issue.

For these reasons, McLane's anticipated motion is wholly improper and per the Court's standing order, the Court effectively continued the deadline for filing the motion for class certification by staying any ruling on the Motion for Conditional Certification. The Court phased the discovery to focus on McLane's defense and issued a 120-day stay on the motion for conditional certification that was even extended through the end of July and has technically, not been lifted by this Court.  This stay has prevented Plaintiffs from conducting class discovery in any timely matter.  This is especially so since the Court did not rule on the McLane's exemption defense until October 17, less than a month before any class certification motion needed to be filed.  And more importantly, the Court's jurisdiction over this matter and any class claims remains undecided and unclear.   Thus, it would be a waste of judicial resources and time to conduct discovery and file a motion in a Court that no longer has jurisdiction over this matter.

To clarify matters for all the parties, we are willing to file a joint request for ruling on the issue of jurisdiction.  Please let me know if you'd like to do this and we can prepare something.

Regards,

Adrianne

**Adrianne De Castro**
Senior Associate

**EXHIBIT B**

EXHIBIT B

**Costa Mesa Office**
3200 Bristol Street, Suite 650 | Costa Mesa, CA 92626
T (949) 614-5830 | F (949) 271-4190

**Austin Office**
2025 Guadalupe Street, Suite 260 | Austin, TX 78705
T (512) 370-4023 | F (512) 687-3499

**desai-law.com**

CONFIDENTIALITY NOTICE: The information in this e-mail (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

On Dec 27, 2024, at 3:03 PM, Patton, Tyler <tpatton@bakerlaw.com> wrote:

Counsel,

Please see attached correspondence.

**Tyler Patton**
Legal Secretary

<image001.png>
1900 Avenue of the Stars | Suite 2700
Los Angeles, CA 90067-4301
T +1.310.442.8894

tpatton@bakerlaw.com
bakerlaw.com
<image002.png>

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost,

EXHIBIT B

EXHIBIT B

destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

&lt;2024.12.27 LR 7-3 Letter re Motion to Require Amendment or to Strike.pdf&gt;

EXHIBIT B

EXHIBIT C

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol Ave., Suite 650
Costa Mesa, CA 92626
Tel:  (949) 614-5830
Fax:  (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN OROZCO MADERO and ESTEBAN OROSCO on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>McLANE FOODSERVICE, INC., a Texas Corporation, and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. 5:24-cv-00073-KK-DTB<br><br>Hon. Kenly Kiya Kato<br><br>**PLAINTIFFS' NOTICE OF TAKING FED. R CIV. P. 30(b)(6) DEPOSITION**<br><br><br>          <u>**DATE OF DEPOSITION**</u>:<br><br>**Date:**   January 21, 2025<br>**Time:**   10:00 a.m. (PT)<br>**Place:**   Desai Law Firm, P.C.<br>          3200 Bristol Street Ste. 650<br>          Costa Mesa, CA 92626 |

EXHIBIT C

EXHIBIT C

TO DEFENDANTS [DEFENDANTS], AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant, through its designated agent(s).

The deposition will commence on **January 21, 2025, at 10:00 a.m**., at DESAI LAW FIRM, P.C., 3200 Bristol St., Suite 650, Costa Mesa, CA 92626. Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify and are most knowledgeable and competent to testify regarding the matters designated below.  The following shall apply to the instant depositions(s):

## I.    DEFINITIONS AND INSTRUCTIONS

Except as otherwise defined or broadened in this notice of deposition, Plaintiff incorporates by reference the definitions set forth in Fed. R. Civ. P. 26 and 30.

1. Unless otherwise indicated, the terms "Defendant" is used to include all entities, trade names, and subsidiaries operating businesses owned by Defendant.

2. Unless otherwise indicated, the term "Plaintiffs" refers to the named Plaintiffs and all putative class members.

3. Unless otherwise indicated, the term "truck drivers" or "drivers" shall mean Defendant's drivers employed in the capacity of truck driver and any other similarly-designated title or similarly-situated person.

