**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829
Amy E. Beverlin, SBN 284745
Kerri H. Sakaue, SBN 301043
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:  310.820.8859
Emails:   mkane@bakerlaw.com
          abeverlin@bakerlaw.com
          ksakaue@bakerlaw.com

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:  415.659.2600
Facsimile:  415.659.2601
Email:   sjkim@bakerlaw.com

Attorneys for Defendant
McLANE FOODSERVICE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JORDAN OROZCO MADERO and ESTEBAN OROSCO on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

McLANE FOODSERVICE, INC., a Texas Corporation, and DOES 1-10, inclusive,

Defendants.

CASE NO. 5:24-cv-00073-KK-DTB

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO REQUIRE AMENDMENT OF PLAINTIFFS' FIRST AMENDED COMPLAINT TO ELIMINATE PUTATIVE CLASS ACTION ALLEGATIONS AND/OR FOR AN ORDER STRIKING THE SAME:**

**(1) MEMORANDUM OF POINTS AND AUTHORITIES**

**(2) SUPPLEMENTAL DECLARATION OF MATTHEW C. KANE**

**Date:   February 20, 2025**
**Time:   9:30 a.m.**
**Ctrm.:  3**
**Judge:  Hon. Kenly Kiya Kato**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................... ii

I.      INTRODUCTION .......................................................................................... 1

II.     PLAINTIFFS YET AGAIN EMPLOY REVISIONIST HISTORY TO DISTRACT FROM THEIR FAILURE TO PROSECUTE THIS ACTION ........................................................................................................ 2

III.    PLAINTIFFS DO NOT DISPUTE THAT THEY CANNOT PURSUE THEIR STATE LAW CLAIMS ON A CLASS ACTION BASIS, AND THUS, ANY PUTATIVE CLASS ACTION ALLEGATIONS SHOULD BE ELIMINATED BY REQUIRED AMENDMENT OR STRICKEN ........................................................................................................ 4

IV.     THE COURT HAS ALREADY FOUND THAT IT HAS JURISDICTION OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS, AND PLAINTIFFS PROFFER NO EVIDENCE TO THE CONTRARY ...................................................................................................... 6

        A.   MFS PROPERLY USED 100% VIOLATION RATES FOR EACH ALLEGED LABOR CODE VIOLATION INCLUDED IN CALCULATING THE AMOUNT IN CONTROVERSY ON PLAINTIFFS' INDIVIDUAL CLAIMS ........................................................................................ 6

        B.   MFS PROPERLY INCLUDED FUTURE ATTORNEYS' FEES IN CALCULATING THE AMOUNT IN CONTROVERSY ON PLAINTIFFS' INDIVIDUAL CLAIMS ....................................................... 10

        C.   MFS PROPERLY INCLUDED WAITING TIME PENALTIES IN CALCULATING THE AMOUNT IN CONTROVERSY ON PLAINTIFFS' INDIVIDUAL CLAIMS ....................................................... 12

        D.   DISMISSAL OF PLAINTIFFS' FLSA CLAIM DID NOT DIVEST THE COURT OF JURISDICTION OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS ................................................................. 13

V.      CONCLUSION ............................................................................................ 14

SUPPLEMENTAL DECLARATION OF MATTHEW C. KANE ....................... 16

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO REQUIRE AMENDMENT OF PLAINTIFFS' FAC TO ELIMINATE PUTATIVE CLASS ACTION ALLEGATIONS AND/OR FOR AN ORDER STRIKING THE SAME

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Federal Cases**

4

*Altamirano v. Shaw Indus., Inc.*,
5
    2013 WL 2950600 (N.D. Cal. June 14, 2013)..................................................8, 9

6

*Amaya v. Consolidated Container Co., LP*,
7
    2015 WL 4574909 (C.D. Cal. July 28, 2015)..........................................................10

8

*Archuleta v. Avcorp Composite Fabrication, Inc.*,
9
    2018 WL 6382049 (C.D. Cal. Dec. 6, 2018)...........................................................9

10

*Arnold v. DMG Mori USA, Inc.*,
11
    2022 WL 18027883 (N.D. Cal. Dec. 30, 2022) ....................................................11

12

*Bantolina v. Aloha Motors, Inc.*,
13
    75 F.R.D. 26 (D. Haw. 1977) ...................................................................................5

14

*Chavez v. JPMorgan Chase & Co.*,
    888 F.3d 413 (9th Cir. 2018) .........................................................................11, 12

15

*Corr. USA v. Dawe*,
16
    504 F.Supp.2d 924 (E.D. Cal. 2007) ......................................................................5

17

*Doe v. Mercy Catholic Med. Ctr.*,
18
    850 F.3d 545 (3d Cir. 2017) ..................................................................................14

19

*Fritsch v. Swift Transp. Co. of Arizona, LLC*,
20
    899 F.3d 785 (9th Cir. 2018) .................................................................................11

21

*Garcia v. Marriott Int'l, Inc.*,
22
    2024 WL 3183215 (C.D. Cal. June 26, 2024)......................................................11

23

*Gray v. Marathon Petroleum Logistics Servs., LLC*,
24
    2021 WL 2808695 (C.D. Cal. July 2, 2021)...........................................................6

25

*Hovsepian v. Apple, Inc.*,
    2009 WL 5069144 (N.D. Cal. Dec. 17, 2009).......................................................5

26

*Lopez v. Aeroteck, Inc.*,
27
    2015 WL 2342558 (C.D. Cal. May 14, 2025).......................................................10

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO REQUIRE AMENDMENT OF PLAINTIFFS' FAC TO ELIMINATE
PUTATIVE CLASS ACTION ALLEGATIONS AND/OR FOR AN ORDER STRIKING THE SAME

*Mariscal v. Arizona Tile, LLC*,
  2021 WL 1400892 (C.D. Cal. Apr. 14, 2021) ......................................................9

*Martinez v. Morgan Stanley & Co. Inc.*,
  2010 WL 3123175 (S.D. Cal. Aug. 9, 2010) ......................................................7

*Mejia v. DHL Express (USA), Inc.*,
  2015 WL 2452755 (C.D. Cal., May 21, 2015) ..................................................10

*Moppin v. Los Robles Reg'l Med. Ctr.*,
  2015 WL 5618872 (C.D. Cal. Sept. 24, 2015) ...................................................9

*Multiple Energy Techs., LLC v. Casden*,
  2022 WL 16972482 (C.D. Cal. Nov. 16, 2022) ..................................................4

*Muniz v. Pilot Travel Ctrs. LLC*,
  2007 WL 1302504 (E.D. Cal. Apr. 30, 2007) ....................................................8

*Nunes v Home Depot U.S.A., Inc.*,
  2019 WL 4316903 (E.D. Cal. Sept. 12, 2019) ...................................................9

*Peralta v. Hisp. Bus., Inc.*,
  419 F.3d 1064 (9th Cir. 2005) ........................................................................14

*Ramirez v. Carefusion Res., LLC*,
  2019 WL 2897902 (S.D. Cal. July 5, 2019) .......................................................9

*Ramos v. Schenker, Inc.*,
  2018 WL 5779978 (C.D. Cal. Nov. 1, 2018) .....................................................9

*Roth v. Comerica Bank*,
  799 F.Supp.2d 1107 (C.D. Cal. 2010) ............................................................6, 7

*Royal Canin U.S.A., Inc. v. Wullschleger*,
  No. 23-677, --- U.S. ---, 2025 WL 96212 (Jan. 15, 2025)............................13, 14

*Salcido v. Evolution Fresh, Inc.*,
  2016 WL 79381 (C.D. Cal. Jan. 6, 2016) ..........................................................9

*Sherman v. Schneider Nat'l Carriers, Inc.*,
  2019 WL 3220585 (C.D. Cal. Mar. 6, 2019)....................................................11

*Trionfi v. San Bernardino Cnty.*,
  2025 WL 315749 (C.D. Cal. Jan. 28, 2025)......................................................14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

*Vasquez v. RSI Home Prods., Inc.*,
    2020 WL 6778772 (C.D. Cal. Nov. 12, 2020) ....................................................8

*Zinser v. Accufix Rsch. Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ........................................................................3

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ........................................................................4

**Federal Statutes**

28 U.S.C. § 1367 ...............................................................................................14

**State Statutes**

Cal. Lab. Code § 203 ...........................................................................................8