## II.    MATTERS DESIGNATED FOR DEPOSITION TESTIMONY

Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant is hereby directed to designate one or more officers, directors,

EXHIBIT C

EXHIBIT C

managing agents, or other persons who consent to testify and are most knowledgeable and competent to testify regarding the following matters:

1.  Defendant's practices, policies, procedures, guidelines, and rules regarding its truck drivers' use of their personal cell phones and any reimbursement for such use, including but not limited to the creation, implementation, and enforcement of such practices, policies, procedures, guidelines, and rules;

2.  Defendant's compensation practices, policies, procedures, guidelines, and rules with regard to Defendant's truck drivers, including but not limited to the creation, implementation, and enforcement of such practices, policies, procedures, guidelines, and rules;

3.  Defendant's documentation of and record-keeping policies with respect to its drivers' compensation during the liability period;

4.  Defendant's practices, policies, procedures, guidelines, and rules with regard to Defendant's truck drivers' paystubs during the liability period;

5.  The factual basis supporting any and all affirmative defenses raised in Defendant's Answer to the First Amended Complaint in this matter.

Dated: January 8, 2025                     DESAI LAW FIRM, P.C.


                                By:_____/s/ Aashish Y. Desai_____
                                    Aashish Y. Desai
                                    Adrianne De Castro
                                    Attorneys for Plaintiffs

EXHIBIT C

EXHIBIT C

# PROOF OF SERVICE
## C.C.P. §§ 1013A and 2015.5

STATE OF CALIFORNIA, COUNTY OF ORANGE

  I am employed in the county of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3200 Bristol Street, Ste. 650, Costa Mesa, California 92626.

  On January 8, 2025, I served the foregoing document described as **PLAINTIFFS' NOTICE OF TAKING FRCP 30(b)(6) DEPOSITION** on the interested parties in this action by sending a true copy thereof via e-mail to the addresses listed below:

**Counsel for Defendant McLane Foodservice, Inc.:**
**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829 , *mkane@bakerlaw.com*
Amy E. Beverlin, SBN 284745, abeverlin@bakerlaw.com
Kerri H. Sakaue, SBN 301043, *ksakaue@bakerlaw.com*
Sylvia J. Kim, SBN 258363, *sjkim@bakerlaw.com*

**[ ] BY MAIL** – I deposited such envelope in the mail at Costa Mesa, California. The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ X ] BY E-MAIL OR ELECTRONIC TRANSMISSION –** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail address above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

         /s/ *Sonia Nava*
         SONIA NAVA

EXHIBIT C

EXHIBIT D

| | |
|---|---|
| **From:** | adrianne desai-law.com |
| **To:** | Kane, Matthew; Sakaue, Kerri |
| **Cc:** | Beverlin, Amy; Kim, Sylvia; aashish desai-law.com; sonia desai-law.com |
| **Subject:** | McLane: Depos and Hearings Next Week |
| **Date:** | Tuesday, January 14, 2025 4:26:22 PM |

[External Email: Use caution when clicking on links or opening attachments.]

Dear Matt and All —

I am writing regarding a few matters.

**First,** I am writing to confirm the depositions we have next week:

1) Tuesday, 1/21 at 10a,: Deposition of McLane's corporate witness at our office
2) Thursday, 1/23 at 9:30am: Deposition of Esteban Orosco at B&H
3) Friday, 1/24 at 9:30am: Deposition of Jordan Madero at B&H

On Thursday, 1/23, we all have a status conference and hearings on your two motions in the McLane State case at 2:00pm. I assume you all are ok with us taking a break at this time so we can attend the conference and hearing virtually.

**Second,** in light of the Court's Order, we do not intend to move forward with our class claims and will move forward with our clients' individual state law Labor Code claims.

Regards,
Adrianne


**Adrianne De Castro**
Senior Associate



**Costa Mesa Office**
3200 Bristol Street, Suite 650 | Costa Mesa, CA 92626
T (949) 614-5830 | F (949) 271-4190

**Austin Office**
2025 Guadalupe Street, Suite 260 | Austin, TX 78705
T (512) 370-4023 | F (512) 687-3499

**desai-law.com**

CONFIDENTIALITY NOTICE: The information in this e-mail (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

EXHIBIT D