**Federal Rules**

Fed. R. Civ. P. 12(f) ............................................................................1, 2, 5, 6, 14

Fed. R. Civ. P. 12(f)(1) .........................................................................................5

Fed. R. Civ. P. 23 ................................................................................................5

Fed. R. Civ. P. 23(d)(1) ........................................................................................5

Fed. R. Civ. P. 23(d)(1)(D) ................................................................1, 2, 5, 6, 14

Fed. R. Civ. P. 26 ................................................................................................2

Fed. R. Civ. P. 26(d)(1) ....................................................................................2, 3

Fed. R. Civ. P. 30(b)(6) .....................................................................................16

**Federal Regulations**

49 CFR § 392.7 ...................................................................................................8

49 CFR § 392.8 ...................................................................................................8

49 CFR § 396.11 .................................................................................................8

49 CFR § 396.13 .................................................................................................8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO REQUIRE AMENDMENT OF PLAINTIFFS' FAC TO ELIMINATE
PUTATIVE CLASS ACTION ALLEGATIONS AND/OR FOR AN ORDER STRIKING THE SAME

# I.    INTRODUCTION

Plaintiffs' Opposition speaks with a forked tongue: on the one hand, they confirm that they do not intend to pursue their state law wage and hour claims on a class action basis, but on the other hand, they vehemently object to being required to amend their FAC to eliminate their putative class action allegations or otherwise have them stricken, as requested in this Motion.[1] And yet, they proffer *no* authority entitling them to maintain such allegations in this action when they have *indisputably* failed to seek class certification by the required deadline or otherwise. In contrast, MFS proffers authority—which Plaintiffs fail to even address—that their putative class action allegations are now immaterial and impertinent and must be purged from their FAC pursuant to Fed. R. Civ. P. 23(d)(1)(D) and/or Fed. R. Civ. P. 12(f), such that their remaining state law claims proceed *in this Court* only on an individual basis.

To that point, faced with the imminent expungement of their putative class action allegations, Plaintiffs improperly pivot to using their Opposition to rehash arguments put to rest by the Court's Order discharging its Order to Show Cause re: Subject Matter Jurisdiction (the "OSC") [Dkt. #97]. *See* Dkt. #105 (Notice and Order). However, in responding to the OSC, MFS met any burden it might have to prove that the amount in controversy on Plaintiffs' *individual* state law claims exceeds $75,000.[2] *See* Dkt. #103, #103-1, #103-2.  And of course, that is not even an issue before the Court given that Plaintiffs have not affirmatively moved to dismiss their claims for ostensible lack of subject matter jurisdiction or even engaged in the pre-filing conferral required to do so under L.R. 7-3. Tellingly, however, Plaintiffs do not proffer *any* alternative calculations, controverting evidence, or apposite authority to dispute the reasonableness of MFS's amount-in-controversy calculations it submitted in response to the OSC—which were based on its payroll, timekeeping, and employment data for

---

[1] Unless otherwise specifically defined herein, capitalized terms used in this Reply have the same meaning as defined in MFS's opening briefing.

[2] Plaintiffs' Opposition does not contest that the requisite diversity of citizenship exists.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   Plaintiffs and grounded in the allegations of their operative *and* initial complaints as
2   well as binding precedent.

3       For these reasons, as further discussed herein, the Court should enter an order
4   pursuant to Rule 23(d)(1)(D) and/or Rule 12(f) that requires Plaintiffs to amend their
5   FAC to eliminate their putative class action allegations and/or striking the same so that
6   this action can proceed in this Court accordingly.

## II. PLAINTIFFS YET AGAIN EMPLOY REVISIONIST HISTORY TO DISTRACT FROM THEIR FAILURE TO PROSECUTE THIS ACTION

9       At no point has MFS "proceeded as though there was a stay on the state law
10  claims while the Court adjudicated [its] MCA exemption defense."  Opp. at 1:27-28.
11  Instead, MFS has *repeatedly* maintained in its filings with the Court and its
12  communications with Plaintiffs that the Court's MCC Order [Dkt. #23] stayed ***only***
13  Plaintiffs' MCC. *See, e.g.*, Dkt. #107.[3]  It has also *repeatedly* stated its understanding
14  that the discovery stay under Rule 26 was terminated not later than July 11, 2024, when
15  the parties filed their Joint Rule 26(f) Report, *see* Dkt. #64, and certainly by August 2,
16  2024, when the Court entered its Scheduling Order, Dkt. #79.

17      Nowhere in the MCC Order did the Court ever state that it is staying discovery
18  in this action, nor do Plaintiffs cite or quote any such language.  *See* Opp. at 1-2.
19  Indeed, there would have been no reason for the Court to say it was staying discovery
20  in its MCC Order because, as of March 13, 2024, neither a Scheduling Conference had
21  been set by the Court nor had the parties engaged in a conferral pursuant to Rule 26.[4]
22  Accordingly, pursuant to Rule 26(d)(1), discovery was already stayed at least until the
23  parties' Rule 26(f) conference occurred—which was no later than July 11, 2024—and
24  the MCC Order lifted *that* stay to allow the parties to conduct discovery regarding

25  _____

26      [3] MFS presented a detailed discussion of the Court's orders pertaining to
    discovery and motion practice in this action thus far in response to Plaintiffs' since-
27  denied request for dismissal.  *See* Dkt. #107 at 3-6.

28      [4] The Court issued an order setting a Scheduling Conference on June 5, 2024.
    Dkt. #47.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiffs' MCA overtime exemption status.

There was simply no order by the Court that prevented Plaintiffs from conducting discovery regarding their individual or putative class action state law claims in this action once the Rule 26(d)(1) discovery stay terminated—and they have identified *none*. *See* Opp. at 1-2. Plaintiffs attempt to absolve themselves of their failure to prosecute their claims through feats of obfuscation by mischaracterizing MFS's own litigation conduct as demonstrating that it had "the same understanding" as Plaintiffs. But consistent with their systemic practice in this action, Plaintiffs' summation of MFS's litigation conduct predictably misrepresents the same. Indeed, contrary to Plaintiffs' assertions in their Opposition:

- On **August 15, 2024**, MFS noticed Plaintiffs' depositions to take place in August or September 2024, but Plaintiffs refused to show up for their depositions on the grounds that any such depositions should take place "after briefing on the MCA exemption [issue] was completed" to give them time to "prepare … for depos *on the labor code claims as well*"[5] (Opp. at 2:3-5 [misrepresenting that MFS did not notice Plaintiffs' depositions until December 2024]);

- MFS had no obligation to conduct written discovery on Plaintiffs' state law claims on any particular time table given that *Plaintiffs* have the burden of proving that a class should be certified[6] (Opp. at 2:6-7 [claiming MFS waited until December 2024 to serve written discovery]);

- MFS *twice* moved to dismiss Plaintiffs' state law claims, *see* Dkt. #11, #28, and in any event, MFS's deadline to move for summary judgment on Plaintiffs' state law claims has not elapsed, *see* Dkt. #79, and thus, it need not have made any such motion at this point in the action (Opp. at 2:8-9 [claiming MFS has not filed any summary judgment motions or motions to dismiss as to the state law claims]); and

- Plaintiffs noticed MFS's deposition *only for* topics related to the applicability of the MCA exemption,[7] and MFS was not obligated to have its corporate deponents testify about matters that were outside the scope of the topics on which they were produced to testify (Opp. at 2:10-11 [claiming MFS's corporate witnesses only testified on issues related to the MCA exemption]).

---

[5] Kane Supp. Decl., ¶¶ 3-4, Exhs. B-E & Exh. F (emph. added). In other words, in **August 2024**, neither Plaintiffs nor MFS were under the impression that discovery regarding Plaintiffs' state law claims was in any way stayed by the Court's MCC Order.

[6] *See Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1188 (9th Cir. 2001), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001).

[7] Kane Supp. Decl., ¶ 3 & Exh. A.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Even if Plaintiffs *had* timely sought an extension of their class certification motion filing deadline (but they never did), their claimed "understanding" that discovery on their state law claims was stayed (in perpetuity evidently) would not demonstrate "good cause" for such a continuance, Standing Order at 6:19-23, given that they *never* initiated discovery regarding their state law claims and *never* even sought clarification from the Court (or inquired of MFS regarding its understanding) as to whether discovery or any other aspect of this case was stayed. *See, e.g., Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (no abuse of discretion in denying motion to amend scheduling order where plaintiff could not show that he was diligent in attempting to comply with original deadlines); *Multiple Energy Techs., LLC v. Casden*, 2022 WL 16972482, at *5 (C.D. Cal. Nov. 16, 2022) (Wright, J.) (denying motion to reopen discovery where plaintiff could not show diligence in attempting to comply with deadlines or seeking to modify the scheduling order earlier).

Finally, while Plaintiffs' counsel advised MFS's counsel on January 14, 2025, that they do not intend to pursue their class action claims, Kane Decl., ¶ 8 & Exh. D, they have not taken any steps to eliminate their putative class action allegations from the FAC. Instead, they have inexplicably contradicted that pronouncement by *opposing* this Motion to eliminate those allegations from this action. As such, in light of the Court's Notice and Order dated January 10, 2025 [Dkt. #109], instructing MFS to file this Motion to strike no later than 14 days from the date of that Order, MFS proceeded with filing this Motion. Such steps do not amount to "an abuse of the legal process"—and Plaintiffs do not cite to *any* authority supporting their accusations in that regard. Opp. at 1:12-14.

## III. PLAINTIFFS DO NOT DISPUTE THAT THEY CANNOT PURSUE THEIR STATE LAW CLAIMS ON A CLASS ACTION BASIS, AND THUS, ANY PUTATIVE CLASS ACTION ALLEGATIONS SHOULD BE ELIMINATED BY REQUIRED AMENDMENT OR STRICKEN

Plaintiffs assert that they have "agreed not to move for class certification" and do not dispute that they otherwise failed to timely do so. Opp. at 4-5. Yet, they

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

vehemently oppose the Court either requiring them to amend their FAC to eliminate their putative class action allegations or otherwise striking the same. *Id.* Tellingly, Plaintiffs proffer no authority for their position that the Court has no power to grant either type of relief simply because the Scheduling Order deadline for amending the pleadings has passed. Dkt. #79. Indeed, the Court has authority to strike or dismiss Plaintiffs' class allegations **at any time** pursuant to either Rule 12(f) or Rule 23(d)(1)(D). *See Hovsepian v. Apple, Inc.*, 2009 WL 5069144, *2 (N.D. Cal. Dec. 17, 2009) (granting defendant's motion to strike class claims pursuant to Rule 12(f) and Rule 23(d)(1)(D)).

Rule 12(f) provides that the Court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter" at any time, including on its own motion. *See* Fed. R. Civ. P. 12(f)(1); *see also Corr. USA v. Dawe*, 504 F.Supp.2d 924, 930 (E.D. Cal. 2007). Rule 23(d)(1)(D), in turn, provides that "the court may issue orders that require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D); *see also Bantolina v. Aloha Motors, Inc.*, 75 F.R.D. 26, 31 (D. Haw. 1977) ("Rule [23(d)(1)(D)] provides a procedure to purge a complaint and action of an improper class action …."). Plaintiffs identify nothing in Rule 23 – and no other legal authority – that temporally tethers application of Rule 23(d)(1)(D) to deadlines set forth in a scheduling order or that otherwise apply to amendment of pleadings. *See* Fed. R. Civ. P. 23(d)(1) advisory committee's note to 1966 amendment ("Subdivision (d) is concerned with the fair and efficient conduct of the action ....").

Notably, Plaintiffs do not even attempt to distinguish the myriad cases cited in MFS's opening briefing in which courts struck or dismissed class allegations from an operative pleading where the plaintiffs failed to comply with class certification motion deadlines—because they cannot. *See* Mot. at 7:16-10:28 & n.6. There is **no dispute** that Plaintiffs' deadline to file their motion for class certification expired **over two months ago**, and that they cannot (and will not) pursue their state law claims on a class

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

action basis.  Opp. at 4-5.  Plaintiffs' failure to move for class certification is a valid basis on its own to order that their putative class action allegations be eliminated by amendment or stricken pursuant to Rule 23(d)(1)(D) and/or Rule 12(f), *see, e.g., Gray v. Marathon Petroleum Logistics Servs., LLC*, 2021 WL 2808695, at *3 (C.D. Cal. July 2, 2021) (Walter, J.) (dismissing class allegations based on plaintiff's failure to timely file a motion for class certification), and they proffer zero authority to the contrary.

## IV.   THE COURT HAS ALREADY FOUND THAT IT HAS JURISDICTION OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS, AND PLAINTIFFS PROFFER NO EVIDENCE TO THE CONTRARY

In responding to the Court's OSC, MFS established *to the Court's satisfaction* that there is both CAFA and traditional diversity jurisdiction over Plaintiffs' remaining state law claims.  *See* Dkt. #103 (MFS response to OSC); *see also See* Dkt. #105 (Notice and Order discharging OSC).  Having no viable grounds to avoid the expungement of their putative class action allegations, Plaintiffs instead pivot their Opposition to attempting to challenge the traditional diversity jurisdiction amount-in-controversy calculations proffered by MFS in its response to the OSC, which the Court has already accepted.

As a preliminary matter, that is not an issue presented by this Motion and Plaintiffs have not moved to dismiss for lack of subject matter jurisdiction or even conferred with MFS as required by L.R. 7-3 to bring such a motion.  Therefore, their arguments should be stricken and/or disregarded.  However, should the Court be willing to consider their arguments, each of them fails to successfully challenge the Court's subject matter jurisdiction over their remaining individual state law claims:

### A.   MFS PROPERLY USED 100% VIOLATION RATES FOR EACH ALLEGED LABOR CODE VIOLATION INCLUDED IN CALCULATING THE AMOUNT IN CONTROVERSY ON PLAINTIFFS' INDIVIDUAL CLAIMS

In a single sentence, Plaintiffs contend that MFS's assumed "100% violation rate for each California wage violation is categorically unsupported by the law."  Opp. at 6.  However, the authority that they cite does not support their contention.  In *Roth v. Comerica Bank*, 799 F.Supp.2d 1107 (C.D. Cal. 2010), which involved a putative class

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

action overtime claim and CAFA removal jurisdiction, the Court found that there was no basis in the complaint or the evidence for an estimated 3 to 5 hours of overtime per week <u>per class member</u>, and for use of the full overtime rate for plaintiff when the plaintiff's allegation was not that he was not paid overtime at all, but that he was not paid an overtime <u>premium</u> for overtime work. *Id.* at 1119-20.  In *Martinez v. Morgan Stanley & Co. Inc.*, 2010 WL 3123175 (S.D. Cal. Aug. 9, 2010), the defendant misunderstood and overestimated the <u>number of PCMs</u> in addition to making an unsupported assumption that <u>every class member</u> worked four hours of overtime per week and 10 hours per month, and missed three meal and rest periods per week based on an allegation that they were missed "frequently." *Id.* at *6.

The allegations at issue in *Roth* and *Martinez*, which were analyzed through the prism of class action claims and CAFA removal jurisdiction, stand in sharp contrast to Plaintiffs' individual unpaid minimum wages allegations in this action.  Here, Plaintiffs allege ***without qualification*** that they "did not receive bona fide [off-duty] meal breaks" during their employment and that MFS "deducted 30-minutes for meal breaks notwithstanding that [they] performed compensable work during the supposed meal break periods."  FAC [Dkt. #24], ¶¶ 31, 81; *see also id.*, ¶ 38 (alleging Plaintiffs were paid for hours worked only "after deduction of thirty minutes" from recorded time worked).  They ***also* allege** that they "were typically required to work through meal breaks, or had their breaks interrupted by work"; "routinely worked through their meal breaks" "[e]ven though [they] clocked out for their meal breaks"; were ***always*** required "to remain available to respond to work demands ***at any time***, including meal breaks"; and ***always*** "remain[ed] responsible for providing security for their trucks and loads during meal breaks."  *Id.*, ¶¶ 33, 39, 40, 41 (emph. added).

As such, given the breadth of Plaintiffs' individual allegations (as compared to the class allegations in *Roth* and *Martinez*), MFS reasonably estimated in its OSC response OSC that Plaintiffs are claiming they incurred *at least* 30 minutes of unpaid wages every workday due to performing work, or not being relieved of all duty, during

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

their meal breaks.  *See, e.g., id.,* ¶¶ 40-41.  Plaintiffs *also* allege *without qualification* that they worked "before and after" entering their trucks **each workday**—namely, doing "paperwork, key checks, [and] routing, and waiting for the load"—which time went "unreported and uncompensated." *Id.,* ¶ 44. MFS reasonably assumed that, based on these allegations, Plaintiffs are claiming to have incurred an *additional* 30 minutes of unpaid wages for every workday[8]—for a combined *total* of 1 hour of unpaid wages per workday.  Indeed, MFS's assumption in this regard fully aligns with *Plaintiffs'* *own assumption* in the parties' Joint Rule 26(f) Report that each of the PCMs incurred *5 hours per week* of unpaid minimum wages.  *See* Dkt. #64 at 7:23, n.4.

Further, with respect to Plaintiffs' individual requests for waiting time penalties, neither the Complaint nor the FAC "includes [any] fact-specific allegations that would result in a … violation rate that is discernibly smaller than 100%." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *5 (E.D. Cal. Apr. 30, 2007). Indeed, *nowhere* in their pleadings do Plaintiffs allege that MFS *ever* paid them wages they claim are allegedly due but which were not paid at the time of separation.[9]  Instead, they allege *without qualification* that MFS "failed to pay all termination wages, including for off-the-clock work."  FAC, ¶ 93 (emph. added); *see also* Complaint [Dkt. #1], ¶ 109. Regardless, just a *single* incident of underpayment or nonpayment is sufficient to trigger waiting time penalties for the *entire* 30-day period under Cal. Lab. Code § 203.

---

[8] 30-minutes is a conservative assumption for such alleged pre- and post-trip work given the federal regulations for pre-trip and post-trip inspections alone, which require *inter alia* that drivers perform 9-point and 11-point pre- and post-trip inspections of their vehicles for each day of operation, and complete written reports related to those inspections. *See, e.g.,* 49 CFR §§ 392.7, 392.8, 396.11 & 396.13.

[9] *See Vasquez v. RSI Home Prods., Inc.*, 2020 WL 6778772, at *9 (C.D. Cal. Nov. 12, 2020) (Holcomb, J.) (finding defendant "reasonably assume[d] a universal violation," where complaint did not contain any limitation on claim, "such as an allegation that [plaintiff] or any other PCM later received allegedly unpaid final wages at some time less than 30 days after discharge"); *Altamirano v. Shaw Indus., Inc.*, 2013 WL 2950600, at *12 (N.D. Cal. June 14, 2013) ("[A]s there is nothing in the complaint [] to suggest that Defendants paid employees these unpaid wages at some point … awarding penalties for the entire 30 day period is reasonable.").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*See Altamirano*, 2013 WL 2950600, at *12; *see also Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *2 (C.D. Cal. Nov. 1, 2018) (Staton, J.) ("allegations of unpaid wages are implicit allegations of maximum damages for waiting time penalties").[10] As such, MFS reasonably assumed a 100% violation rate on each of the Plaintiffs' requests for waiting time penalties.

Additionally, with respect to Plaintiffs' individual wage statement claims, MFS again properly assumed a 100% violation rate in light of their allegations that they *always* worked *some* uncompensated hours *each workday* "before and after" entering their trucks or "during the supposed meal break periods."  FAC, ¶¶ 31, 44, 81; *see also* Complaint, ¶¶ 35, 46, 83.   Indeed, courts have routinely accepted use of a 100% violation rate based on allegations similar to Plaintiffs' here.[11]   Moreover, Plaintiffs' Complaint and FAC plainly contemplate *independent* wage statement violations that are *not derivative* of their minimum wage claims because they ***also*** **allege** that __each__ wage statement they received did not list the accurate rate for break time or "list or total non-productive work."  FAC, ¶ 100; *see also* Complaint, ¶ 116.  Thus, Plaintiffs explicitly allege "universal violations"—which further supports MFS's assumed 100% violation rate on this claim.  *See Moppin v. Los Robles Reg'l Med. Ctr.*, 2015 WL 5618872, at *3 (C.D. Cal. Sept. 24, 2015) (Bernal, J.).

---

[10] *See also, e.g., Nunes v Home Depot U.S.A., Inc.*, 2019 WL 4316903, at *3 (E.D. Cal. Sept. 12, 2019) (finding "it is reasonable to assume the terminated [PCMs] suffered *at least one* violation (e.g., one missed meal or rest break) and were therefore not paid all wages owed upon termination" and that "[the defendant] did not remedy that alleged error within 30 days of terminating any class member" where complaint sought "up to thirty days of pay as penalty"); *Mariscal v. Arizona Tile, LLC*, 2021 WL 1400892, at *3 (C.D. Cal. Apr. 14, 2021) (Staton, J.) (same).

[11] *See, e.g., Ramirez v. Carefusion Res., LLC*, 2019 WL 2897902, at *4 (S.D. Cal. July 5, 2019) (100% violation rate was not unreasonable); *Archuleta v. Avcorp Composite Fabrication, Inc.*, 2018 WL 6382049, at *4-5 (C.D. Cal. Dec. 6, 2018) (Gutierrez, J.) (100% violation rate reasonable "given the myriad allegations about widespread [wage] and meal period violations"); *Salcido v. Evolution Fresh, Inc.*, 2016 WL 79381, *7 (C.D. Cal. Jan. 6, 2016) (Wilson, J.) (reasonable to assume, based on plaintiff's allegation of failure to record all horns worked, that "each and every wage statement was deficient and subject to penalty").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Finally, even if MFS's assumed 100% violation rates were not reasonable in light of Plaintiffs' allegations (but they are),[12] Plaintiffs proffer <u>no alternative violation rate</u> that they contend would be more reasonable.  *See, e.g.*, *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755 at *4 (C.D. Cal., May 21, 2015) (King, J.) (defendant's use of a 100% violation rate was reasonable where plaintiff's complaint did not contain any allegations to suggest that a 100% violation rate was an impermissible assumption); *Lopez v. Aeroteck, Inc.*, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2025) (Carney, J.) (100% violation rate was reasonable when plaintiff suggested no alternative rate).  As such, MFS established in its response to the OSC, based on its actual business records and reasonable assumptions grounded in the allegations of the FAC, that the amount in controversy on Plaintiffs' *individual* state law claims exceeds the minimum threshold for traditional diversity jurisdiction, *see* Dkt. #103, #103-1, #103-2—and Plaintiffs have proffered **<u>no evidence</u>** (or authority) to the contrary.[13]

### B.   MFS PROPERLY INCLUDED FUTURE ATTORNEYS' FEES IN CALCULATING THE AMOUNT IN CONTROVERSY ON PLAINTIFFS' INDIVIDUAL CLAIMS

Plaintiffs contend that "the only fees to be considered as part of the amount in controversy are those incurred … 'as of the date of removal.'" Opp. at 6:21-22.  But, even setting aside that *this case was not removed* from state court, that is a blatant misstatement of the law.  As the Ninth Circuit held *seven years ago* in *Chavez v. JPMorgan Chase & Co.*, "the amount in controversy is **<u>not</u>** limited to damages incurred prior to removal …. Rather, [it] is determined by the complaint operative at the time of removal and encompasses ***all*** relief a court may grant on that complaint if the plaintiff

---

[12] *See, e.g.*, *Amaya v. Consolidated Container Co., LP*, 2015 WL 4574909 (C.D. Cal. July 28, 2015) (Wilson, J.) (a defendant can rely on the complaint's allegations to ground assumed rates of violation).

[13] In its OSC response, MFS did not provide an estimated amount in controversy on Plaintiffs' ***expense reimbursement claim***; however, in the parties' Joint Rule 26(f) Report, Plaintiffs estimated the amount in controversy on that claim to be **<u>$1,000 per Plaintiff</u>**. Dkt. #64 at 7:15-17.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO REQUIRE AMENDMENT OF PLAINTIFFS' FAC TO ELIMINATE PUTATIVE CLASS ACTION ALLEGATIONS AND/OR FOR AN ORDER STRIKING THE SAME

is victorious."    888 F.3d 413, 414-15, 417-18 (9th Cir. 2018) (emph. added).[14] Moreover, when attorneys' fees are authorized by statute, as they are here, they are appropriately part of the calculation of the amount in controversy, and the Ninth Circuit has mandated that "a court **must** include *future* attorneys' fees recoverable by statute … when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

As such, in calculating the amount in controversy on Plaintiffs' individual state law claims, MFS properly included an estimate of attorneys' fees likely to be incurred *through trial* for each Plaintiff.  *See* Dkt. #103 at 4:2-7.  Notably, Plaintiffs do not challenge *in any way* the manner in which MFS calculated those estimated future attorneys' fees—only that MFS included them at all.  *See id.*  To wit, they do not dispute that Plaintiffs' counsel's hourly rates are *not less than* $950 for Mr. Desai and $550 for Ms. De Castro,[15] and they do not deem MFS's estimate of 100 hours expended through trial per Plaintiff unreasonable.  *See, e.g.*, *Garcia v. Marriott Int'l, Inc.*, 2024 WL 3183215, at *4 (C.D. Cal. June 26, 2024) (Kato, J.) ("recent estimates for the number of hours expended through trial for [single plaintiff] employment cases in this district have ranged from 100 to 300 hours").  As such, Plaintiffs have *conceded* that MFS's attorneys' fees calculations are reasonable[16]—and that the resulting amounts were properly included in the amount in controversy under binding Ninth Circuit precedent.

---

[14] Plaintiffs' only cited authorities – which are district court decisions from 1998 and 1999, respectively – predate the Ninth Circuit's *Chavez* and *Fritsch* decisions and are thus entirely inapplicable.  Opp. at 6:22-25, 7:1-3.

[15] *See Arnold v. DMG Mori USA, Inc.*, 2022 WL 18027883, at *4 & n.1 (N.D. Cal. Dec. 30, 2022) (detailing Plaintiffs' counsel's hourly rates on motion for attorneys' fees).

[16] *See, e.g.*, *Sherman v. Schneider Nat'l Carriers, Inc.*, 2019 WL 3220585, at *5 (C.D. Cal. Mar. 6, 2019) (Birotte, J.) ("the Court deems Plaintiff's failure to address this argument as conceding its merit").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**C.   MFS PROPERLY INCLUDED WAITING TIME PENALTIES IN CALCULATING THE AMOUNT IN CONTROVERSY ON PLAINTIFFS' INDIVIDUAL CLAIMS**

In arguing that MFS improperly included waiting time penalties in the amount in controversy on their individual state law claims, Plaintiffs misrepresent the Court's ruling in its MCC Order *and* their own allegations.  In its MCC Order, the Court found that "Plaintiffs have failed to state a *claim*" for waiting time penalties in their initial Complaint, *see* Dkt. #23 at 7 & n.1; *id.* at 9; however, Plaintiffs purport to seek waiting time penalties <u>not as a separate claim</u> but "as a remedy for [MFS's] minimum wage violations," *see* Dkt. #18 at 9:20-21.  The Court did not dismiss or strike Plaintiffs request for waiting time penalties "as a remedy." *See* Dkt. #23 at 7-9.  Indeed, the FAC *retained* Plaintiffs' allegation that "Defendant willfully failed to pay all termination wages, including for off-the-clock work, within the 30-day time frame set forth under Labor Code §§ 201-203"—and thus, their *request for waiting time penalties* "as a remedy" for MFS's purported minimum wage violations. *See* Dkt. #24, ¶ 93.

Moreover, in its Order *denying* MFS's motion to dismiss and/or strike Plaintiffs' FAC, the Court *denied* MFS's request that the Court strike Plaintiffs' request for waiting time penalties in Paragraph 93 of the FAC. *See* Dkt. #40 at 6 ("Defendant's failure to pay all wages, including for off-the-clock work at termination, is relevant to Plaintiffs' claim for failure to pay a minimum wage.  Additionally, the Court does not find Defendant will suffer prejudice if the allegation remains.").  As such, Plaintiffs *do seek* "waiting time penalties … as a remedy for the minimum wage violations," Dkt. #29 at 4:8-9 ("Plaintiffs did not plead waiting time penalties as a separate cause of action, only as a remedy for the minimum wage violations, should they prevail."), and thus, those amounts are properly included in calculating the amount in controversy on their individual state law claims. *See Chavez*, 888 F.3d at 418 ("the amount in controversy … encompasses all relief a court **may** grant on that complaint if the plaintiff is victorious" (emph. added)).

In any event, the amount in controversy is determined at the time of filing, and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

12

DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO REQUIRE AMENDMENT OF PLAINTIFFS' FAC TO ELIMINATE PUTATIVE CLASS ACTION ALLEGATIONS AND/OR FOR AN ORDER STRIKING THE SAME

post-filing developments that may lower the alleged amount in controversy below the statutory threshold will not divest the district court of jurisdiction. *See Royal Canin U.S.A., Inc. v. Wullschleger*, No. 23-677, --- U.S. ---, 2025 WL 96212, at *8 n.8 (Jan. 15, 2025) ("In both original and removed cases, an amendment reducing the alleged amount-in-controversy to below the statutory threshold—like a post-filing development that makes recovering the needed amount impossible—will usually not destroy diversity jurisdiction."). Plaintiffs do not dispute that, when this action was first filed, they requested waiting time penalties "as a remedy" for MFS's alleged minimum wage violations. Opp. at 7. Even assuming *arguendo* that such a claim or request has been deemed ineffective post-filing, it would still be properly included in the amount in controversy here. *See Royal Canin*, 2025 WL 96212, at *8 n.8.

### D.   DISMISSAL OF PLAINTIFFS' FLSA CLAIM DID NOT DIVEST THE COURT OF JURISDICTION OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS

Plaintiffs argue that the Supreme Court's recent decision in *Royal Canin* requires the Court to dismiss this case without prejudice in light of its dismissal of their FLSA claim. However, in *Royal Canin*, the Supreme Court addressed whether a federal court can adjudicate a case removed from state court on federal question grounds when the plaintiff subsequently and voluntarily amends the complaint to eliminate all claims under federal law. The court held that when a plaintiff voluntarily amends the complaint after removal, the amended complaint supersedes the original and dictates whether a federal court has jurisdiction. *Royal Canin*, 2025 WL 96212, at *5, *7. Eliminating all federal claims also eliminates any supplemental jurisdiction over state claims. *Id.* at *5. The court reasoned that its holding also reflects that a plaintiff is "master of the complaint" insofar as they can always choose which claims to pursue against which defendants, establishing which courts have jurisdiction in the process. *Id.* at *7. But *Royal Canin* is distinguishable on its face.

Here, unlike in *Royal Canin*, MFS *did not remove* this action to federal court; Plaintiffs initially <u>filed it in this Court</u>. *Cf. id.* at *4. Moreover, Plaintiffs did <u>not</u>

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*voluntarily* amend their complaint to "delete its every mention of [federal law]." *Cf. id.* Rather, their FLSA unpaid overtime claim was <u>involuntarily</u> <u>dismissed</u> *on the merits, see* Dkt. #97, and the Court subsequently determined <u>in October 2024</u> that it had *original* jurisdiction over Plaintiffs' remaining state law claims under CAFA and/or traditional diversity jurisdiction, *see* Dkt. #105. Thus, unlike in *Royal Canin* – where the plaintiff's claim under federal law was the *sole* basis for the defendant's removal and the district court had jurisdiction over the plaintiff's removed state law claims *only* by virtue of 28 U.S.C. § 1367 – this Court has (and has had since this action was first filed) *original* diversity jurisdiction over Plaintiffs' state law claims [*see* Dkt. #103].[17] *See, e.g.*, *Trionfi v. San Bernardino Cnty.*, 2025 WL 315749, at *1 (C.D. Cal. Jan. 28, 2025) (Kato, J.) (remanding case after plaintiff amended complaint to eliminate federal law claim *only after* finding that court did not have diversity jurisdiction over remaining state law claims).[18]

Accordingly, *Royal Canin* is unavailing to Plaintiffs and does *not* mandate dismissal of this action on jurisdictional grounds solely because Plaintiffs' FLSA claim was <u>involuntarily</u> <u>dismissed</u>. *Cf. Royal Canin*, 2025 WL 96212, at *11 (because the "deletion of all federal claims deprived the [d]istrict [c]ourt of federal-question jurisdiction," once those claims were gone, "the court's supplemental jurisdiction over the state claims dissolved too").

## V.   CONCLUSION

For all of the foregoing reasons, MFS respectfully requests that the Court grant this Motion in its entirety and enter an order pursuant to Rule 23(d)(1)(D) and/or Rule

---

[17] *See, e.g.*, *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005) ("In civil cases, [original] subject matter jurisdiction is generally conferred upon federal district courts *either* through diversity jurisdiction, 28 U.S.C. § 1332, *or* federal question jurisdiction, 28 U.S.C. § 1331." (emph. added)).

[18] *See also, e.g.*, *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017) ("A federal court may decline to exercise supplemental jurisdiction over state law claims when it dismisses ***all*** claims over which it has original jurisdiction." (emph. added)).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

12(f) that requires Plaintiffs to amend their FAC to eliminate their putative class action

allegations and/or strikes the same so that this action can proceed in this Court solely

as to Plaintiffs' individual state law claims.

Dated:  February 6, 2025          **BAKER & HOSTETLER LLP**

By:   */s/ Matthew C. Kane*
                  Matthew C. Kane
                  Sylvia J. Kim
                  Amy E. Beverlin
                  Kerri H. Sakaue

                  Attorneys for Defendant
                  McLANE FOODSERVICE, INC.

## **CERTIFICATION**

The undersigned, counsel of record for Defendant, hereby certifies that this brief

contains 5,268 words, which complies with the word limit of L.R. 11-6.1.

                  */s/ Matthew C. Kane*
                  Matthew C. Kane

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO REQUIRE AMENDMENT OF PLAINTIFFS' FAC TO ELIMINATE
PUTATIVE CLASS ACTION ALLEGATIONS AND/OR FOR AN ORDER STRIKING THE SAME

## SUPPLEMENTAL DECLARATION OF MATTHEW C. KANE

I, MATTHEW C. KANE, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am a Partner with Baker & Hostetler LLP, attorneys of record for Defendant McLane Foodservice, Inc. ("MFS").  I make this supplemental declaration in further support of MFS's Motion to Require Amendment of Plaintiffs' First Amended Complaint to Eliminate Putative Class Allegations or, Alternatively, for an Order Striking the Same (the "Motion").  I have personal knowledge of all that is set forth herein and, if called upon to testify, I could and would do so competently.

2.      On July 16, 2024, Plaintiffs issued a deposition notice to MFS pursuant to Fed. R. Civ. P. 30(b)(6) that noticed MFS's deposition for July 22, 2024, a true and correct copy of which is attached hereto as **Exhibit A**.  After being advised that there would be three deponents testifying for MFS and the dates on which they were available for their depositions, Plaintiffs issued three amended deposition notices on August 1, 2024.  The amended deposition notices designated the same five "matters" as Plaintiff's original Rule 30(b)(6) deposition notice.

3.      On August 15, 2024, MFS issued deposition notices to Plaintiffs for their depositions to take place in either August or September 2024, depending on Plaintiffs' and their counsel's availability.  True and correct copies of those deposition notices are attached hereto as **Exhibits B, C, D & E**.  My colleague, Amy E. Beverlin, served the deposition notices on Plaintiffs via email.  Ms. Beverlin's service email, on which I was copied, is included in the email correspondence attached hereto as **Exhibit F**.

///
///

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

4.    On August 21, 2024, counsel for Plaintiffs, Adrianne De Castro, responded to Ms. Beverlin's service email.  Ms. De Castro stated that Plaintiffs would not be appearing for their depositions; her office did not have the ability to prepare a "cross-motion[] for summary adjudication on the MCA [exemption issue]" and also to prepare Plaintiffs "for depos on the labor code claims as well"; and any such depositions would need to be rescheduled to a date *after* the parties had completed their briefing on Plaintiffs' overtime exempt status.  Ms. De Castro's response, on which I was copied, is included in the email correspondence attached hereto as Exhibit F.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed February 6, 2025, at Los Angeles, California.

_____ */s/ Matthew C. Kane* _____
MATTHEW C. KANE

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT A

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol Ave., Suite 650
Costa Mesa, CA 92626
Tel:  (949) 614-5830
Fax:  (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN OROZCO MADERO and ESTEBAN OROSCO on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>McLANE FOODSERVICE, INC., a Texas Corporation, and DOES 1-10, inclusive,<br><br>         Defendants. | Case No. 5:24-cv-00073-KK-DTB<br><br>Hon. Kenly Kiya Kato<br><br>**PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION**<br><br><u>DATE OF DEPOSITION</u>:<br><br>**Date:**   July 22, 2024<br>**Time:**  10:00 a.m.<br>**Place:** **Desai Law Firm, P.C.** |

EXHIBIT A

0

EXHIBIT A

TO DEFENDANTS [DEFENDANTS], AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant, through its designated agent(s).

The deposition will commence on **July 22, 2024 at 10:00 a.m**., at DESAI LAW FIRM, P.C., 3200 Bristol St., Suite 650, Costa Mesa, CA 92626 or at a mutually agreeable location. Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify and are most knowledgeable and competent to testify regarding the matters designated below. The following shall apply to the instant depositions(s):

## I.    DEFINITIONS AND INSTRUCTIONS

Except as otherwise defined or broadened in this notice of deposition, Plaintiff incorporates by reference the definitions set forth in Fed. R. Civ. P. 26 and 30.

1. Unless otherwise indicated, the terms "Defendant" is used to include all entities, trade names, and subsidiaries operating businesses owned by Defendant.

2. Unless otherwise indicated, the term "Plaintiffs" refers to the named Plaintiffs and all putative class members.

3. Unless otherwise indicated, the term "truck drivers" or "drivers" shall mean Defendant's drivers employed in the capacity of truck driver and any other similarly-designated title or similarly-situated person.

## II.    MATTERS DESIGNATED FOR DEPOSITION TESTIMONY

Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant is hereby directed to designate one or more officers, directors,

EXHIBIT A

managing agents, or other persons who consent to testify and are most knowledgeable and competent to testify regarding the following matters:

1. As defined under the Motor Carrier Act, Defendant's fixed and persistent transportation intent for a practical continuity of movement in interstate commerce concerning goods that Plaintiffs transported throughout the duration of their employment with Defendant,

2. As defined under the Motor Carrier Act, Defendant's assertion that Plaintiffs transported goods as part of a practical continuity of movement in interstate commerce, including how Defendant tracked the goods through a continuous movement in interstate commerce;

3. The analysis and interpretations of Defendant's document production in response to Plaintiffs' discovery, including any Summary Report (i.e., date the goods were transported across state lines, the origin and date the goods left their place of origin, date and time goods were transported to individual stores) and Master Service Agreements that are expected to be produced;

4. The method by which Defendant assigned its routes and trucks to its California truck drivers, including Plaintiffs;

5. If you maintain that Plaintiffs transported goods that traveled through a continuous movement in interstate commerce based on customer projections, forecasting reports, orders and/or anticipated customer demands, the person most knowledgeable about those subjects.

Dated: July 16, 2024                    DESAI LAW FIRM, P.C.


By:    /s/ Aashish Y. Desai
        Aashish Y. Desai
        Adrianne De Castro
        Attorneys for Plaintiffs

EXHIBIT A

EXHIBIT A

PROOF OF SERVICE
C.C.P. §§ 1013A and 2015.5

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3200 Bristol Street, Ste. 650, Costa Mesa, California 92626.

On July 16, 2024, I served the foregoing document described as **PLAINTIFF'S NOTICE OF TAKING FRCP 30(b)(6) DEPOSITION** on the interested parties in this action by sending a true copy thereof via e-mail to the addresses listed below:

**Counsel for Defendant McLane Foodservice, Inc.:**
**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829 , *mkane@bakerlaw.com*
Amy E. Beverlin, SBN 284745, abeverlin@bakerlaw.com
Kerri H. Sakaue, SBN 301043, *ksakaue@bakerlaw.com*
Sylvia J. Kim, SBN 258363, *sjkim@bakerlaw.com*

**[ ]   BY MAIL** – I deposited such envelope in the mail at Costa Mesa, California. The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ X ]   BY E-MAIL OR ELECTRONIC TRANSMISSION –** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail address above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
      */s/ Adrianne De Castro*
      ADRIANNE DE CASTRO

EXHIBIT A

EXHIBIT B

**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829
*mkane@bakerlaw.com*
Amy E. Beverlin, SBN 284745
*abeverlin@bakerlaw.com*
Kerri H. Sakaue, SBN 301043
*ksakaue@bakerlaw.com*
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
*sjkim@bakerlaw.com*
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601

*Attorneys for Defendant*
McLANE FOODSERVICE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JORDAN OROZCO MADERO and
ESTEBAN OROSCO on behalf of
themselves and all others similarly
situated,

    Plaintiffs,

        v.

McLANE FOODSERVICE, INC., a
Texas Corporation, and DOES 1-10,
inclusive,

    Defendants.

Case No.: 5:24-cv-00073-KK-DTB

**DEFENDANT'S NOTICE OF
DEPOSITION OF PLAINTIFF
JORDAN OROZCO MADERO**

**Date:** **August 26, 2024**
**Time:** **9:00 a.m.**
**Place:** **Baker & Hostetler LLP**
      **1900 Avenue of the Stars**
      **Ste. 2700**
      **Los Angeles, CA 90067**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES



EXHIBIT B

EXHIBIT B

**TO PLAINTIFFS AND THEIR ATTORNEY(S) OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant McLane Foodservice, Inc. ("Defendant") will take the in-person deposition of Plaintiff Jordan Orozco Madero ("Madero" or "Deponent") by oral examination on **August 26, 2024,** commencing at **9:00 a.m.** The deposition will take place at **Baker & Hostetler LLP, 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067**. If, for any reason, the deposition is not commenced, or if commenced, is not then and there completed, the taking of the same shall be continued, at Defendant's option, to such further date(s) as Defendant may select upon written notice, or to such further date(s) as the parties may agree upon, at the same time and place, until completed.

**NOTICE IS FURTHER GIVEN** that the deposition will be taken in the presence of a notary public and certified shorthand reporter. Defendant intends to record the testimony stenographically and electronically.

**NOTICE IS FURTHER GIVEN** that Defendant may record the Deponent's testimony by audio and/or video technology, and through the instant visual display of the testimony, in addition to recording the testimony by stenographic method. Defendant reserves the right to use the videotaped deposition at any trial in this action. A copy of this deposition notice will be given to the deposition officer.

Dated: August 15, 2024

**BAKER & HOSTETLER LLP**

By: */s/ Matthew C. Kane*
Matthew C. Kane
Sylvia J. Kim
Amy E. Beverlin
Kerri H. Sakaue

*Attorneys for Defendant*
McLANE FOODSERVICE, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1


EXHIBIT B

<span style="color:red">EXHIBIT B</span>

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067-4301.

On August 15, 2024, I served the following document described as **DEFENDANT'S NOTICE OF DEPOSITION OF PLAINTIFF JORDAN OROZCO MADERO** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

DESAI LAW FIRM, P.C.                          Attorneys for Plaintiffs

Aashish Y. Desai, Esq.

Adrianne De Castro, Esq.

3200 Bristol St., Suite 650

Costa Mesa, CA 92626

Telephone: (949) 614-5830

Facsimile: (949) 271-4190

Email: aashish@desai-law.com
adrianne@desai-law.com

☒    **BY E-MAIL:**  by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

    Executed on August 15, 2024, at Los Angeles, CA.

                            _____
                            Amy E. Beverlin

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



EXHIBIT C

**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829
*mkane@bakerlaw.com*
Amy E. Beverlin, SBN 284745
*abeverlin@bakerlaw.com*
Kerri H. Sakaue, SBN 301043
*ksakaue@bakerlaw.com*
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
*sjkim@bakerlaw.com*
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601

*Attorneys for Defendant*
McLANE FOODSERVICE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN OROZCO MADERO and ESTEBAN OROSCO on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>McLANE FOODSERVICE, INC., a Texas Corporation, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: 5:24-cv-00073-KK-DTB<br><br>**DEFENDANT'S NOTICE OF DEPOSITION OF PLAINTIFF ESTEBAN OROSCO**<br><br>**Date:** **August 26, 2024**<br>**Time:** **1:00 p.m.**<br>**Place:** **Baker & Hostetler LLP**<br>**1900 Avenue of the Stars**<br>**Ste. 2700**<br>**Los Angeles, CA 90067** |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT C

EXHIBIT C

1  **TO PLAINTIFFS AND THEIR ATTORNEY(S) OF RECORD:**

2      **NOTICE IS HEREBY GIVEN** that, pursuant to Rule 30 of the Federal Rules

3  of Civil Procedure, Defendant McLane Foodservice, Inc. ("Defendant") will take the

4  in-person deposition of Plaintiff Esteban Orosco ("Orosco" or "Deponent") by oral

5  examination on **August 26, 2024,** commencing at **1:00 p.m.**  The deposition will take

6  place at **Baker & Hostetler LLP, 1900 Avenue of the Stars, Suite 2700, Los**

7  **Angeles, CA 90067**.  If, for any reason, the deposition is not commenced, or if

8  commenced, is not then and there completed, the taking of the same shall be

9  continued, at Defendant's option, to such further date(s) as Defendant may select upon

10 written notice, or to such further date(s) as the parties may agree upon, at the same

11 time and place, until completed.

12     **NOTICE IS FURTHER GIVEN** that the deposition will be taken in the

13 presence of a notary public and certified shorthand reporter. Defendant intends to

14 record the testimony stenographically and electronically.

15     **NOTICE IS FURTHER GIVEN** that Defendant may record the Deponent's

16 testimony by audio and/or video technology, and through the instant visual display

17 of the testimony, in addition to recording the testimony by stenographic method.

18 Defendant reserves the right to use the videotaped deposition at any trial in this

19 action.  A copy of this deposition notice will be given to the deposition officer.

20

21 Dated:  August 15, 2024          **BAKER & HOSTETLER LLP**

22                                 By:   */s/ Matthew C. Kane*

23                                       Matthew C. Kane
                                         Sylvia J. Kim

24                                       Amy E. Beverlin
                                         Kerri H. Sakaue

25                                       *Attorneys for Defendant*

26                                       McLANE FOODSERVICE, INC.

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT C

EXHIBIT C

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067-4301.

On August 15, 2024, I served the following document described as **DEFENDANT'S NOTICE OF DEPOSITION OF PLAINTIFF ESTEBAN OROSCO** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

DESAI LAW FIRM, P.C.                    Attorneys for Plaintiffs

Aashish Y. Desai, Esq.

Adrianne De Castro, Esq.

3200 Bristol St., Suite 650

Costa Mesa, CA 92626

Telephone: (949) 614-5830

Facsimile: (949) 271-4190

Email: aashish@desai-law.com
adrianne@desai-law.com

☒    **BY E-MAIL:**  by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

Executed on August 15, 2024, at Los Angeles, CA.

_____

Amy E. Beverlin

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT C



EXHIBIT D

1    **BAKER & HOSTETLER LLP**
     Matthew C. Kane, SBN 171829
2    *mkane@bakerlaw.com*
     Amy E. Beverlin, SBN 284745
3    *abeverlin@bakerlaw.com*
     Kerri H. Sakaue, SBN 301043
4    *ksakaue@bakerlaw.com*
     1900 Avenue of the Stars, Suite 2700
5    Los Angeles, CA 90067-4301
     Telephone: 310.820.8800
6    Facsimile: 310.820.8859

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
*sjkim@bakerlaw.com*
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601

7    *Attorneys for Defendant*
     McLANE FOODSERVICE, INC.
8

9                    **UNITED STATES DISTRICT COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11   JORDAN OROZCO MADERO and
     ESTEBAN OROSCO on behalf of
12   themselves and all others similarly
     situated,
13
             Plaintiffs,
14
                     v.
15
     McLANE FOODSERVICE, INC., a
16   Texas Corporation, and DOES 1-10,
     inclusive,
17
             Defendants.
18

Case No.: 5:24-cv-00073-KK-DTB

**DEFENDANT'S NOTICE OF DEPOSITION OF PLAINTIFF JORDAN OROZCO MADERO**

**Date:    September 3, 2024**
**Time:    9:00 a.m.**
**Place:   Baker & Hostetler LLP**
**         1900 Avenue of the Stars**
**         Ste. 2700**
**         Los Angeles, CA 90067**

19
20
21
22
23
24
25
26
27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES



EXHIBIT D

EXHIBIT D

1  **TO PLAINTIFFS AND THEIR ATTORNEY(S) OF RECORD:**

2      **NOTICE IS HEREBY GIVEN** that, pursuant to Rule 30 of the Federal Rules

3  of Civil Procedure, Defendant McLane Foodservice, Inc. ("Defendant") will take the

4  in-person deposition of Plaintiff Jordan Orozco Madero ("Madero" or "Deponent")

5  by oral examination on **September 3, 2024,** commencing at **9:00 a.m.** The deposition

6  will take place at **Baker & Hostetler LLP, 1900 Avenue of the Stars, Suite 2700,**

7  **Los Angeles, CA 90067**. If, for any reason, the deposition is not commenced, or if

8  commenced, is not then and there completed, the taking of the same shall be

9  continued, at Defendant's option, to such further date(s) as Defendant may select upon

10  written notice, or to such further date(s) as the parties may agree upon, at the same

11  time and place, until completed.

12      **NOTICE IS FURTHER GIVEN** that the deposition will be taken in the

13  presence of a notary public and certified shorthand reporter. Defendant intends to

14  record the testimony stenographically and electronically.

15      **NOTICE IS FURTHER GIVEN** that Defendant may record the Deponent's

16  testimony by audio and/or video technology, and through the instant visual display

17  of the testimony, in addition to recording the testimony by stenographic method.

18  Defendant reserves the right to use the videotaped deposition at any trial in this

19  action. A copy of this deposition notice will be given to the deposition officer.

20

21  Dated:  August 15, 2024          **BAKER & HOSTETLER LLP**

22                        By:   */s/ Matthew C. Kane*
23                              Matthew C. Kane
                               Sylvia J. Kim
24                              Amy E. Beverlin
                               Kerri H. Sakaue
25
                         *Attorneys for Defendant*
26                        McLANE FOODSERVICE, INC.

27

28

EXHIBIT D

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT D

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067-4301.

On August 15, 2024, I served the following document described as **DEFENDANT'S NOTICE OF DEPOSITION OF PLAINTIFF JORDAN OROZCO MADERO** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

DESAI LAW FIRM, P.C.                           Attorneys for Plaintiffs

Aashish Y. Desai, Esq.

Adrianne De Castro, Esq.

3200 Bristol St., Suite 650

Costa Mesa, CA 92626

Telephone: (949) 614-5830

Facsimile: (949) 271-4190

Email: aashish@desai-law.com
adrianne@desai-law.com

☒       **BY E-MAIL:**  by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

Executed on August 15, 2024, at Los Angeles, CA.

_____
Amy E. Beverlin

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT D

EXHIBIT E

**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829
*mkane@bakerlaw.com*
Amy E. Beverlin, SBN 284745
*abeverlin@bakerlaw.com*
Kerri H. Sakaue, SBN 301043
*ksakaue@bakerlaw.com*
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
*sjkim@bakerlaw.com*
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601

*Attorneys for Defendant*
McLANE FOODSERVICE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JORDAN OROZCO MADERO and
ESTEBAN OROSCO on behalf of
themselves and all others similarly
situated,

    Plaintiffs,

        v.

McLANE FOODSERVICE, INC., a
Texas Corporation, and DOES 1-10,
inclusive,

    Defendants.

Case No.: 5:24-cv-00073-KK-DTB

**DEFENDANT'S NOTICE OF
DEPOSITION OF PLAINTIFF
ESTEBAN OROSCO**

**Date:**   **September 3, 2024**
**Time:**   **1:00 p.m.**
**Place:**  **Baker & Hostetler LLP**
         **1900 Avenue of the Stars**
         **Ste. 2700**
         **Los Angeles, CA 90067**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT E

EXHIBIT E

**TO PLAINTIFFS AND THEIR ATTORNEY(S) OF RECORD:**

    **NOTICE IS HEREBY GIVEN** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant McLane Foodservice, Inc. ("Defendant") will take the in-person deposition of Plaintiff Esteban Orosco ("Orosco" or "Deponent") by oral examination on **September 3, 2024,** commencing at **1:00 p.m.**  The deposition will take place at **Baker & Hostetler LLP, 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067**.  If, for any reason, the deposition is not commenced, or if commenced, is not then and there completed, the taking of the same shall be continued, at Defendant's option, to such further date(s) as Defendant may select upon written notice, or to such further date(s) as the parties may agree upon, at the same time and place, until completed.

    **NOTICE IS FURTHER GIVEN** that the deposition will be taken in the presence of a notary public and certified shorthand reporter. Defendant intends to record the testimony stenographically and electronically.

    **NOTICE IS FURTHER GIVEN** that Defendant may record the Deponent's testimony by audio and/or video technology, and through the instant visual display of the testimony, in addition to recording the testimony by stenographic method. Defendant reserves the right to use the videotaped deposition at any trial in this action.  A copy of this deposition notice will be given to the deposition officer.

Dated:  August 15, 2024        **BAKER & HOSTETLER LLP**

                      By:   */s/ Matthew C. Kane*
                           Matthew C. Kane
                           Sylvia J. Kim
                           Amy E. Beverlin
                           Kerri H. Sakaue

                        *Attorneys for Defendant*
                      McLANE FOODSERVICE, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT E

EXHIBIT E

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067-4301.

On August 15, 2024, I served the following document described as **DEFENDANT'S NOTICE OF DEPOSITION OF PLAINTIFF ESTEBAN OROSCO** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

DESAI LAW FIRM, P.C.                           Attorneys for Plaintiffs

Aashish Y. Desai, Esq.

Adrianne De Castro, Esq.

3200 Bristol St., Suite 650

Costa Mesa, CA 92626

Telephone: (949) 614-5830

Facsimile: (949) 271-4190

Email: aashish@desai-law.com
adrianne@desai-law.com

☒      **BY E-MAIL:**  by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

Executed on August 15, 2024, at Los Angeles, CA.

_____
Amy E. Beverlin

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANT'S NOTICE OF DEPOSITION OF PLAINTIFF ESTEBAN OROSCO

EXHIBIT E

| | |
|---|---|
| **From:** | adrianne desai-law.com |
| **To:** | Beverlin, Amy |
| **Cc:** | aashish desai-law.com; Kane, Matthew; Kim, Sylvia; Sakaue, Kerri |
| **Subject:** | Re: Orozco Madero, et al. v. McLane Foodservice, Inc. |
| **Date:** | Wednesday, August 21, 2024 8:39:28 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png |

[External Email: Use caution when clicking on links or opening attachments.]

Dear Amy -

The dates you proposed won't work for us.

First, our clients are not available on those dates.

Second, we are focused on the cross-motions for summary adjudication on the
MCA.  As you likely know, we are a small firm and cannot accommodate your
desired schedule, particularly since all discovery on the MCA should have been
completed by July 31 and parties are not allowed to submit new evidence on
responsive papers.  We need to focus on the arguments now.

Finally, since we've alleged more than just FLSA claims, we'll need time to prepare
our clients for depos on the labor code claims as well.

We'll work with you to expeditiously get these depositions done after briefing on
the MCA exemption.

Regards,
Adrianne

**Adrianne De Castro**
Senior Associate



**Costa Mesa Office**
3200 Bristol Street, Suite 650 | Costa Mesa, CA 92626
T (949) 614-5830 | F (949) 271-4190

**Austin Office**
2025 Guadalupe Street, Suite 260 | Austin, TX 78705
T (512) 370-4023 | F (512) 687-3499

EXHIBIT F

EXHIBIT F

**desai-law.com**

CONFIDENTIALITY NOTICE: The information in this e-mail (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

On Aug 15, 2024, at 1:21 PM, Beverlin, Amy <abeverlin@bakerlaw.com> wrote:

Counsel,

Please see the attached deposition notices for each of the Plaintiffs.  We are protectively issuing two deposition notices for each of the Plaintiffs for August 26, 2024 and September 3, 2024, respectively.  We will let you know by August 23, 2024, on which date (August 26 or September 3) we intend to proceed with each Plaintiff's deposition, but for now you should plan that they will go forward on August 26th.

Thank you,

Amy

**Amy Beverlin**
She | Her | Hers
Associate

<image001.png>

1900 Avenue of the Stars | Suite 2700
Los Angeles, CA 90067-4301
T +1.310.979.8466

abeverlin@bakerlaw.com
bakerlaw.com
<image002.png>
<image003.png>

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

EXHIBIT F

EXHIBIT F

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

<2024.08.15 Notice of Plaintiff Orozco Madero Deposition (August 26).pdf>
<2024.08.15 Notice of Plaintiff Orosco's Deposition (September 3).pdf>
<2024.08.15 Notice of Plaintiff Orosco's Deposition (August 26).pdf>
<2024.08.15 Notice of Plaintiff Orozco Madero's Deposition (September 3).pdf>

EXHIBIT F