**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829
Amy E. Beverlin, SBN 284745
Kerri H. Sakaue, SBN 301043
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:   310.820.8800
Facsimile: 310.820.8859
Emails:   *mkane@bakerlaw.com*
          *abeverlin@bakerlaw.com*
          *ksakaue@bakerlaw.com*

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:   415.659.2600
Facsimile:   415.659.2601
Email:     *sjkim@bakerlaw.com*

Attorneys for Defendant
McLANE FOODSERVICE, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JORDAN OROZCO MADERO and
ESTEBAN OROSCO on behalf of
themselves and all others similarly
situated,

          Plaintiffs,

     v.

McLANE FOODSERVICE, INC., a
Texas Corporation, and DOES 1-10,
inclusive,

          Defendants.

CASE NO. 5:24-cv-00073-KK-DTB

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS, OR ALTERNATIVELY, EVIDENTIARY SANCTIONS, AGAINST PLAINTIFFS FOR FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS:**

**(1) MEMORANDUM OF POINTS AND AUTHORITIES**

**(2) SUPPLEMENTAL DECLARATION OF MATTHEW C. KANE**

**Date:    March 6, 2025**
**Time:    9:30 a.m.**
**Crtrm.:  3**
**Judge:   Hon. Kenly Kiya Kato**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.    INTRODUCTION ................................................................. 1

II.   THIS IS NOT A "DISCOVERY MOTION" AND IS NOT SUBJECT TO THE SCHEDULING ORDER DEADLINES APPLICABLE TO SUCH MOTIONS ................................................. 2

III.  PLAINTIFFS CONTINUE TO MAKE MISREPRESENTATIONS ABOUT THE STATE OF DISCOVERY AND MFS'S COMPLIANCE IN AN ATTEMPT TO DEFLECT BLAME TO MFS FOR *THEIR* FAILURE TO COMPLY WITH *THEIR* DISCOVERY OBLIGATIONS ............................................. 3

IV.  TERMINATING SANCTIONS SHOULD BE IMPOSED ................... 5

    A.   PLAINTIFFS FAIL TO APPLY THE PROPER LEGAL STANDARDS APPLICABLE TO TERMINATING SANCTIONS ................................. 5

    B.   PLAINTIFFS HAVE COMMITTED WILLFUL, BAD FAITH AND FLAGRANT DISCOVERY VIOLATIONS FOR WHICH THEY ARE SOLELY AT FAULT .............................................. 6

    C.   THE RELEVANT FACTORS WEIGH IN FAVOR OF IMPOSING TERMINATING SANCTIONS ............................................. 10

        1.  MFS HAS BEEN PREJUDICED BY PLAINTIFFS' FAILURE TO APPEAR FOR THEIR PROPERLY NOTICED DEPOSITIONS AND PROVIDE TIMELY AND COMPLIANT INITIAL DISCLOSURES ......... 10

        2.  Lesser Sanctions Are Not Available In Light Of Plaintiffs' Repeated And Willful Misrepresentations, Discovery Abuses And Blatant Disregard For Applicable Rules And Court-Ordered Deadlines ............. 13

///

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

V.    ALTERNATIVELY, SHOULD THE COURT NOT IMPOSE
TERMINATING SANCTIONS, THEN EVIDENTIARY
SANCTIONS SHOULD BE IMPOSED .............................................. 14

VI.    CONCLUSION ...................................................................... 14

CERTIFICATION ........................................................................... 15

SUPPLEMENTAL DECLARATION OF MATTHEW C. KANE .......................... 16

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adriana Int'l Corp. v. Thoeren*,
  913 F.2d 1406 (9th Cir. 1990) ............................................................... 10

*Anheuser-Busch v. Natural Beverage Distribs.*,
  69 F.3d 337 (9th Cir. 1995) ................................................................. 13

*Chih-Cheng Tsao v. Cnty. of Los Angeles*,
  2011 WL 1532331 (C.D. Cal. Mar. 30, 2011) ....................................... 8

*Chrysler Corp. v. Carey*,
  186 F.3d 1016 (8th Cir. 1999) .............................................................. 14

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,
  482 F.3d 1091 (9th Cir. 2007) .............................................................. 13

*F.T.C. v. U.S. Homeowners Relief, Inc.*,
  2011 WL 6139676 (C.D. Cal. Oct. 21, 2011) ......................................... 8

*Fair Housing of Marin v. Combs*,
  285 F.3d 899 (9th Cir. 2002) ............................................................. 6, 7

*Henry v. Gill Indus., Inc.*,
  983 F.2d 943 (9th Cir. 1993) ................................................................. 6

*Hoffman v. Constr. Protective Servs., Inc.*,
  541 F.3d 1175 (9th Cir. 2008) ............................................................... 3

*In re Heritage Bond Litig.*,
  223 F.R.D. 527 (C.D. Cal. 2004) ...................................................... 6, 10

*M.S. v. Cnty. of Ventura*,
  2017 WL 10434015 (C.D. Cal. Mar. 7, 2017) ...................................... 10

*Ollier v. Sweetwater Union High School Dist.*,
  768 F.3d 843 (9th Cir. 2014) ............................................................... 12

*Ramirez v. Ghilotti Bros. Inc.*,
  941 F.Supp.2d 1197 (N.D. Cal. 2013) .................................................. 10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS OR ALTERNATIVELY, EVIDENTIARY
SANCTIONS, AGAINST PLAINTIFFS FOR FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS

*Republic of Ecuador v. Mackay*,
    742 F.3d 860 (9th Cir. 2014) ................................................................. 12

*Stewart v. Wachowski*,
    2005 WL 6186374 (C.D. Cal. June 14, 2005) ......................................... 2

*Tumbling v. Merced Irrigation Dist.*,
    2010 WL 11450406 (E.D. Cal. Sept. 27, 2010) ................................... 11

*Valley Eng'rs Inc. v. Electric Eng'g Co.*,
    158 F.3d 1051 (9th Cir. 1988) ............................................................ 13

*Wanderer v. Johnston*,
    910 F.2d 652 (9th Cir. 1990) ................................................. 6, 10, 11

**Federal Rules**

Fed. R. Civ. P. 26 ............................................................................. 3, 4

Fed. R. Civ. P. 26(a) ........................................................................... 11

Fed. R. Civ. P. 26(a)(1)(A)(i) ............................................................. 12

Fed. R. Civ. P. 26(d)(1) ........................................................................ 4

Fed. R. Civ. P. 37 ................................................................................. 3

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION[1]

The overarching aim of Plaintiffs' Opposition is twofold: (1) predictably, to deflect the Court's focus away from their admitted discovery violations; and (2) remarkably, to shift blame *their conduct* to MFS.  Both tactics fail.

**First**, Plaintiffs attempt to deflect focus and attention away from the real issue before the Court: that the sanctions sought can and should be imposed for their ***admitted*** failure to appear for their noticed depositions on two separate occasions and timely comply with their disclosure obligations.  Instead, Plaintiffs regurgitate their debunked theory that the Court's MCC Order (Dkt. #23) stayed discovery regarding their state law claims.  But this is belied by the actual language of the MCC Order and the procedural status of the case at that time, and contradicts their own representations made to this Court and in their concurrently pending state court PAGA action that acknowledge any such stay was of limited scope: it merely stayed the Court's decision on their **MCC** and permitted limited discovery on a threshold, dispositive issue regarding their FLSA claim *before* discovery otherwise was permitted.  It did *not* otherwise further stay all discovery on their state law claims.

**Second**, Plaintiffs improperly attempt to shift the blame for their failure to comply with their discovery obligations to MFS, complaining that MFS should have accepted their "informal resolution" to be deposed *after* expiration of the fact discovery deadline.  That proposed "informal resolution" was wholly *illusory* because Plaintiffs had *no ability* to unilaterally extend that Scheduling Order deadline, nor was the Court likely to approve a stipulation to extend it (as stated in its Standing Order).

Plaintiffs argue that terminating sanctions should be reserved for "extreme circumstances."  This is just such a case because Plaintiffs' are recidivists in not complying with the Court's rules and deadlines, and their numerous willful, bad faith

---

[1] Unless otherwise specifically defined herein, capitalized terms used in this Reply have the same meaning as defined in MFS's opening briefing.

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS OR ALTERNATIVELY, EVIDENTIARY SANCTIONS, AGAINST PLAINTIFFS FOR FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  and flagrant discovery violations have prejudiced MFS's ability to obtain discovery

2  to which it is indisputably entitled to prepare its defenses to Plaintiffs' claims.

3       Accordingly, terminating sanctions (i.e., dismissal of their remaining individual

4  claims with prejudice) should be granted against Plaintiffs. Alternatively, and at a

5  minimum, Plaintiffs' violations warrant the imposition of evidentiary sanctions.

## II.    THIS IS NOT A "DISCOVERY MOTION" AND IS NOT SUBJECT TO THE SCHEDULING ORDER DEADLINES APPLICABLE TO SUCH MOTIONS

8       Plaintiffs erroneously argue that this is a "discovery motion that violates the

9  Scheduling Order," but they fail to cite to *any authority* supporting that

10 mischaracterization—*because none exists*. Opp. at 6:13-14. As explained in *Stewart*

11 *v. Wachowski*, which MFS cited and Plaintiffs ignore, a motion seeking sanctions is

12 <u>not</u> a "discovery motion" of the type referenced in the Court's Scheduling Order. 2005

13 WL 6186374, at *9 (C.D. Cal. June 14, 2005) (Morrow, J.). The *Stewart* plaintiff (like

14 Plaintiffs here) argued that defendants' Rule 37(d) motion must be denied "because

15 they failed to comply with the court's order that '[a]ll discovery motions … be filed

16 sufficiently in advance of the discovery cut-off date that they may be heard on or

17 before that date.'" *Id.* The *Stewart* court *rejected* this argument on the grounds that,

18 *inter alia*, "[o]f necessity … a motion seeking sanctions for failure to comply with

19 discovery must *follow* a party's failure to appear and/or respond." *Id.* (emph. in orig.).

20 Because the *Stewart* plaintiff's "*second* failure to appear for deposition did not occur

21 until the week before the discovery cut-off set by the court," the court held that the

22 defendants "could not have filed [the] motion in time for it to be heard prior to the

23 [discovery] cut-off date." *Id.* (emph. added). Similarly here, Plaintiffs failed to appear

24 for their depositions for the *second time* the week of the January 24, 2025 fact

25 discovery cut-off date (despite initially stating on January 14, 2025 that they were

26 available and would appear for their depositions), and belatedly served their ***initial***

27 disclosures just *10 days* before the close of fact discovery (and mischaracterized them

28 as "supplemental" disclosures. Therefore, here, as in *Stewart*, it was impossible for

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

MFS to have sought relief from the Court before the fact discovery cut-off date.

Moreover, this Motion does not request the type of relief typically sought in a discovery motion aimed at facilitating further discovery. Indeed, MFS does not seek to narrow or resolve any outstanding discovery disputes between the parties, to compel further responses or production of documents, or to require Plaintiffs to sit for their depositions. Instead, this Motion seeks sanctions pursuant to Rule 37 for Plaintiffs' flagrant discovery violations. Thus, it is not a motion "relating to discovery"; instead, it is a "motion relating to sanctions pursuant to Rule 37." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (motion for evidentiary sanctions for failure to comply with Rule 26 disclosure obligations was "not a motion 'relating to discovery pursuant to [Fed. R. Civ. P. ] 26-37.'").

Therefore, because this Motion is *not* a "discovery motion," it is not subject to nor does it run afoul of the fact discovery completion deadline set by the Scheduling Order, and it is ***timely***.

## III. PLAINTIFFS CONTINUE TO MAKE MISREPRESENTATIONS ABOUT THE STATE OF DISCOVERY AND MFS'S COMPLIANCE IN AN ATTEMPT TO DEFLECT BLAME TO MFS FOR *THEIR* FAILURE TO COMPLY WITH *THEIR* DISCOVERY OBLIGATIONS

At no point has MFS "proceeded as though there was a stay on the state law claims while the Court adjudicated [its] MCA exemption defense." Opp. at 3:27-4:2. Instead, MFS has *repeatedly* maintained in its filings with the Court and its communications with Plaintiffs that the Court's MCC Order [Dkt. #23] stayed ***only*** Plaintiffs' **MCC**. *See, e.g.*, Dkt. #107.[2] It has also *repeatedly* stated its understanding that the discovery stay under Rule 26 was terminated not later than July 11, 2024, when the parties filed their Joint Rule 26(f) Report, *see* Dkt. #64, and certainly by August 2, 2024, when the Court entered its Scheduling Order, Dkt. #79.

Nowhere in the MCC Order did the Court ever state that discovery was stayed

---

[2] MFS presented a detailed discussion of the Court's orders pertaining to discovery and motion practice in this action thus far in response to Plaintiffs' since-denied request for dismissal. *See* Dkt. #107 at 3-6.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

in this action, nor do Plaintiffs cite or quote any language that could reasonably be interpreted that way. *See* Opp. at 3:15-4:18. Indeed, there would have been no reason for the Court to say it was staying discovery in its MCC Order because, as of March 13, 2024, neither a Scheduling Conference had been set by the Court nor had the parties engaged in a conferral pursuant to Rule 26.[3] Accordingly, pursuant to Rule 26(d)(1), discovery was *already stayed* at least until the parties' Rule 26(f) conference occurred—which was no later than July 11, 2024—and the MCC Order lifted *that* stay to allow the parties to conduct limited discovery regarding Plaintiffs' MCA overtime exemption status. The Court *never* issued any order that prevented Plaintiffs from conducting discovery or relieved them of their obligation to serve initial disclosures regarding their individual or putative class action state law claims in this action once the Rule 26(d)(1) discovery stay terminated—and they have identified *none*. *See* Opp. 4:15-22.

Nor can Plaintiffs credibly claim that MFS believed such a stay was in effect because, unlike Plaintiffs, MFS served its initial disclosures on **August 19, 2024** in accordance with its proposed deadline to do so. Dkt. #113-2 (Kane Decl., Exh. B). Plaintiffs' supposed examples of MFS's "own conduct" that purportedly demonstrate its "understanding that the litigation was being phased" are blatantly misrepresented:

- MFS did not wait until after the Court ruled on the cross motions for summary judgment in "late-December 2024" to notice Plaintiffs' depositions as they incorrectly claim (Opp. at 4:5-6 [misrepresenting that MFS did not notice Plaintiffs' depositions until late-December 2024]). Rather, MFS first noticed Plaintiffs' depositions on **August 15, 2024** to take place in August or September 2024;

- Plaintiffs admittedly knew that MFS sought to depose them on their state law claims as early as August 2024 because one of their stated reasons for their refusal to appear for their first set of noticed depositions was to give them time to "prepare … for depos *on the labor code claims as well*";[4]

---

[3] The Court issued an order setting a Scheduling Conference on June 5, 2024. Dkt. #47.

[4] Kane Decl., ¶¶ 2, 4, Exhs. A & C (emph. added). In other words, in **August 2024**, neither Plaintiffs nor MFS were under the impression that discovery regarding Plaintiffs' state law claims was in any way stayed by the Court's MCC Order.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS OR ALTERNATIVELY, EVIDENTIARY
SANCTIONS, AGAINST PLAINTIFFS FOR FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS

- Plaintiffs fail to explain the relevancy of the timing of MFS's written discovery directed to Plaintiffs' state law claims (Opp. at 4:9-10 [claiming MFS waited until after the Court's rulings on the Parties' cross motions for summary judgment in December 2024 to serve written discovery]). The notion that MFS believed discovery had been stayed as to Plaintiffs' state law claims is inconsistent with its service of initial disclosures and deposition notices regarding those claims months earlier in August 2024;

- Plaintiffs incorrectly state that MFS has not filed any motions to dismiss their state law claims (Opp. at 4:11-12 [claiming MFS has not filed any motions to dismiss as to the state law claims]). On the contrary, MFS *twice* moved to dismiss Plaintiffs' state law claims, *see* Dkt. #11, #28;

- MFS has not yet filed a motion for summary judgment on Plaintiffs' state law claims because the deadline to do so has not yet expired, *see* Dkt. #79 (Opp. at 4:11-12 [arguing that MFS has not yet moved for summary judgment on Plaintiffs' state law claims]). Furthermore, there are threshold issues at stake in this Motion and MFS's pending motion to eliminate or strike Plaintiffs' putative class action allegations [Dkt. #110] that should be decided *before* MFS files any dispositive motions against those claims; and

- MFS's corporate deponents testified as to issues related to the MCA exemption because Plaintiffs noticed MFS's deposition *only for* topics related to the applicability of the *MCA exemption*,[5] and MFS was not obligated to have its corporate deponents testify about matters that were outside the scope of the topics on which they were produced to testify (Opp. at 4:13-14 [claiming MFS's corporate witnesses only testified on issues related to the MCA exemption]).

Accordingly, *nothing* in Plaintiffs' Opposition demonstrates that MFS held "the same understanding" that Plaintiffs disingenuously claim to have had regarding a stay of discovery on their state law claims in this action.

## IV.    TERMINATING SANCTIONS SHOULD BE IMPOSED

### A.    PLAINTIFFS FAIL TO APPLY THE PROPER LEGAL STANDARDS APPLICABLE TO TERMINATING SANCTIONS

Plaintiffs grossly conflate and misconstrue the legal standards governing terminating sanctions. They erroneously assume that because terminating sanctions are generally reserved for "extreme circumstances," that the same elevated standard applies to MFS's burden of demonstrating that they engaged in a "bad faith" or "willful" failure to comply with their discovery obligations. On that incorrect basis, Plaintiffs argue that their disobedience was not "willful" or in "bad faith" because they

[5] Supplemental Declaration of Matthew C. Kane ("**Supp. Kane Decl.**"), ¶ 3, Exh. M.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    acted in "good faith" based on their *ex post facto,* unilateral assumption that the Court
2    stayed discovery while the parties litigated the MCA exemption issue (even though
3    they have identified no Order that actually referenced such a stay or otherwise
4    prevented them from conducting discovery).  Plaintiffs are wrong.

5         The Court has broad authority to impose terminating sanctions against a party
6    who fails to comply with their discovery obligations, and in deciding whether to do
7    so, it considers five factors, the most important of which are prejudice to the moving
8    party and the availability of lesser sanctions.  *Wanderer v. Johnston*, 910 F.2d 652,
9    656 (9th Cir. 1990).  Because terminating sanctions are generally reserved for extreme
10   circumstances, they carry the added requirement that there be a finding of willful or
11   bad faith disobedience before they are imposed.  *In re Heritage Bond Litig.*, 223
12   F.R.D. 527, 530 (C.D. Cal. 2004) (Chapman, M.J.).  And as MFS correctly stated in
13   its opening brief, its burden of establishing Plaintiffs "bad faith" or "willful
14   disobedience" is *low* because MFS is *only* required to show that Plaintiffs'
15   "disobedient conduct [was] not . . . outside [their] control."  *Fair Housing of Marin v.*
16   *Combs*, 285 F.3d 899, 905 (9th Cir. 2002); *Henry v. Gill Indus., Inc.*, 983 F.2d 943,
17   948 (9th Cir. 1993).  MFS has made that showing here.

18   **B.    PLAINTIFFS HAVE COMMITTED WILLFUL, BAD FAITH AND FLAGRANT
19            DISCOVERY VIOLATIONS FOR WHICH THEY ARE SOLELY AT FAULT**

20        Plaintiffs do **not** dispute that their failure to timely serve their initial disclosures
21   and to appear for their properly noticed depositions was entirely within their control.
22   Instead, they resort to concocting an *ex post facto* excuse for their discovery violations
23   predicated on the notion of a non-existent discovery stay.  But, even assuming
24   *arguendo* that it was reasonable for Plaintiffs to believe that discovery on their state
25   law claims was stayed while the MCA exemption issue was being adjudicated (which
26   it was not), this only reinforces that Plaintiffs' discovery violations were entirely
27   within their control and of their own making.  Indeed, it demonstrates that Plaintiffs
28   acted *intentionally* (albeit ostensibly in error).  But Plaintiffs' appeal to error rings

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

hollow and disingenuous in this case, not only because the Court has never issued *any* Order that made any reference to a stay of discovery, but also because Plaintiffs *never* sought clarification from the Court (or confirmation from MFS) as to whether discovery or any other aspect of this case was indeed stayed or otherwise sought relief from the Court's Scheduling Order deadlines on that basis.

Tellingly, Plaintiffs' discovery violations are not isolated incidents. To the contrary, they reflect a systemic disregard for governing rules. As demonstrated in MFS's opening brief, in addition to shirking their basic obligations to provide timely and compliant disclosures and appear for their noticed depositions, Plaintiffs have repeatedly made misrepresentations to this Court, violated mandatory conferral requirements set forth in the Local Rules and this Court's Standing Order, and failed to file their Motion for Class Certification by the Court-ordered deadline to do so and then attempted to misrepresent that both they and MFS "thought" discovery and that deadline as to their state law claims had been stayed, when in fact no such stay existed and MFS never communicated any such understanding. *See* Opp. at 10:27-12:6; *see also, e.g., Fair Housing of Marin*, 285 F.3d at 905-906 (affirming district court's decision to enter a default judgment based on discovery violations where defendant "repeatedly flouted even his basic discovery violations" and rejecting arguments that sanctions were inappropriately entered against him because he "eventually produced the documents").

Plaintiffs attempt to justify their disobedience with the remarkable assertion that MFS is somehow at fault for their refusal to appear for their depositions before the fact discovery cut-off date, asserting that MFS "cancelled [*sic*] its own corporate deposition (with an objection sent by mail)" and did not accept their supposed offer to make themselves available "to be deposed *after* the discovery cut-off." Opp. at 9:21-25 (emph. added).

**First**, Plaintiffs served their notice of taking MFS's 30(b)(6) deposition on January 8, 2025 and purported to unilaterally schedule the deposition for January 21,

2025 (the "**30(b)(6) Notice**").  Supp. Kane Decl., ¶ 4, Exh. N.  MFS appropriately

objected on grounds that, *inter alia*, the 30(b)(6) Notice:

- failed to provide "reasonable written notice" as required under Fed. R. Civ. P. 30(b)(1), especially given that Plaintiffs purported to require MFS to identify, designate, prepare, and produce one or more appropriate corporate deponent(s) on ***seven (7) business days' notice*** and to require one or more corporate deponent(s) to appear for an in-person deposition at Plaintiffs' counsel's office in Costa Mesa, California on the first business day following the Martin Luther King holiday weekend (*id.*; *see, e.g., In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327-328 (N.D. Ill. 2005) (finding **ten** business days was not reasonable notice of depositions where it was obvious, or at least probable, that the schedule of deponents and counsel would not be able to accommodate it);

- the topics for the deposition related to Plaintiffs' putative *class action claims*, which by the time MFS served its objections to the 30(b)(6) Notice, Plaintiffs had already advised MFS they *did not intend to pursue* such claims (*see* Kane Decl., Exh. F); and

- MFS's lead counsel was not available on the unilaterally noticed deposition date due to pre-scheduled personal travel plans.

Supp. Kane Decl., ¶ 5, Exh. O.

That *Plaintiffs* elected to *cancel* MFS's 30(b)(6) deposition in response to the

foregoing objections does not excuse their refusal to appear for their own depositions

noticed by MFS, particularly as to the second set of noticed depositions for which they

were indisputably available to appear ***before*** the fact discovery cut-off date because

they had confirmed their availability just days before the noticed deposition dates.

*Chih-Cheng Tsao v. Cnty. of Los Angeles*, 2011 WL 1532331, at *5 (C.D. Cal. Mar.

30, 2011) (Woehrle, M.J.), *report and recommendation adopted*, 2011 WL 1532014

(C.D. Cal. Apr. 22, 2011) (Staton, J.) (finding plaintiff's conduct satisfied willfulness

standard for imposition of a terminating sanction where there was "no excuse" for

failure to appear when plaintiff's availability for the noticed deposition was not

"reasonably subject to dispute").  Thus, "it certainly cannot be said that the failure to

appear was beyond [their] control." *F.T.C. v. U.S. Homeowners Relief, Inc.*, 2011 WL

6139676, at *3 (C.D. Cal. Oct. 21, 2011) (Walsh, M.J.) (finding defendant's failure to

attend his depositions was willful where he "simply refused to attend").

**Second**, Plaintiffs' illusory offer to be deposed after the fact discovery-cutoff

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

date was not an adequate resolution or response.  As a threshold and fundamental matter, such an offer did not change the fact of their *admitted, intentional failure to appear* for their depositions, *twice*, without grounds for doing so.  Those latest discovery violations still stand and have real consequences both in terms of subjecting Plaintiffs to sanctions and prejudicing MFS's preparation of a dispositive motion and for trial. Beyond those issues, their ostensible offer was a promise they had no power to keep.  Indeed, the decision of whether to modify Court-ordered deadlines is always within the discretion of the District Judge, regardless of whether the parties stipulate to a modification, and this Court's Standing Order makes clear that such a modification would be unlikely to be approved:

> "Accordingly, any stipulations or motions to continue discovery deadlines shall be filed and noticed for hearing before Judge Kato.  However, **the Court is not inclined to grant any extensions of the discovery or other case-related deadlines.  The parties are, therefore, directed to conduct any necessary discovery as soon as possible**."

Standing Order at 5:1-9 (emph. in orig.).  Thus, Plaintiffs' ostensible offer to be deposed after the fact discovery cut-off date—after having confirmed their availability to appear for their depositions as noticed *before* the cut-off and then refusing to do so—is wholly illusory since the parties have no authority to effectuate such a modification of the Scheduling Order without the Court's approval, which "the Court is not inclined to grant." *Id.*

Based on all of the foregoing, MFS has amply met its burden of demonstrating that Plaintiffs' refusal to appear for their noticed depositions and serve timely and compliant disclosures was "willful," *intentional*, and due to circumstances solely within their control.

## C.    THE RELEVANT FACTORS WEIGH IN FAVOR OF IMPOSING TERMINATING SANCTIONS

Plaintiffs contend that terminating sanctions are not warranted because MFS has shown "no prejudice and lesser sanctions are available."  Opp. at 12:1-2.  In so doing, Plaintiffs *do **not** address* – and thus **concede** the merits of – MFS's argument that the balance of factors weigh in *favor* of dismissal, namely, because **(1)** the public's interest in expeditious resolution of litigation will logically be advanced by dismissing Plaintiffs' claims; **(2)** the Court's need to manage its docket also justifies imposing terminating sanctions; and **(3)** the public policy factor is neutral and negligible because it is not controlling when the other factors favor dismissal.[6] *Compare* Mot. at 12:21-13:11, 16:21-17:6 *with* Opp. at 12:1-14:21.

Furthermore, as set forth below, MFS has been prejudiced by Plaintiffs' failure to comply with their basic discovery obligations, and less drastic sanctions are not available here:

### 1.    MFS Has Been Prejudiced By Plaintiffs' Failure To Appear For Their Properly Noticed Depositions And Provide Timely And Compliant Initial Disclosures

**First**, Plaintiffs do not dispute that "prejudice" is found when a non-compliant party's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."  *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (failure to appear at a deposition constitutes an interference with the rightful decision of the case and favors default); *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).  As explained in MFS's opening brief, Plaintiffs' refusal to appear for their properly noticed depositions before the close of discovery has significantly and unduly prejudiced MFS by "preventing [it] from preparing its case." *In re Heritage Bond Litig.*, 223 F.R.D. at 530.  "A party is entitled to know all of the

---

[6] *See, e.g., M.S. v. Cnty. of Ventura*, 2017 WL 10434015, at *24 n. 20 (C.D. Cal. Mar. 7, 2017) (O'Connell, J.) ("Failure to respond to the merits of one party's argument constitutes a concession of that argument."); *Ramirez v. Ghilotti Bros. Inc.*, 941 F.Supp.2d 1197, 1210 (N.D. Cal. 2013) (failure to oppose an argument is concession of the issue).

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS OR ALTERNATIVELY, EVIDENTIARY SANCTIONS, AGAINST PLAINTIFFS FOR FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

facts and evidence that underlie the opposing party's case, *long before dispositive motions*." *Tumbling v. Merced Irrigation Dist.*, 2010 WL 11450406, at *18 (E.D. Cal. Sept. 27, 2010) (emph. added). Indeed, "[r]equiring the parties to comply with the Rules of Civil Procedure and with the court's scheduling order promotes achieving such goals by giving full disclosure to the parties, minimizing the cost and delay of discovery and eliminating the need for unnecessary trial preparation." *Id.* Plaintiffs cannot credibly argue that MFS's ability to defend against their remaining claims in this case has not been severely prejudiced by their precluding it from taking their properly noticed depositions by the discovery cut-off date.

Yet, Plaintiffs argue that MFS has not been prejudiced because they have unilaterally declared that MFS can "still take these depositions" (*see* Opp. at 12:11-12)—even though the fact discovery deadline expired on January 24, 2025. As discussed above, Plaintiffs' argument is disingenuous and nothing more than an *ipse dixit* because they have no ability to unilaterally extend the fact discovery deadline and "the Court is not inclined to grant" stipulations to extend it. Standing Order at 5:1-9. Further, as Plaintiffs know, trial is scheduled to begin on June 6, 2025, and the deadline for hearing motions for summary judgment is **April 17, 2025**. By willfully refusing to appear for their properly noticed depositions, Plaintiffs deprived MFS of discovery that is critical to its ability to prepare a motion for summary judgment or for trial. Therefore, terminating sanctions are entirely appropriate and should be imposed against Plaintiffs. *See, e.g.*, *Wanderer*, 910 F.2d at 656 (failure of defendant to appear at deposition constitutes "palpable" prejudice and a "clear interference with the plaintiffs' ability to prove the claims and to obtain a decision in the case").

**Second**, Plaintiffs fail to meet their burden of proving their untimely disclosed witnesses or evidence was substantially justified or harmless. *See* Opp. at 12:15-13:21. Here, the burden was on Plaintiffs to timely disclose their witnesses, categories of documents, and computation of damages. Rule 26 states that "a party must, without awaiting a discovery request," comply with their initial disclosure obligations. Fed.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

R. Civ. P. 26(a); *see also Republic of Ecuador v. Mackay*, 742 F.3d 860, 865 (9th Cir. 2014) (compliance with Rule 26's disclosure requirements is "mandatory."). Indeed, "[a]n adverse party should not have to guess which undisclosed witnesses may be called to testify," or **which** documents Plaintiffs may use to support their claims or defenses. *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862-63 (9th Cir. 2014) (affirming district court's decision to exclude witnesses as untimely disclosed where defendant argued, "in essence, that it complied with Rule 26 because Plaintiffs knew of the contested witnesses' existence.").

Contrary to their false assertion, Plaintiffs *did not* disclose witnesses related to their *state law claims* in May 2024. Instead, Plaintiffs served their responses to MFS's first set of Interrogatories on **June 5, 2024** (not in May 2024),[7] in which they identified individuals whom they contend have "knowledge of, or information" related to their allegations that MFS owed them "overtime wages **under the FLSA**." Supp. Kane Decl., ¶ 2, Exh. L (emph. added). That is because, as Plaintiffs themselves have acknowledged, MFS's first set of Interrogatories did *not* ask about Plaintiffs' *state law claims* to which their falsely denominated "supplemental" disclosures relate. And, in any event, Plaintiffs' discovery responses do not comport with Rule 26(a)'s disclosure obligations because they do not provide the "name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the *subjects of that information*—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) (emph. added).

Moreover, Plaintiffs proffer no explanation as to why their cell phone bills from **2023** were produced on January 21, 2025, more than one year after filing this action— just **three days** before the January 24, 2025 fact discovery cut-off. *See* Opp. at 13:7-8 (arguing Plaintiffs' cell phone bills were produced "as soon as [they] had them."); Supp. Kane Decl., ¶ 6, Exh. P. Plaintiffs commenced this action against MFS on

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[7] This is yet another misrepresentation by Plaintiffs to the Court regarding discovery in this action.

12

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS OR ALTERNATIVELY, EVIDENTIARY SANCTIONS, AGAINST PLAINTIFFS FOR FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS

January 12, 2024.  *See* Dkt. #1.  Therefore, Plaintiffs must have reasonably known at least since filing this action that their cell phone bills were relevant to and discoverable in this action—given that they claim MFS *failed to reimburse them for such expenses*.

Finally, Plaintiffs *admit* that they failed to provide any purported computation of damages to MFS until January 21, 2025.  *See* Opp. at 13:13-18 (citing Dkt. #114 [Exh. B to the Declaration of Aashish Desai]).

Accordingly, Plaintiffs deprived MFS of any meaningful opportunity to explore evidence from the identified witnesses and documents or to incorporate any such evidence into its litigation strategy.  This is precisely the type of prejudice that courts have repeatedly found justifies the imposition of terminating sanctions.

**2.    Lesser Sanctions Are Not Available In Light Of Plaintiffs' Repeated And Willful Misrepresentations, Discovery Abuses And Blatant Disregard For Applicable Rules And Court-Ordered Deadlines**

"In deciding whether to impose case-dispositive sanctions, the most critical factor is not merely delay or docket management concerns, but truth."  *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007). "Dismissal is appropriate 'where a pattern of deception and discovery abuse made it impossible' for the district court to conduct a trial 'with any reasonable assurance that the truth would be available.'" *Valley Eng'rs Inc. v. Electric Eng'g Co.*, 158 F.3d 1051 (9th Cir. 1988) (int. cit. omitted).  A case cannot proceed on the merits if one side is willing to disassemble and deceive opposing counsel and the Court.  *See id.* at 1058 ("There is no point to a lawsuit, if it merely applies the law to lies. True facts must be the foundation for any just result.").

Lesser sanctions would not be adequate here because Plaintiffs have engaged in repeated and willful discovery violations, and then attempted to justify such abuses by misrepresenting key facts to the Court and otherwise improperly attempting to shift the blame for their misconduct to MFS.  *Anheuser-Busch v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (when "evaluating the propriety of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

13

dismissal, [the court must] consider all incidents of [the disobedient party's] alleged misconduct"); *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999) (acknowledging the court's broad discretion to issue sanctions for violations of discovery orders and holding that courts need not impose the "least onerous" sanction). Plaintiffs' continued insistence on repeating falsehoods and their persistent refusal to be accountable for their actions and tactics makes a disposition on the merits, based on true facts, impossible at this juncture. In short, less drastic sanctions will not cure the severe prejudice that Plaintiffs have caused MFS to incur.

## V. ALTERNATIVELY, SHOULD THE COURT NOT IMPOSE TERMINATING SANCTIONS, THEN EVIDENTIARY SANCTIONS SHOULD BE IMPOSED

Although it is manifest that terminating sanctions are warranted here, at a minimum, evidentiary sanctions should be imposed. As discussed above with respect to the imposition of terminating sanctions, MFS has been unduly prejudiced by Plaintiffs' flagrant disregard for their discovery obligations. Tellingly, Plaintiffs fail to address the extensive authorities cited by MFS which hold that evidentiary sanctions are warranted here (*see* Mot. at 18:8-28, 19:18-20:11 (citing cases)).

## VI. CONCLUSION

For all of the foregoing reasons, MFS respectfully requests that the Court grant this Motion and impose terminating sanctions against Plaintiffs by ordering their remaining individual claims dismissed with prejudice. Alternatively, at a minimum, should the Court not impose such terminating sanctions, then evidentiary sanctions should be imposed against Plaintiffs as requested.

Dated: February 20, 2025          **BAKER & HOSTETLER LLP**

By:    /s/ Matthew C. Kane
       Matthew C. Kane
       Sylvia J. Kim
       Amy E. Beverlin
       Kerri H. Sakaue

       Attorneys for Defendant
       McLANE FOODSERVICE, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## **<u>CERTIFICATION</u>**

The undersigned, counsel of record for Defendant, hereby certifies that this brief contains 4,882 words, which complies with the word limit of L.R. 11-6.1.

_/s/ Matthew C. Kane_
Matthew C. Kane

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS OR ALTERNATIVELY, EVIDENTIARY SANCTIONS, AGAINST PLAINTIFFS FOR FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS

## SUPPLEMENTAL DECLARATION OF MATTHEW C. KANE

I, MATTHEW C. KANE, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am a Partner with Baker & Hostetler LLP, attorneys of record for Defendant McLane Foodservice, Inc. ("**MFS**").  I make this supplemental declaration in further support of MFS's Motion for Terminating Sanctions, or Alternatively, Evidentiary Sanctions, Against Plaintiffs For Failure to Comply with Discovery Obligations (the "**Motion**").  I have personal knowledge of all that is set forth herein and, if called upon to testify, I could and would do so competently.

2.      On June 5, 2024, Plaintiffs served responses to MFS's first set of Interrogatories, in which they identified individuals whom they contend have "knowledge of, or information" related to their allegations that MFS owed them "overtime wages **under the FLSA**."  (Emph. added).  True and correct copies of Plaintiffs' interrogatory responses are attached hereto as **Exhibit L**.

3.      On July 16, 2024, Plaintiffs issued a deposition notice to MFS pursuant to Fed. R. Civ. P. 30(b)(6) that noticed MFS's deposition for July 22, 2024, a true and correct copy of which is attached hereto as **Exhibit M**.  After being advised that there would be three deponents testifying for MFS and the dates on which they were available for their depositions, Plaintiffs issued three amended deposition notices on August 1, 2024.  The amended deposition notices designated the same five "matters" as Plaintiff's original Rule 30(b)(6) deposition notice.

4.      On January 8, 2025, Plaintiffs served a deposition notice to MFS pursuant to Fed. R. Civ. P. 30(b)(6), purporting to notice MFS's deposition on patently objectionable topics related to their putative class action claims for January 21, 2025 (the "**30(b)(6) Notice**").  A true and correct copy of the 30(b)(6) Notice is attached hereto as **Exhibit N**.

5.      On January 16, 2025, MFS appropriately objected to the 30(b)(6) Notice on grounds that, *inter alia*, the 30(b)(6) Notice:

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

16

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS OR ALTERNATIVELY, EVIDENTIARY
SANCTIONS, AGAINST PLAINTIFFS FOR FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- failed to provide "reasonable written notice" as required under Fed. R. Civ. P. 30(b)(1), especially given that Plaintiffs purported to require MFS to identify, designate, prepare, and produce one or more appropriate corporate deponent(s) on ***seven (7) business days' notice*** and to require one or more corporate deponent(s) to appear for an in-person deposition at Plaintiffs' counsel's office in Costa Mesa, California on the first business day following the Martin Luther King holiday weekend (*id.*; *see, e.g., In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327-328 (N.D. Ill. 2005) (finding **ten** business days was not reasonable notice of depositions where it was obvious, or at least probable, that the schedule of deponents and counsel would not be able to accommodate it);

- the topics for the deposition related to Plaintiffs' putative *class action claims*, which by the time MFS served its objections to the 30(b)(6) Notice, Plaintiffs had already advised MFS they *did not intend to pursue* such claims (*see* Kane Decl., Exh. F); and

- MFS's lead counsel was not available on the unilaterally noticed deposition date due to pre-scheduled personal travel plans.

A true and correct copy of MFS's objections to the 30(b)(6) Notice are attached hereto as **Exhibit O**.

6.    On January 21, 2025, Plaintiffs produced copies of their cell phone bills to MFS from 2023, exemplars of which are attached hereto as **Exhibit P**.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed February 20, 2025, at Los Angeles, California.


_____
        */s/ Matthew C. Kane*
        MATTHEW C. KANE

EXHIBIT L

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone:  (949) 614-5830
Facsimile:   (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN OROZCO MADERO and ESTEBAN OROSCO on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>McLANE FOODSERVICE, INC., a Texas Corporation, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 5:24-cv-00073-KK-DTB<br><br>Hon. Kenly Kiya Kato<br><br>**RESPONSE OF ESTEBAN OROSCO TO DEFENDANT'S INTERROGATORIES, SET NUMBER ONE** |

EXHIBIT L

EXHIBIT L

**PROPOUNDING PARTY:**    **DEFENDANT McLANE FOODSERVICE, INC.**

**RESPONDING PARTY:**    **PLAINTIFF ESTEBAN OROSCO**

**SET NO.:**    **ONE (1)**

## INTRODUCTORY STATEMENT

1.    These responses are made solely for the purpose of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility and any or all other objections and grounds that would require the exclusion of any statement herein, if any admission was asked for, or in any statement contained herein, was made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at time of trial.

2.    This responding party is responding to all interrogatories to the extent that the information asked for is known.   However, this responding party's discovery and investigation in preparation for trial in this matter has not been completed as of the date of these responses to interrogatories and, therefore, this responding party does not propose to state herein anything more than information presently known and discovered.

3.    This responding party reserves the right to continue discovery and investigation in this matter for facts, witnesses and supporting data that may recall information, which if the responding party had presently within her knowledge, would be included in these responses.   Consequently, to the extent that the interrogatories herein ask for "all facts" or the name of "all persons" or the identity of "all documents", etc. they are responded to fully insofar as the information is presently available to the responding party; and this responding party is not precluded from presenting at trial information discovered after the date of these responses to interrogatories.

4.    This preliminary statement is incorporated into each of the responses

EXHIBIT L

EXHIBIT L

1    set forth below.

2         5.    Plaintiff objects to Defendant's interrogatories on the ground that

3    discovery is still ongoing.  The responses set forth below are, therefore, based

4    solely upon the facts and information presently known and available to Plaintiff.

5    Discovery, investigation, research and analysis are ongoing and may disclose

6    additional facts, establish entirely new factual or legal contentions or possibly lead

7    to additions, variations and changes to this response.  Accordingly, without

8    obligating himself to do so, Plaintiff hereby reserves the right to change or

9    supplement this response as additional documents, facts and/or contentions are

10    discovered, revealed, recalled or other ascertained.  Moreover, Plaintiff hereby

11    reserves the right to refer to conduct discovery with reference to, or to offer into

12    evidence at trial, any and all facts or other information related to this action

13    irrespective of whether such information is disclosed herein.

14         6.    Plaintiff objects to Defendant's interrogatories to the extent they call

15    for disclosure of information or documents that are privileged or protected by the

16    attorney-client privilege, the work product doctrine, the right of privacy recognized

17    under Article I, Section I of the California Constitution, or any other Constitutional

18    statutory or common law privilege or protection.  In addition, Plaintiff objects to

19    Defendant's interrogatories to the extent that they seek information that reflects or

20    discloses trade secrets or other confidential or proprietary information.  Plaintiff

21    will not necessarily repeat this objection in each of the individual responses below.

22    Nonetheless, Plaintiff does not intend to waive his right to assert these or other

23    applicable privileges, and intend that all of his responses be subject to these

24    objections.

25         7.    By these responses, Plaintiff makes no admission concerning the

26    relevance or admissibility of any of the information contained herein or any of the

27    subjects that are the subject of Defendant's interrogatories.  Plaintiff hereby

28    reserves the right to make all pertinent evidentiary objections with regard to such

EXHIBIT L

1    matters at trial or at any other stage of the proceedings.

2        8.    Plaintiff objects generally to Defendant's interrogatories to the extent

3    that they seek information not relevant to the subject matter of this action or

4    reasonably calculated to lead to the discovery of admissible evidence.

5        9.    Plaintiff specifically reserves his right to produce documents in lieu of

6    answers, as provided by the *Federal Rules of Civil Procedure*.

7

8                        **INTERROGATORY RESPONSES**

9    **SPECIAL INTERROGATORY NO. 1:**

10        IDENTIFY each and every PERSON whom YOU contend has knowledge of,

11    or information RELATING TO, the facts in support of YOUR allegations in YOUR

12    COMPLAINT that DEFENDANT owes YOU overtime wages under the FLSA,

13    including the knowledge which YOU believe each such PERSON has about that

14    subject.

15    **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

16        Plaintiff objects to this interrogatory on the grounds that it is overbroad,

17    burdensome and oppressive. Additionally, Plaintiff objects to this interrogatory on

18    the grounds that the requested information is equally available to the Defendants.

19        Without waiving and subject to the general and continuing objections set

20    forth above and the specific response and objections herein, and after conducting a

21    diligent search and making a reasonable inquiry, Plaintiff responds as follows:

22        Plaintiffs believe the following individuals have knowledge about his claims:

23    -  Israel Lopez Medina;
      -  Donald Lyon;
24    -  Jose Rea;
      -  Ibraham LKU;
25    -  Marcello Santos;
26    -  Cesar Orosco;
      -  Edgar Banda;
27    -  Javier Garcia;
28    -  Juan Ortiz;

4

EXHIBIT L

- Joe Lopez;
- Jason Hampton;
- Alexandra LKU, manager at Chik-Fil-A in Riverside;
- Justin LKU, employee at Chik-Fil-A in La Mirada;
- Joe LKU, manager at Buffalo Wild Wings in Buena Park;
- Sarah LKU, manager at Chick-fil-A;
- Other drivers I worked with;
- Other McLane Managers; and
- Purchasing Agent at McLane.

Discovery and investigation are continuing.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY each and every COMMUNICATION that YOU have had with any other PERSON, other than YOUR attorneys, regarding YOUR COMPLAINT or the facts underlying the allegations in YOUR COMPLAINT that DEFENDANT owes YOU overtime wages under the FLSA.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive.  Without waiving and subject to the general and continuing objections set forth above and the specific response and objections herein, and after conducting a diligent search and making a reasonable inquiry, Plaintiff responds as follows:

Aside from his attorneys, and communications within the presence of his attorneys, Plaintiff has not spoken with any other person about this lawsuit.

Discovery and investigation are continuing.

**SPECIAL INTERROGATORY NO. 3:**

For each of YOUR responses to DEFENDANT's Requests for Admission, Set One, served concurrently with these interrogatories that is not an unqualified admission, state all facts that support, refute or otherwise RELATE TO each such

5

EXHIBIT L

1   response.

2   **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

3       Plaintiff objects to this interrogatory on the grounds that it is overbroad,

4   burdensome and oppressive.   Without waiving and subject to the general and

5   continuing objections set forth above and the specific response and objections

6   herein, and after conducting a diligent search and making a reasonable inquiry,

7   Plaintiff responds as follows: Plaintiffs incorporate all the facts alleged in their First

8   Amended Complaint. Furthermore, Plaintiffs allege they did not engage in

9   interstate commerce under the Motor Carrier Act because they transported goods

10  within the same state. At the time these goods were shipped, McLane did not have a

11  fixed or persisting intent other than to store the goods until their McLane's in-state

12  clients ordered them from the distribution centers located within the same state.

13  Plaintiffs allege there was "no fixed or persisting intent" because at the time of

14  shipping the goods from out of state, 1) there was no existing order from McLane's

15  clients being filled for a specific quantity to be shipped outside the storage terminal,

16  2) McLane's storage facility is also the distribution point from which products are

17  sold or allocated; and (3) further transportation of McLane's clients' goods is

18  arranged only after the sale or allocation from storage.

19      During Plaintiffs' employment, Plaintiffs observed that McLane's customers

20  (e.g. various fast-food franchisees) placed orders for their restaurants that were

21  filled by products that were already located within McLane's California distribution

22  centers. While McLane's distribution centers would receive some goods from

23  outside the state, for example chicken from Tyson Foods, these goods came to rest

24  at McLane's California distribution centers to be inventoried, organized and labeled

25  by McLane's warehouse workers. McLane's California customers would then place

26  separate orders from its local stores that were ultimately fulfilled by the goods

27  stored at McLane's distribution centers. In other words, Plaintiffs delivered

28

EXHIBIT L

products McLane's distribution centers based on the separate orders placed by McLane's customers.

Plaintiffs alleged they were *misclassified* under the FLSA and therefore **entitled** to overtime pay because they worked "as local drivers," (Compl. ¶ 20), who worked out of McLane's "Riverside facility," (Compl. ¶ 21) and delivered McLane's products to McLane's customers "within the state of California." (Compl. 29.) Plaintiffs worked "in excess of forty (40) hours in various workweeks throughout their employment" but were "not compensated for overtime hours." (Compl., ¶¶ 31, 32.) Plaintiffs submitted a **paystub** that showed that Mr. Orosco worked 106 hours between a two-week period, October 8, 2023 to October 21, 2023 with <u>zero overtime</u> compensation. (Compl. ¶ 116.) In fact, he only got paid his hourly rate "$16/hr" for **all** "106 hours" for a total of **only** "$1,696" (16x106). (Compl. ¶ 116.) In addition, Plaintiffs submitted paystubs as exhibits to their Complaint: Mr. Orozco, working from "8/13-2023-8/26/2023" showing "49.38" hours worked for "$765.42" with **zero overtime** paid, and **no payment** for the "off the clock" work. (Compl., Exh. "B") Of course, all hours over 40 per week should have been paid at his overtime rate of one and one-half times his "regular rate." 29 U.S.C. § 207.

Plaintiffs allege they are not subject to the MCA because "there is no possibility of driving interstate or the possibility is remote." *Dole v. Circle "A" Constr., Inc.*, 738 F.Supp. 1313, 1322 (D. Idaho June 1, 1990). Factors to consider are: (1) the *proportion* of interstate to intrastate employee activity; (2) the method by which a carrier assigns the interstate activity to its employees; and (3) the overall nature of the carrier's business. *Kosin v. Fredjo's Enterprises, Ltd.*, No. 88 C 5924, 1989 WL 13175 (N.D. Ill. Feb. 14, 1989); 29 C.F.R. § 782.7(b)(1). *See* Response to RFA No. 1.

//

**SPECIAL INTERROGATORY NO. 4:**

IDENTIFY all PERSONS who have knowledge of each of the facts stated in YOUR response to Interrogatory No. 3. All persons who have knowledge re RFA responses.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive.  Without waiving and subject to the general and continuing objections set forth above and the specific response and objections herein, and after conducting a diligent search and making a reasonable inquiry, Plaintiff responds as follows:

See Response to Interrogatory No. 1.


**SPECIAL INTERROGATORY NO. 5:**

For each of YOUR responses to DEFENDANT's Requests for Admission, Set One, served concurrently with these interrogatories that is not an unqualified admission, IDENTIFY all DOCUMENTS that support, refute or otherwise RELATE TO each such response.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Plaintiff objects to this interrogatory on the grounds that it is duplicative of Defendant's other discovery requests. Additionally, Plaintiff objects to this interrogatory on the grounds that the requested information is equally available to the Defendants.

Without waiving and subject to the general and continuing objections set forth above and the specific response and objections herein, and after conducting a diligent search and making a reasonable inquiry, Plaintiff responds as follows: Plaintiffs have produced all non-privileged, responsive documents in their custody and control.

EXHIBIT L

EXHIBIT L

Dated:  June 5, 2024                                    DESAI LAW FIRM, P.C.


                                                        By:_____/s/ Aashish Y. Desai_____
                                                           Aashish Y. Desai
                                                           Adrianne De Castro
                                                           Attorneys for Plaintiffs

EXHIBIT L

# PROOF OF SERVICE

I, Sonia Nava, declare

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action; my business address is Desai Law Firm, P.C., 3200 Bristol Street, Ste. 650, Costa Mesa, California 92626.

On June 5, 2024, I served the foregoing document(s):

**PLAINTIFF OROSCO'S RESPONSES TO DEFENDANT'S INTERROGATORIES SET ONE**

| [x] | **By Mail:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid , the United States mail at Costa Mesa, California addressed as set forth below. |
|---|---|
| [ ] | **Delivery Service:** by placing the document(s) listed above in a sealed Delivery Service envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for next day delivery. |
| [x] | **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail address above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful |

BAKER & HOSTETLER LLP
Matthew C. Kane, SBN 171829
Amy E. Beverlin, SBN 284745
Kerri H. Sakaue, SBN 301043
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Emails: *mkane@bakerlaw.com*
*abeverlin@bakerlaw.com*
*ksakaue@bakerlaw.com*

BAKER & HOSTETLER LLP
Sylvia J. Kim, SBN 258363
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Email: *sjkim@bakerlaw.com*

Under the penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

*Sonia Nava*
Sonia Nava

1

EXHIBIT L

EXHIBIT L

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone:  (949) 614-5830
Facsimile:   (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN OROZCO MADERO and ESTEBAN OROSCO on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>McLANE FOODSERVICE, INC., a Texas Corporation, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 5:24-cv-00073-KK-DTB<br><br>Hon. Kenly Kiya Kato<br><br><br>**RESPONSE OF JORDAN OROZCO MADERO TO DEFENDANT'S SPECIAL INTERROGATORIES, SET NUMBER ONE** |

EXHIBIT L

EXHIBIT L

PROPOUNDING PARTY:    DEFENDANT McLANE FOODSERVICE, INC.

RESPONDING PARTY:    PLAINTIFF JORDAN OROZCO MADERO

SET NO.:    ONE (1)

### INTRODUCTORY STATEMENT

1.    These responses are made solely for the purpose of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility and any or all other objections and grounds that would require the exclusion of any statement herein, if any admission was asked for, or in any statement contained herein, was made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at time of trial.

2.    This responding party is responding to all interrogatories to the extent that the information asked for is known.   However, this responding party's discovery and investigation in preparation for trial in this matter has not been completed as of the date of these responses to interrogatories and, therefore, this responding party does not propose to state herein anything more than information presently known and discovered.

3.    This responding party reserves the right to continue discovery and investigation in this matter for facts, witnesses and supporting data that may recall information, which if the responding party had presently within her knowledge, would be included in these responses.   Consequently, to the extent that the interrogatories herein ask for "all facts" or the name of "all persons" or the identity of "all documents", etc. they are responded to fully insofar as the information is presently available to the responding party; and this responding party is not precluded from presenting at trial information discovered after the date of these responses to interrogatories.

4.    This preliminary statement is incorporated into each of the responses

EXHIBIT L

EXHIBIT L

1    set forth below.

2        5.    Plaintiff objects to Defendant's interrogatories on the ground that

3    discovery is still ongoing.  The responses set forth below are, therefore, based

4    solely upon the facts and information presently known and available to Plaintiff.

5    Discovery, investigation, research and analysis are ongoing and may disclose

6    additional facts, establish entirely new factual or legal contentions or possibly lead

7    to additions, variations and changes to this response.  Accordingly, without

8    obligating himself to do so, Plaintiff hereby reserves the right to change or

9    supplement this response as additional documents, facts and/or contentions are

10   discovered, revealed, recalled or other ascertained.  Moreover, Plaintiff hereby

11   reserves the right to refer to conduct discovery with reference to, or to offer into

12   evidence at trial, any and all facts or other information related to this action

13   irrespective of whether such information is disclosed herein.

14       6.    Plaintiff objects to Defendant's interrogatories to the extent they call

15   for disclosure of information or documents that are privileged or protected by the

16   attorney-client privilege, the work product doctrine, the right of privacy recognized

17   under Article I, Section I of the California Constitution, or any other Constitutional

18   statutory or common law privilege or protection.  In addition, Plaintiff objects to

19   Defendant's interrogatories to the extent that they seek information that reflects or

20   discloses trade secrets or other confidential or proprietary information.  Plaintiff

21   will not necessarily repeat this objection in each of the individual responses below.

22   Nonetheless, Plaintiff does not intend to waive his right to assert these or other

23   applicable privileges, and intend that all of his responses be subject to these

24   objections.

25       7.    By these responses, Plaintiff makes no admission concerning the

26   relevance or admissibility of any of the information contained herein or any of the

27   subjects that are the subject of Defendant's interrogatories.  Plaintiff hereby

28   reserves the right to make all pertinent evidentiary objections with regard to such

EXHIBIT L

EXHIBIT L

matters at trial or at any other stage of the proceedings.

8.    Plaintiff objects generally to Defendant's interrogatories to the extent that they seek information not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

9.    Plaintiff specifically reserves his right to produce documents in lieu of answers, as provided by the *Federal Rules of Civil Procedure*.

## INTERROGATORY RESPONSES

### SPECIAL INTERROGATORY NO. 1:

IDENTIFY each and every PERSON whom YOU contend has knowledge of, or information RELATING TO, the facts in support of YOUR allegations in YOUR COMPLAINT that DEFENDANT owes YOU overtime wages under the FLSA, including the knowledge which YOU believe each such PERSON has about that subject.

### RESPONSE TO SPECIAL INTERROGATORY NO. 1:

Plaintiff objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive. Additionally, Plaintiff objects to this interrogatory on the grounds that the requested information is equally available to the Defendants.

Without waiving and subject to the general and continuing objections set forth above and the specific response and objections herein, and after conducting a diligent search and making a reasonable inquiry, Plaintiff responds as follows:

Plaintiffs believe the following individuals have knowledge about his claims:

-    Israel Lopez Medina;
-    Donald Lyon;
-    Jose Rea;
-    Ibraham LKU;
-    Marcello Santos;
-    Cesar Orosco;
-    Edgar Banda;
-    Javier Garcia;
-    Juan Ortiz;

EXHIBIT L


- Joe Lopez;
- Jason Hampton;
- Alexandra LKU, manager at Chik-Fil-A in Riverside;
- Justin LKU, employee at Chik-Fil-A in La Mirada;
- Joe LKU, manager at Buffalo Wild Wings in Buena Park;
- Sarah LKU, manager at Chick-fil-A;
- Other drivers I worked with;
- Other McLane Managers; and
- Purchasing Agent at McLane.

Discovery and investigation are continuing.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY each and every COMMUNICATION that YOU have had with any other PERSON, other than YOUR attorneys, regarding YOUR COMPLAINT or the facts underlying the allegations in YOUR COMPLAINT that DEFENDANT owes YOU overtime wages under the FLSA.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive. Without waiving and subject to the general and continuing objections set forth above and the specific response and objections herein, and after conducting a diligent search and making a reasonable inquiry, Plaintiff responds as follows:

Aside from his attorneys, and communications within the presence of his attorneys, Plaintiff has not spoken with any other person about this lawsuit.

Discovery and investigation are continuing.

**SPECIAL INTERROGATORY NO. 3:**

For each of YOUR responses to DEFENDANT's Requests for Admission, Set One, served concurrently with these interrogatories that is not an unqualified admission, state all facts that support, refute or otherwise RELATE TO each such response.

EXHIBIT L

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive. Without waiving and subject to the general and continuing objections set forth above and the specific response and objections herein, and after conducting a diligent search and making a reasonable inquiry, Plaintiff responds as follows: Plaintiffs incorporate all the facts alleged in their First Amended Complaint. Furthermore, Plaintiffs allege they did not engage in interstate commerce under the Motor Carrier Act because they transported goods within the same state. At the time these goods were shipped, McLane did not have a fixed or persisting intent other than to store the goods until their McLane's in-state clients ordered them from the distribution centers located within the same state. Plaintiffs allege there was "no fixed or persisting intent" because at the time of shipping the goods from out of state, 1) there was no existing order from McLane's clients being filled for a specific quantity to be shipped outside the storage terminal, 2) McLane's storage facility is also the distribution point from which products are sold or allocated; and (3) further transportation of McLane's clients' goods is arranged only after the sale or allocation from storage.

During Plaintiffs' employment, Plaintiffs observed that McLane's customers (e.g. various fast-food franchisees) placed orders for their restaurants that were filled by products that were already located within McLane's California distribution centers. While McLane's distribution centers would receive some goods from outside the state, for example chicken from Tyson Foods, these goods came to rest at McLane's California distribution centers to be inventoried, organized and labeled by McLane's warehouse workers. McLane's California customers would then place separate orders from its local stores that were ultimately fulfilled by the goods stored at McLane's distribution centers. In other words, Plaintiffs delivered products McLane's distribution centers based on the separate orders placed by McLane's customers.

EXHIBIT L

EXHIBIT L

Plaintiffs alleged they were *misclassified* under the FLSA and therefore **entitled** to overtime pay because they worked "as local drivers," (Compl. ¶ 20), who worked out of McLane's "Riverside facility," (Compl. ¶ 21) and delivered McLane's products to McLane's customers "within the state of California." (Compl. 29.)  Plaintiffs worked "in excess of forty (40) hours in various workweeks throughout their employment" but were "not compensated for overtime hours." (Compl., ¶¶ 31, 32.) Plaintiffs submitted a **paystub** that showed that Mr. Orosco worked 106 hours between a two-week period, October 8, 2023 to October 21, 2023 with <u>zero overtime</u> compensation. (Compl. ¶ 116.) In fact, he only got paid his hourly rate "$16/hr" for **all** "106 hours" for a total of **only** "$1,696" (16x106). (Compl. ¶ 116.) In addition, Plaintiffs submitted paystubs as exhibits to their Complaint: Mr. Orozco, working from "8/13-2023-8/26/2023" showing "49.38" hours worked for "$765.42" with **zero overtime** paid, and **no payment** for the "off the clock" work. (Compl., Exh. "B") Of course, all hours over 40 per week should have been paid at his overtime rate of one and one-half times his "regular rate."  29 U.S.C. § 207.

Plaintiffs allege they are not subject to the MCA because "there is no possibility of driving interstate or the possibility is remote." *Dole v. Circle "A" Constr., Inc.*, 738 F.Supp. 1313, 1322 (D. Idaho June 1, 1990). Factors to consider are: (1) the *proportion* of interstate to intrastate employee activity; (2) the method by which a carrier assigns the interstate activity to its employees; and (3) the overall nature of the carrier's business. *Kosin v. Fredjo's Enterprises, Ltd*., No. 88 C 5924, 1989 WL 13175 (N.D. Ill. Feb. 14, 1989); 29 C.F.R. § 782.7(b)(1).  *See* Response to RFA No. 1.

//

EXHIBIT L

**SPECIAL INTERROGATORY NO. 4:**

IDENTIFY all PERSONS who have knowledge of each of the facts stated in YOUR response to Interrogatory No. 3. All persons who have knowledge re RFA responses.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, burdensome and oppressive.   Without waiving and subject to the general and continuing objections set forth above and the specific response and objections herein, and after conducting a diligent search and making a reasonable inquiry, Plaintiff responds as follows:

See Response to Interrogatory No. 1.

**SPECIAL INTERROGATORY NO. 5:**

For each of YOUR responses to DEFENDANT's Requests for Admission, Set One, served concurrently with these interrogatories that is not an unqualified admission, IDENTIFY all DOCUMENTS that support, refute or otherwise RELATE TO each such response.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Plaintiff objects to this interrogatory on the grounds that it is duplicative of Defendant's other discovery requests. Additionally, Plaintiff objects to this interrogatory on the grounds that the requested information is equally available to the Defendants.

Without waiving and subject to the general and continuing objections set forth above and the specific response and objections herein, and after conducting a diligent search and making a reasonable inquiry, Plaintiff responds as follows: Plaintiffs have produced all non-privileged, responsive documents in their custody and control.

EXHIBIT L

EXHIBIT L

1

2      Dated:  June 5, 2024                                    DESAI LAW FIRM, P.C.

3

4                                                    By:_____/s/ *Aashish Y. Desai*_____

5                                                          Aashish Y. Desai
                                                         Adrianne De Castro
6                                                          Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT L

EXHIBIT L

## PROOF OF SERVICE

I, Sonia Nava, declare

    I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action; my business address is Desai Law Firm, P.C., 3200 Bristol Street, Ste. 650, Costa Mesa, California 92626.

    On June 5, 2024, I served the foregoing document(s):

**PLAINTIFF MADERO'S RESPONSES TO DEFENDANT'S INTERROGATORIES SET ONE**

| | |
|---|---|
| [x] | **By Mail:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid , the United States mail at Costa Mesa, California addressed as set forth below. |
| [ ] | **Delivery Service:** by placing the document(s) listed above in a sealed Delivery Service envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for next day delivery. |
| [x] | **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail address above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful |

BAKER & HOSTETLER LLP
Matthew C. Kane, SBN 171829
Amy E. Beverlin, SBN 284745
Kerri H. Sakaue, SBN 301043
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Emails: *mkane@bakerlaw.com*
*abeverlin@bakerlaw.com*
*ksakaue@bakerlaw.com*

BAKER & HOSTETLER LLP
Sylvia J. Kim, SBN 258363
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Email: *sjkim@bakerlaw.com*

    Under the penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

*Sonia Nava*
_____
Sonia Nava

EXHIBIT L

EXHIBIT M

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol Ave., Suite 650
Costa Mesa, CA 92626
Tel:  (949) 614-5830
Fax:  (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN OROZCO MADERO and ESTEBAN OROSCO on behalf of themselves and all others similarly situated, | Case No. 5:24-cv-00073-KK-DTB |
| | Hon. Kenly Kiya Kato |
| Plaintiffs, | **PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION** |
| v. | |
| McLANE FOODSERVICE, INC., a Texas Corporation, and DOES 1-10, inclusive, | **DATE OF DEPOSITION:** |
| Defendants. | **Date:**   July 22, 2024<br>**Time:**   10:00 a.m.<br>**Place:**  Desai Law Firm, P.C. |

EXHIBIT M

TO DEFENDANTS [DEFENDANTS], AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant, through its designated agent(s).

The deposition will commence on **<u>July 22, 2024 at 10:00 a.m</u>**., at DESAI LAW FIRM, P.C., 3200 Bristol St., Suite 650, Costa Mesa, CA 92626 or at a mutually agreeable location.  Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify and are most knowledgeable and competent to testify regarding the matters designated below.  The following shall apply to the instant depositions(s):

## I.    DEFINITIONS AND INSTRUCTIONS

Except as otherwise defined or broadened in this notice of deposition, Plaintiff incorporates by reference the definitions set forth in Fed. R. Civ. P. 26 and 30.

1. Unless otherwise indicated, the terms "Defendant" is used to include all entities, trade names, and subsidiaries operating businesses owned by Defendant.

2. Unless otherwise indicated, the term "Plaintiffs" refers to the named Plaintiffs and all putative class members.

3. Unless otherwise indicated, the term "truck drivers" or "drivers" shall mean Defendant's drivers employed in the capacity of truck driver and any other similarly-designated title or similarly-situated person.

## II.    MATTERS DESIGNATED FOR DEPOSITION TESTIMONY

Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant is hereby directed to designate one or more officers, directors,

EXHIBIT M

EXHIBIT M

managing agents, or other persons who consent to testify and are most knowledgeable and competent to testify regarding the following matters:

1. As defined under the Motor Carrier Act, Defendant's fixed and persistent transportation intent for a practical continuity of movement in interstate commerce concerning goods that Plaintiffs transported throughout the duration of their employment with Defendant,

2. As defined under the Motor Carrier Act, Defendant's assertion that Plaintiffs transported goods as part of a practical continuity of movement in interstate commerce, including how Defendant tracked the goods through a continuous movement in interstate commerce;

3. The analysis and interpretations of Defendant's document production in response to Plaintiffs' discovery, including any Summary Report (i.e., date the goods were transported across state lines, the origin and date the goods left their place of origin, date and time goods were transported to individual stores) and Master Service Agreements that are expected to be produced;

4. The method by which Defendant assigned its routes and trucks to its California truck drivers, including Plaintiffs;

5. If you maintain that Plaintiffs transported goods that traveled through a continuous movement in interstate commerce based on customer projections, forecasting reports, orders and/or anticipated customer demands, the person most knowledgeable about those subjects.

Dated: July 16, 2024                          DESAI LAW FIRM, P.C.


                                              By:____/s/ Aashish Y. Desai_____
                                                  Aashish Y. Desai
                                                  Adrianne De Castro
                                                  Attorneys for Plaintiffs

EXHIBIT M

EXHIBIT M

PROOF OF SERVICE
C.C.P. §§ 1013A and 2015.5

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3200 Bristol Street, Ste. 650, Costa Mesa, California 92626.

On July 16, 2024, I served the foregoing document described as **PLAINTIFF'S NOTICE OF TAKING FRCP 30(b)(6) DEPOSITION** on the interested parties in this action by sending a true copy thereof via e-mail to the addresses listed below:

**Counsel for Defendant McLane Foodservice, Inc.:**
**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829 , *mkane@bakerlaw.com*
Amy E. Beverlin, SBN 284745, abeverlin@bakerlaw.com
Kerri H. Sakaue, SBN 301043, *ksakaue@bakerlaw.com*
Sylvia J. Kim, SBN 258363, *sjkim@bakerlaw.com*

**[  ]    BY MAIL** – I deposited such envelope in the mail at Costa Mesa, California. The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ X ]  BY E-MAIL OR ELECTRONIC TRANSMISSION –** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail address above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
    */s/ Adrianne De Castro*
    ADRIANNE DE CASTRO

EXHIBIT M

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol Ave., Suite 650
Costa Mesa, CA 92626
Tel:  (949) 614-5830
Fax:  (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN OROZCO MADERO and ESTEBAN OROSCO on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>McLANE FOODSERVICE, INC., a Texas Corporation, and DOES 1-10, inclusive,<br><br>     Defendants. | Case No. 5:24-cv-00073-KK-DTB<br><br>Hon. Kenly Kiya Kato<br><br>**PLAINTIFFS' NOTICE OF TAKING FED. R CIV. P. 30(b)(6) DEPOSITION**<br><br>**<u>DATE OF DEPOSITION</u>:**<br><br>**Date:**  January 21, 2025<br>**Time:**  10:00 a.m. (PT)<br>**Place:**  Desai Law Firm, P.C.<br>          3200 Bristol Street Ste. 650<br>          Costa Mesa, CA 92626 |

0

EXHIBIT N

TO DEFENDANTS [DEFENDANTS], AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant, through its designated agent(s).

The deposition will commence on **January 21, 2025, at 10:00 a.m**., at DESAI LAW FIRM, P.C., 3200 Bristol St., Suite 650, Costa Mesa, CA 92626. Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify and are most knowledgeable and competent to testify regarding the matters designated below.  The following shall apply to the instant depositions(s):

## I.    DEFINITIONS AND INSTRUCTIONS

Except as otherwise defined or broadened in this notice of deposition, Plaintiff incorporates by reference the definitions set forth in Fed. R. Civ. P. 26 and 30.

1. Unless otherwise indicated, the terms "Defendant" is used to include all entities, trade names, and subsidiaries operating businesses owned by Defendant.

2. Unless otherwise indicated, the term "Plaintiffs" refers to the named Plaintiffs and all putative class members.

3. Unless otherwise indicated, the term "truck drivers" or "drivers" shall mean Defendant's drivers employed in the capacity of truck driver and any other similarly-designated title or similarly-situated person.

## II.    MATTERS DESIGNATED FOR DEPOSITION TESTIMONY

Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant is hereby directed to designate one or more officers, directors,

EXHIBIT N

EXHIBIT N

managing agents, or other persons who consent to testify and are most knowledgeable and competent to testify regarding the following matters:

1.   Defendant's practices, policies, procedures, guidelines, and rules regarding its truck drivers' use of their personal cell phones and any reimbursement for such use, including but not limited to the creation, implementation, and enforcement of such practices, policies, procedures, guidelines, and rules;

2.   Defendant's compensation practices, policies, procedures, guidelines, and rules with regard to Defendant's truck drivers, including but not limited to the creation, implementation, and enforcement of such practices, policies, procedures, guidelines, and rules;

3.   Defendant's documentation of and record-keeping policies with respect to its drivers' compensation during the liability period;

4.   Defendant's practices, policies, procedures, guidelines, and rules with regard to Defendant's truck drivers' paystubs during the liability period;

5.   The factual basis supporting any and all affirmative defenses raised in Defendant's Answer to the First Amended Complaint in this matter.


Dated:  January 8, 2025                    DESAI LAW FIRM, P.C.


                                  By:     /s/ Aashish Y. Desai
                                        Aashish Y. Desai
                                        Adrianne De Castro
                                        Attorneys for Plaintiffs

EXHIBIT N

EXHIBIT N

<div align="center">

PROOF OF SERVICE
C.C.P. §§ 1013A and 2015.5

</div>

STATE OF CALIFORNIA, COUNTY OF ORANGE

      I am employed in the county of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3200 Bristol Street, Ste. 650, Costa Mesa, California 92626.

      On January 8, 2025, I served the foregoing document described as **PLAINTIFFS' NOTICE OF TAKING FRCP 30(b)(6) DEPOSITION** on the interested parties in this action by sending a true copy thereof via e-mail to the addresses listed below:

**Counsel for Defendant McLane Foodservice, Inc.:**
**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829 , *mkane@bakerlaw.com*
Amy E. Beverlin, SBN 284745, abeverlin@bakerlaw.com
Kerri H. Sakaue, SBN 301043, *ksakaue@bakerlaw.com*
Sylvia J. Kim, SBN 258363, *sjkim@bakerlaw.com*

**[ ]  BY MAIL** – I deposited such envelope in the mail at Costa Mesa, California. The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ X ]  BY E-MAIL OR ELECTRONIC TRANSMISSION –** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail address above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

<div align="center" style="margin-left:40%">

_/s/ Sonia Nava_
SONIA NAVA

</div>

EXHIBIT N

EXHIBIT O

**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829
Amy E. Beverlin, SBN 284745
Kerri H. Sakaue, SBN 301043
1900 Avenue of the Stars Suite 2700
Los Angeles, CA 90067-4301
Telephone:   310.820.8800
Facsimile: 310.820.8859
Emails:   *mkane@bakerlaw.com*
          *abeverlin@bakerlaw.com*
          *ksakaue@bakerlaw.com*

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:   415.659.2600
Facsimile: 415.659.2601
Email:    *sjkim@bakerlaw.com*

Attorneys for Defendant
McLANE FOODSERVICE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JORDAN OROZCO MADERO and
ESTEBAN OROSCO on behalf of
themselves and all others similarly
situated,

       Plaintiffs,

  v.

McLANE FOODSERVICE, INC., a
Texas Corporation, and DOES 1-10,
inclusive,

       Defendants.

CASE NO. 5:24-cv-00073-KK-DTB

**DEFENDANT'S OBJECTIONS TO
PLAINTIFFS' NOTICE OF TAKING
FED. R. CIV. P. 30(b)(6)
DEPOSITION**

Date:  January 21, 2025
Time: 10:00 a.m. (PT)
Place: Desai Law Firm, P.C.
      3200 Bristol Street, Ste. 650
      Costa Mesa, CA 92626

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT O

EXHIBIT O

Defendant McLANE FOODSERVICE, INC. ("Defendant") hereby objects to Plaintiffs JORDAN OROZCO MADERO and ESTEBAN OROSCO's (collectively, "Plaintiffs") Notice of Taking Fed. R. Civ. P. 30(b)(6) (the "Notice"), as follows:

<u>**OBJECTIONS TO THE NOTICE**</u>

1.    Defendant objects to the scheduling of the deposition for January 21, 2025, without any attempt by Plaintiffs to confer with Defendant's counsel in advance to select a mutually agreeable date or location prior to noticing the deposition, especially given that the deponent(s) may be located out-of-state.  Plaintiffs' Notice, served on the afternoon of July 8, 2025, when the Pacific Palisades wildfire was raging, without any effort to confer with Defendant's counsel and without any consideration for Defendant's or the ostensible deponents' schedules or locations, is burdensome, oppressive, annoying, inconvenient, and unprofessional.  In any event, neither the ostensible deponent(s) nor Defendant's lead counsel, who left for pre-scheduled personal travel from January 10, 2025 to January 20, 2025, are available on the unilaterally noticed date, and Defendant **will not be appearing on January 21, 2024**.  However, Defendant is willing to meet and confer with Plaintiffs about the timing, scope, and topics for the deposition(s).

2.    Defendant objects to the Notice in its entirety, and to each matter designated for deposition testimony included therein, on the grounds that it does not provide "reasonable written notice" as required under Fed. R. Civ. P. 30(b)(1), especially given that Plaintiffs purport to require Defendant to identify, designate, prepare, and produce one or more appropriate corporate deponent(s) on seven (7) business days' notice three days before the discovery cut-off and to require one or more appropriate corporate deponent(s) to appear for deposition at Plaintiffs' counsel's office in Costa Mesa, California on the first business day following the long Martin Luther King holiday weekend.  *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327-328 (N.D. Ill. 2005) (finding **ten** business days was *not* reasonable notice of depositions where it was obvious, or at least probable, that the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT O

EXHIBIT O

schedule of deponents and counsel would be unable to accommodate). This is particularly so given that on January 6, 2025, two days before serving the Notice, Plaintiffs filed a Request for Dismissal of their remaining state law claims in this action (the "Dismissal Request") [Dkt. #106], leading Defendant to understand that Plaintiffs did not intend to proceed with this case any further, including the deposition identified in the Notice served two days later, and that there was no need to identify, schedule, prepare and produce any deponent(s) in connection with the Notice. Indeed, even the day before the Notice was served, Plaintiffs filed a Reply in *further* support of their Dismissal Request which reiterated their intent to not proceed with this case any further, which would include the deposition identified in the Notice served the next day.

3. Defendant objects to the Notice in its entirety, and to each matter designated for deposition testimony included therein, because they seek to impose on Defendant a requirement or obligation to produce for deposition its "most knowledgeable" persons. The Federal Rules of Civil Procedure do not "require a corporate entity to produce its person most knowledgeable about the matters designated. Rather, it need only produce a person 'with knowledge whose testimony will be binding on the party.'" *Alsabur v. Autozone, Inc.*, 2014 WL 2772486, at *2 (N.D. Cal. June 18, 2014) (quoting *Rodriguez v. Pataki,* 293 F.Supp.2d 305, 311 (S.D.N.Y.2003)); *see also* Fed. R. Civ. P. 30(b)(6) ("The persons designated must testify about information known or reasonably available to the organization."); Cal. Prac. Guide: Fed. Civ. P. before Trial § 11:1414 (The Rutter Group 2016) ("The person(s) so designated must be able to testify fully as to the matters designated," but "[a] party need not produce the person most knowledgeable about the matters designated." (citations omitted)).

4. Defendant objects to the Notice in its entirety, and to each matter designated for deposition testimony included therein, to the extent that they seek to impose discovery obligations on Defendant and/or the deponent(s) that are broader

EXHIBIT O

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

than, or inconsistent with, the Federal Rules of Civil Procedure and the applicable Local Rules.

5.    Defendant objects to the Notice in its entirety, and to each matter designated for deposition testimony included therein, to the extent that they call for the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine, all privileges set forth in the Federal Rules of Evidence, trade secret, and/or any other applicable statutory, common law, or constitutional privileges.

6.    Defendant objects to the Notice in its entirety, and to each matter designated for deposition testimony included therein, to the extent they seek information that is private, personal, confidential, sensitive, or proprietary or that constitutes a trade secret.  If Defendant provides such information, it will do so only subject to the entry of an appropriate protective order restricting the use and disclosure of such information.

7.    Defendant objects to the Notice in its entirety, and to each matter designated for deposition testimony included therein, to the extent that they call for the disclosure of information the release of which would be a violation of any right of privacy under the United States Constitution, Article I, Section 1 of the California Constitution, or any other constitutional, statutory, or common law right of privacy. There is no reason to compel the disclosure of such irrelevant and immaterial information when weighed against the interests of Defendant and other parties, and Plaintiffs have not made any showing establishing a right to obtain such information.

8.    Defendant objects to the Notice in its entirety, and to each matter designated for deposition testimony included therein, to the extent that they call for information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT O

9.     Defendant objects to the Notice in its entirety, and to each matter designated for deposition testimony included therein, to the extent that they purport to require the deponent to obtain information not in the deponent's possession, custody, or control.

10.     Defendant objects to the Notice in its entirety, and to each matter designated for deposition testimony included therein, to the extent that each is vague, ambiguous and/or compound and does not describe the material sought with sufficient particularity.

11.     Defendant objects to the Notice in its entirety, and to each matter designated for deposition testimony included therein, to the extent that they call for information that is neither relevant to the subject matter of this action nor likely to lead to the discovery of admissible evidence.

12.     Defendant objects to the Notice in its entirety, and to each matter designated for deposition testimony included therein, to the extent that they call for information that is publicly available or equally available to, or already in the possession of, Plaintiffs.

13.     Defendant objects to the Notice in its entirety, and to each matter designated for deposition testimony included therein, to the extent that each is overbroad, unduly burdensome, oppressive, and harassing.   As drafted, the topics for examination identified in the Notice are not limited to the Plaintiffs' individual claims, but, instead, are styled as applying more broadly to all of Defendant's employees who are putative class members.  However, Plaintiffs have waived their right and ability to pursue class action claims herein by failing to move for certification of any class by the deadline set by the Court.  Indeed, the Court denied Plaintiffs' Dismissal Request on January 10, 2025, and directed Defendant to file a motion to strike the putative class action allegations by January 24, 2025.  Further, Plaintiffs' counsel informed Defendant's counsel by email on the afternoon of January 14, 2025, that "in light of the Court's [January 10, 2025] Order, [Plaintiffs] do not intend to move forward with

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT O

[their] class claims and will move forward with [their] clients' individual state law Labor Code claims."

14.   Defendant objects to the term "Defendant," as defined in Section I of the Notice, and to each matter designated for deposition testimony in which that term is used on the grounds that it is unduly burdensome, overbroad, oppressive, harassing, seeks information that is not relevant and/or not proportionate to the needs of the case. Defendant responds to this Notice on behalf of itself and no other entities or persons.

15.   Defendant objects to the term "Plaintiffs," as defined in Section I of the Notice, on the grounds that it improperly purports to seek class-related discovery. Plaintiffs' deadline to file their motion for class certification expired two months ago. Because Plaintiffs failed to timely move for class certification, they cannot pursue their claims on a class action basis and thus cannot seek discovery pertaining to "all putative class members."

16.   Defendant objects to the term "truck drivers" or "drivers," as defined in Section I of the Notice, and to each matter designated for deposition testimony in which those terms are used on the grounds that they are unduly burdensome, overbroad, oppressive, harassing, seeks information that is not relevant and/or not proportionate to the needs of the case, particularly inasmuch as the terms are not limited to Plaintiffs whose individual claims are all that remain in this action and/or during the limitations periods applicable to Plaintiffs' individual claims.

17.   Defendant has not yet completed its investigation of the facts, has not yet completed discovery, and has not yet begun its preparation for trial in this matter. Consequently, the foregoing objections are given without prejudice to Defendant's right to amend these objections and/or to further object to the Notice and each matter designated therein at a later date, including, but not limited to, at the deposition(s).

///

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## SPECIFIC OBJECTIONS TO EACH MATTER DESIGNATED FOR
## DEPOSITION TESTIMONY

**MATTER NO. 1:**

Defendant's practices, policies, procedures, guidelines, and rules regarding its truck drivers' use of their personal cell phones and any reimbursement for such use, including but not limited to the creation, implementation, and enforcement of such practices, policies, procedures, guidelines, and rules.

**OBJECTIONS TO MATTER NO. 1:**

In addition to the foregoing Recurring Objections, which are expressly incorporated herein by this reference as though set forth in full, Defendant objects that this matter fails to designate with reasonable particularity the matters on which examination is requested. To that point, Defendant objects to this matter on the grounds that it is overbroad, vague, and ambiguous as to the terms/phrases "Defendant's," "practices, policies, procedures, guidelines, and rules," "its truck drivers," "use," "any reimbursement," and "creation, implementation, and enforcement."

Defendant further objects to this matter on the grounds that it is unduly burdensome, overbroad, oppressive, harassing, and seeks information that is not relevant and/or not proportionate to the needs of the case. First, this matter is not limited to any particular time period (and thus is not limited to the limitations period applicable to Plaintiffs' claims) or geographic location (e.g., California). Second, and in any event, Plaintiffs' deadline to file their motion for class certification expired two months ago. Because Plaintiffs failed to timely move for class certification, they cannot pursue their claims on a class action basis and are not entitled to any discovery pertaining to "truck drivers" other than themselves.

Defendant further objects to this matter to the extent it seeks information that invades the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this matter to the extent that it seeks disclosure of trade

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT O

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

secrets, commercial information, proprietary information and/or constitutionally
protected information pertaining to Defendant and/or third parties. Defendant also
objects to this matter to the extent it seeks testimony regarding information that is not
reasonably accessible due to the undue burden and expense required to attempt
retrieval of any such materials. Defendant also objects to this matter on the ground
that, to the extent the requested information is discoverable in whole or in part, less
intrusive written discovery means could and should have been used.

**MATTER NO. 2:**

Defendant's compensation practices, policies, procedures, guidelines, and rules
with regard to Defendant's truck drivers, including but not limited to the creation,
implementation, and enforcement of such practices, policies, procedures, guidelines,
and rules.

**OBJECTIONS TO MATTER NO. 2:**

In addition to the foregoing Recurring Objections, which are expressly
incorporated herein by this reference as though set forth in full, Defendant objects that
this matter fails to designate with reasonable particularity the matters on which
examination is requested. To that point, Defendant objects to this matter on the
grounds that it is overbroad, vague, and ambiguous as to the terms/phrases
"Defendant's," "compensation practices, policies, procedures, guidelines, and rules,"
"Defendant's truck drivers," and "creation, implementation, and enforcement."

Defendant further objects to this matter on the grounds that it is unduly
burdensome, overbroad, oppressive, harassing, and seeks information that is not
relevant and/or not proportionate to the needs of the case. First, this matter is not
limited to any particular time period (and thus is not limited to the limitations period
applicable to Plaintiffs' claims), geographic location (e.g., California), or specific
issues involved with Plaintiffs' individual claims. Second, and in any event,
Plaintiffs' deadline to file their motion for class certification expired two months ago.
Because Plaintiffs failed to timely move for class certification, they cannot pursue

EXHIBIT O

their claims on a class action basis and are not entitled to any discovery pertaining to "truck drivers" other than themselves.

Defendant further objects to this matter to the extent it seeks information that invades the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this matter to the extent that it seeks disclosure of trade secrets, commercial information, proprietary information and/or constitutionally protected information pertaining to Defendant and/or third parties. Defendant also objects to this matter to the extent it seeks testimony regarding information that is not reasonably accessible due to the undue burden and expense required to attempt retrieval of any such materials. Defendant also objects to this matter that, to the extent the requested information is discoverable in whole or in part, less intrusive written discovery means could and should have been used.

## MATTER NO. 3:

Defendant's documentation of and record-keeping policies with respect to its drivers' compensation during the liability period.

## OBJECTIONS TO MATTER NO. 3:

In addition to the foregoing Recurring Objections, which are expressly incorporated herein by this reference as though set forth in full, Defendant objects that this matter fails to designate with reasonable particularity the matters on which examination is requested. To that point, Defendant objects to this matter on the grounds that it is overbroad, vague, and ambiguous as to the terms/phrases "Defendant's,' "documentation of," "record-keeping policies," "compensation," and "during the liability period."

Defendant further objects to this matter on the grounds that it is unduly burdensome, overbroad, oppressive, harassing, and seeks information that is not relevant and/or not proportionate to the needs of the case. First, this matter is not limited to any identifiable time period, geographic location (e.g., California) or specific issues involved with Plaintiffs' individual claims. Second, and in any event,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiffs' deadline to file their motion for class certification expired two months ago. Because Plaintiffs failed to timely move for class certification, they cannot pursue their claims on a class action basis and are not entitled to any discovery pertaining to "truck drivers" other than themselves.

Defendant further objects to this matter to the extent it seeks information that invades the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this matter to the extent that it seeks disclosure of trade secrets, commercial information, proprietary information and/or constitutionally protected information pertaining to Defendant and/or third parties. Defendant also objects to this matter to the extent it seeks testimony regarding information that is not reasonably accessible due to the undue burden and expense required to attempt retrieval of any such materials. Defendant also objects to this matter that, to the extent the requested information is discoverable in whole or in part, less intrusive written discovery means could and should have been used.

## MATTER NO. 4:

Defendant's practices, policies, procedures, guidelines, and rules with regard to Defendant's truck drivers' paystubs during the liability period.

## OBJECTIONS TO MATTER NO. 4:

In addition to the foregoing Recurring Objections, which are expressly incorporated herein by this reference as though set forth in full, Defendant objects that this matter fails to designate with reasonable particularity the matters on which examination is requested. To that point, Defendant objects to this matter on the grounds that it is overbroad, vague, and ambiguous as to the terms/phrases "Defendant's," "practices, policies, procedures, guidelines, and rules," "Defendant's truck drivers," "paystubs," and "during the liability period."

Defendant further objects to this matter on the grounds that it is unduly burdensome, overbroad, oppressive, harassing, and seeks information that is not relevant and/or not proportionate to the needs of the case. First, this matter is not

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT O

1   limited to any identifiable time period, geographic location (e.g., California) and

2   specific paystub issues involved with Plaintiffs' individual claims.  Second, and in any

3   event, Plaintiffs' deadline to file their motion for class certification expired two

4   months ago.  Because Plaintiffs failed to timely move for class certification, they

5   cannot pursue their claims on a class action basis and are not entitled to any discovery

6   pertaining to "truck drivers" other than themselves.

7        Defendant further objects to this matter to the extent it seeks information that

8   invades the attorney-client privilege and/or the attorney work-product doctrine.

9   Defendant further objects to this matter to the extent that it seeks disclosure of trade

10  secrets, commercial information, proprietary information and/or constitutionally

11  protected information pertaining to Defendant and/or third parties.  Defendant also

12  objects to this matter to the extent it seeks testimony regarding information that is not

13  reasonably accessible due to the undue burden and expense required to attempt

14  retrieval of any such materials.  Defendant also objects to this matter that, to the extent

15  the requested information is discoverable in whole or in part, less intrusive written

16  discovery means could and should have been used.

17  **MATTER NO. 5:**

18       The factual basis supporting any and all affirmative defenses raised in

19  Defendant's Answer to the First Amended Complaint in this matter.

20  **OBJECTIONS TO MATTER NO. 5:**

21       In addition to the foregoing Recurring Objections, which are expressly

22  incorporated herein by this reference as though set forth in full, Defendant objects that

23  this matter fails to designate with reasonable particularity the matters on which

24  examination is requested and, on this ground, is unduly burdensome, overbroad,

25  oppressive, harassing, seeks information that is not relevant and/or not proportionate

26  to the needs of the case.  To that point, this matter is overbroad, vague, and ambiguous

27  as to the terms/phrases "Defendant's," "factual basis" and "any and all affirmative

28  defenses."

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT O

Defendant further objects to this matter to the extent it purports to require Defendant to produce a deponent to testify regarding its legal contentions in this action. "[A] 30(b)(6) deposition is not an appropriate vehicle for taking discovery into legal contentions." *Zeleny v. Newsom*, 2020 WL 3057467, at *2 (N.D. Cal. June 9, 2020); *see also Lenz v. Universal Music Corp.*, 2010 WL 1610074, at *3 (N.D. Cal. Apr. 20, 2010) (questions about legal contentions are "an improper topic for a Rule 30(b)(6) deposition"); *3M Co. v. Kanbar*, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007) (topics "seeking legal conclusions ... should not form the basis for 30(b)(6) deposition topics"). To the extent Plaintiffs are not using this matter to obtain factual information, and because "oral testimony in which the witness has to answer questions on the spot about a party's legal contentions is an improper use of a deposition," this matter is improper. *Zeleny*, 2020 WL 3057467, at *2; *see also In re Google RTB Consumer Privacy Litig.*, 2022 WL 2068215, at *6 ("[I]t is improper for plaintiffs to use [a deposition notice] to obtain Google's legal contentions or legal conclusions.").

Defendant further objects to this matter to the extent it seeks information that invades the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this matter to the extent that it seeks disclosure of trade secrets, commercial information, proprietary information and/or constitutionally protected information pertaining to Defendant and/or third parties. Defendant also objects to this matter that, to the extent the requested information is discoverable in whole or in part, less intrusive written discovery means could and should have been used. *See, e.g.*, *United States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016) (Segal, M.J.) ("'[W]hen the proposed deposition topics are complex and highly technical, or involve legal issues that require the assistance of an attorney, the interrogatory is the preferred device.'").

1

Dated:  January 16, 2025          **BAKER & HOSTETLER LLP**

2

3          By:   _/s/ Matthew C. Kane_____
                        Matthew C. Kane
4                       Sylvia J. Kim
                        Amy E. Beverlin
5                       Kerri H. Sakaue

           Attorneys for Defendant
6          McLANE FOODSERVICE, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067. On January 16, 2025, I served a copy of the within document(s):

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' NOTICE OF TAKING FED. R. CIV. P. 30(b)(6) DEPOSITION**

| | |
|---|---|
| ☑ | **VIA OVERNIGHT MAIL**. By placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of UPS Overnight, and causing the envelope to be delivered to a UPS Overnight agent for delivery on the next business day. |

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq.
Adrianne De Castro, Esq.
3200 Bristol St., Suite 650
Costa Mesa, CA 92626

*Attorneys for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 16, 2025, at Los Angeles, California.

_____
Tyler Patton

**verizon✓**

PO BOX 489
NEWARK, NJ 07101-0489

EXHIBIT P

Billing period Feb 7, 2023 - Mar 6, 2023  |  Account # 933621348  |  Invoice # 933621348

KEYLINE

||||··||·|||·||·|||·||·||·|||·||·|||·||·||·|||·||·|||·||·||

ROCIO HERNANDEZ



| | |
|---|---|
| $166.47 | $166.47 |
| Feb | Mar |

Your March bill total is the same as last month's. You can see a full breakdown of all this month's charges on go.vzw.com/mybill.

# Your March bill is $166.47

It's due on Mar 29, 2023. You have Auto Pay scheduled for Mar 22, 2023.

| | |
|---|---|
| Account charges | -$9.16 |
| **Rocio Hernandez**<br>951-288-1711 | **$82.26** |
| **Rocio Hernandez** | **$93.37** |
| | **$166.47** |

## Balance forward from last bill

| | |
|---|---|
| Previous balance (through Feb 6) | $166.47 |
| Payment received - Thank you (Feb 22) | -$166.47 |
| **Total balance forward** | $0.00 |

## Good to know

**Check your online bill for all surcharges, taxes and gov fees**

The total amount due for this month includes surcharges of **$8.24** and taxes and gov fees of **$3.14**. For an itemized list of taxes, fees and surcharges visit go.vzw.com/mybill.

EXHIBIT P

MADERO-000380



1

**verizon**

EXHIBIT P

## Account Charges    -$9.16

"Add Ons" are features, content, and apps that we provide to you directly or through our relationships with certain content, app, and business partners. They are Verizon charges. For questions about these charges, visit http://m.vzw.com/m/block.

You'll be charged a late fee when you don't pay your bill on time. The amount is the greater of $5 or 1.5% of the unpaid balance, or as allowed by law in the state of your billing address.

### Monthly charges and credits    -$25.00

| | |
|---|---|
| $25 Military Discount 2-3 Phns (Mar 7 - Apr 6) | -$25.00 |

### Add-ons    $14.98

| | |
|---|---|
| discovery+ (Ad-Free) Monthly  (Mar 4 - Apr 3) | $6.99 |
| Disney+ Monthly  (Feb 12 - Mar 11) | $7.99 |

### Taxes and gov fees    $0.86

| | |
|---|---|
| Local tax | $0.86 |

EXHIBIT P

**MADERO-000381**

2

# verizon

**EXHIBIT P**

## Rocio Hernandez $82.26

951-288-1711

PIXEL 6

Includes the $10/month discount on your 5G START plan for being enrolled in Auto Pay and paper-free billing.

**5G products aren't eligible for the access fee discounts generally offered through your employer or organization.**

"Add Ons" are features, content, and apps that we provide to you directly or through our relationships with certain content, app, and business partners. They are Verizon charges. For questions about these charges, visit http://m.vzw.com/m/block.

### Monthly charges and credits $60.00

| | | |
|---|---|---|
| 5G Start (Mar 7 - Apr 6) | ~~$70.00~~ | $60.00 |
| Includes $10.00/month Auto Pay and paper - free billing discount | | |
| Device payment 9 of 36 ($699.99/36mo) | | $19.44 |
| $524.88 remaining after this month (Agreement 1462658653) | | |
| Trade-In Device Promo Credit 9 of 36 | | -$19.44 |

### Add-ons $17.00

| | |
|---|---|
| Verizon Mobile Protect - (Mar 7 - Apr 6) | $17.00 |

### Surcharges $4.12

| | |
|---|---|
| Fed Universal Service Charge | $0.73 |
| Regulatory Charge | $0.09 |
| Admin & Telco Recovery Charge | $3.30 |

### Taxes and gov fees $1.14

| | |
|---|---|
| CA State 911 Surcharge | $0.30 |
| CA Teleconnect Fund Surchg | $0.02 |
| CA State High Cost Fund (A) | $0.02 |
| Lifeline Surcharge - CA | $0.13 |
| CA Advanced Srvcs Fund (CASF) | $0.03 |
| CA State 988 Surcharge | $0.08 |
| CA State PUC Fee | $0.02 |
| CA Relay Srvc/Comm Device Fund | $0.03 |
| Moreno Valley City UUT | $0.51 |

## Rocio Hernandez $93.37

951-743-1112

GALAXY S22 ULTRA

Includes the $10/month discount on your 5G START plan for being enrolled in Auto Pay and paper-free billing.

**5G products aren't eligible for the access fee discounts generally offered through your employer or organization.**

### Monthly charges and credits $71.11

| | | |
|---|---|---|
| 5G Start (Mar 7 - Apr 6) | ~~$70.00~~ | $60.00 |
| Includes $10.00/month Auto Pay and paper - free billing discount | | |
| Device payment 9 of 36 ($1,199.99/36mo) | | $33.33 |
| $899.91 remaining after this month (Agreement 1462658652) | | |
| Trade-In Device Promo Credit 9 of 36 | | -$22.22 |

**EXHIBIT P**



**MADERO-000382**

3

"Add Ons" are features, content, and apps that we provide to you directly or through our relationships with certain content, app, and business partners. They are Verizon charges. For questions about these charges, visit http://m.vzw.com/m/block.

| Add-ons | $17.00 |
|---|---|
| Verizon Mobile Protect - (Mar 7 - Apr 6) | $17.00 |

| Surcharges | $4.12 |
|---|---|
| Fed Universal Service Charge | $0.73 |
| Regulatory Charge | $0.09 |
| Admin & Telco Recovery Charge | $3.30 |

| Taxes and gov fees | $1.14 |
|---|---|
| CA State 911 Surcharge | $0.30 |
| CA Teleconnect Fund Surchg | $0.02 |
| CA State High Cost Fund (A) | $0.02 |
| Lifeline Surcharge - CA | $0.13 |
| CA Advanced Srvcs Fund (CASF) | $0.03 |
| CA State 988 Surcharge | $0.08 |
| CA State PUC Fee | $0.02 |
| CA Relay Srvc/Comm Device Fund | $0.03 |
| Moreno Valley City UUT | $0.51 |

| **Your bill this month** | **$166.47** |
|---|---|

**verizon**

**EXHIBIT P**

# Rocio Hernandez

**951.288.1711**
**PIXEL 6**

## Talk activity

| Date | Time | Number | Origination | Destination | Min. | Airtime Charges | LD/Other Charges | Total |
|------|------|--------|-------------|-------------|------|-----------------|------------------|-------|
| Feb 7 | 8:58 AM | 951.230.0779 | Moreno Val, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 7 | 8:59 AM | 951.230.0779 | Moreno Val, CA | Perris, C A | 11 | -- | -- | -- |
| Feb 7 | 9:30 AM | 951.259.3853 | Moreno Val, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 7 | 9:31 AM | 951.488.4144 | Moreno Val, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 7 | 9:34 AM | 909.272.8743 | Moreno Val, CA | Arrowhead, CA | 1 | -- | -- | -- |
| Feb 7 | 9:35 AM | 951.623.9178 | Moreno Val, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 7 | 9:39 AM | 951.539.2013 | Moreno Val, CA | Arlington, CA | 2 | -- | -- | -- |
| Feb 7 | 9:53 AM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 5 | -- | -- | -- |
| Feb 7 | 12:26 PM | 951.488.4144 | Moreno Val, CA | Moreno, CA | 116 | -- | -- | -- |
| Feb 7 | 2:42 PM | 951.488.4144 | March Air, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 7 | 2:44 PM | 951.850.9622 | Riverside, CA | VM Deposit, CL | 1 | -- | -- | -- |
| Feb 7 | 2:45 PM | 951.743.1112 | Riverside, CA | Riverside, CA | 1 | -- | -- | -- |
| Feb 7 | 3:32 PM | 951.743.1112 | Perris, C A | Riverside, CA | 1 | -- | -- | -- |
| Feb 7 | 5:04 PM | 951.850.9622 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 7 | 5:15 PM | 951.732.6837 | Moreno Val, CA | Incoming, CL | 6 | -- | -- | -- |
| Feb 8 | 5:44 AM | 951.230.0779 | Moreno Val, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 8 | 5:44 AM | 951.230.0779 | Moreno Val, CA | Incoming, CL | 15 | -- | -- | -- |
| Feb 8 | 7:47 AM | 951.230.0779 | Moreno Val, CA | Incoming, CL | 10 | -- | -- | -- |
| Feb 8 | 10:42 AM | 951.259.3853 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 8 | 11:41 AM | 909.264.4969 | Moreno Val, CA | Incoming, CL | 23 | -- | -- | -- |
| Feb 8 | 1:33 PM | 866.634.8379 | Moreno Val, CA | Toll-Free, CL | 12 | -- | -- | -- |
| Feb 8 | 1:57 PM | 866.634.8379 | Moreno Val, CA | Toll-Free, CL | 8 | -- | -- | -- |
| Feb 8 | 3:37 PM | 951.488.4144 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 9 | 7:59 AM | 951.743.1112 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 9 | 8:40 AM | 951.253.1268 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 9 | 8:43 AM | 951.242.3596 | Riverside, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 9 | 9:05 AM | 714.910.5507 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 9 | 9:24 AM | 951.242.3596 | Riverside, CA | Moreno, CA | 2 | -- | -- | -- |
| Feb 9 | 9:38 AM | 951.867.3747 | Riverside, CA | Moreno, CA | 2 | -- | -- | -- |
| Feb 9 | 9:44 AM | 951.867.3555 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 9 | 10:48 AM | 951.743.1112 | Riverside, CA | Incoming, CL | 4 | -- | -- | -- |
| Feb 9 | 11:22 AM | 951.243.5714 | Moreno Val, CA | Sunnymead, CA | 1 | -- | -- | -- |
| Feb 9 | 11:23 AM | 951.230.0779 | Moreno Val, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 9 | 11:44 AM | 951.230.0779 | Moreno Val, CA | Incoming, CL | 3 | -- | -- | -- |
| Feb 9 | 12:44 PM | 951.242.3596 | Moreno Val, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 9 | 12:45 PM | 951.222.2208 | Moreno Val, CA | Riverside, CA | 8 | -- | -- | -- |
| Feb 9 | 1:14 PM | 951.230.0779 | Moreno Val, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 9 | 1:15 PM | 951.230.0779 | Moreno Val, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 9 | 4:14 PM | 714.910.5507 | WiFi CL | VM Deposit, CL | 1 | -- | -- | -- |
| Feb 9 | 6:34 PM | 714.884.5067 | Moreno Val, CA | Incoming, CL | 3 | -- | -- | -- |
| Feb 9 | 11:42 PM | 951.230.0779 | Santa Ana, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 9 | 11:43 PM | 951.253.1501 | Santa Ana, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 10 | 2:38 AM | 951.488.4144 | Irvine, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 10 | 2:49 AM | 951.623.9178 | Newport Be, CA | Incoming, CL | 65 | -- | -- | -- |

**verizon**

**EXHIBIT P**

# Rocio Hernandez

**951.288.1711**
**PIXEL 6**

## Talk activity (cont.)

| Date | Time | Number | Origination | Destination | Min. | Airtime Charges | LD/Other Charges | Total |
|---|---|---|---|---|---|---|---|---|
| Feb 10 | 3:53 AM | 951.488.4144 | Newport Be, CA | Incoming, CL | 82 | -- | -- | -- |
| Feb 10 | 3:53 AM | 951.623.9178 | Newport Be, CA | Perris, C A | 81 | -- | -- | -- |
| Feb 10 | 5:39 AM | 951.743.1112 | Newport Be, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 10 | 6:13 AM | 951.488.4144 | Newport Be, CA | Moreno, CA | 65 | -- | -- | -- |
| Feb 10 | 7:18 AM | 951.488.4144 | Irvine, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 10 | 7:18 AM | 951.488.4144 | Tustin, CA | Incoming, CL | 37 | -- | -- | -- |
| Feb 10 | 7:59 AM | 951.488.4144 | Irvine, CA | Incoming, CL | 90 | -- | -- | -- |
| Feb 10 | 10:43 AM | 951.743.1112 | March Air, CA | Riverside, CA | 1 | -- | -- | -- |
| Feb 10 | 10:44 AM | 951.743.1112 | March Air, CA | Incoming, CL | 3 | -- | -- | -- |
| Feb 10 | 3:35 PM | 951.242.3596 | WiFi CL | Moreno, CA | 5 | -- | -- | -- |
| Feb 10 | 3:40 PM | 951.222.2208 | WiFi CL | Riverside, CA | 3 | -- | -- | -- |
| Feb 10 | 3:42 PM | 951.222.2208 | WiFi CL | Riverside, CA | 16 | -- | -- | -- |
| Feb 10 | 4:13 PM | 951.242.3596 | Moreno Val, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 10 | 9:14 PM | 951.230.0779 | Moreno Val, CA | Perris, C A | 3 | -- | -- | -- |
| Feb 10 | 9:20 PM | 714.661.8154 | Moreno Val, CA | Santa Ana, CA | 2 | -- | -- | -- |
| Feb 10 | 11:13 PM | 951.230.0779 | Santa Ana, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 11 | 2:54 AM | 951.230.0779 | Costa Mesa, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 11 | 3:06 AM | 951.230.0779 | Costa Mesa, CA | Incoming, CL | 57 | -- | -- | -- |
| Feb 11 | 4:02 AM | 951.488.4144 | Costa Mesa, CA | Incoming, CL | 21 | -- | -- | -- |
| Feb 11 | 6:49 AM | 623.225.0693 | Huntington, CA | VM Deposit, CL | 1 | -- | -- | -- |
| Feb 11 | 6:50 AM | 909.685.8688 | Huntington, CA | Rialto, CA | 28 | -- | -- | -- |
| Feb 11 | 7:19 AM | 951.488.4144 | Huntington, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 11 | 7:19 AM | 951.259.3853 | Huntington, CA | Perris, C A | 16 | -- | -- | -- |
| Feb 11 | 7:23 AM | 951.488.4144 | Huntington, CA | Incoming, CL | 10 | -- | -- | -- |
| Feb 11 | 7:32 AM | 951.743.1112 | Huntington, CA | Incoming, CL | 3 | -- | -- | -- |
| Feb 11 | 8:12 AM | 951.623.9178 | Fountain V, CA | Perris, C A | 31 | -- | -- | -- |
| Feb 11 | 9:32 AM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 8 | -- | -- | -- |
| Feb 11 | 10:07 AM | 951.242.3596 | Moreno Val, CA | Moreno, CA | 7 | -- | -- | -- |
| Feb 11 | 10:13 AM | 951.222.2208 | Moreno Val, CA | Riverside, CA | 2 | -- | -- | -- |
| Feb 12 | 3:29 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 1 | -- | -- | -- |
| Feb 12 | 9:14 PM | 951.230.0779 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 12 | 10:17 PM | 951.230.0779 | Yorba Lind, CA | Incoming, CL | 186 | -- | -- | -- |
| Feb 12 | 11:04 PM | 951.867.3747 | Buena Park, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 13 | 2:09 AM | 623.225.0693 | Cerritos, CA | Incoming, CL | 44 | -- | -- | -- |
| Feb 13 | 2:15 AM | 951.867.3747 | Cerritos, CA | Moreno, CA | 3 | -- | -- | -- |
| Feb 13 | 2:19 AM | 951.230.0779 | Cerritos, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 13 | 2:27 AM | 951.867.3555 | Artesia, CA | Incoming, CL | 3 | -- | -- | -- |
| Feb 13 | 2:30 AM | 951.230.0779 | Artesia, CA | Perris, C A | 304 | -- | -- | -- |
| Feb 13 | 2:53 AM | 623.225.0693 | Cerritos, CA | Incoming, CL | 74 | -- | -- | -- |
| Feb 13 | 7:36 AM | 760.368.8913 | Cerritos, CA | Twntynplms, CA | 29 | -- | -- | -- |

**EXHIBIT P**
**MADERO-000385**

6

**verizon**

EXHIBIT P

# Rocio Hernandez

**951.288.1711**
**PIXEL 6**

## Talk activity (cont.)

| Date | Time | Number | Origination | Destination | Min. | Airtime Charges | LD/Other Charges | Total |
|------|------|--------|-------------|-------------|------|-----------------|------------------|-------|
| Feb 13 | 8:04 AM | 951.867.3555 | Artesia, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 13 | 8:05 AM | 951.230.0779 | Artesia, CA | Incoming, CL | 10 | -- | -- | -- |
| Feb 13 | 8:15 AM | 951.230.0779 | Lapalma, CA | Perris, CA | 1 | -- | -- | -- |
| Feb 13 | 8:16 AM | 951.230.0779 | Lapalma, CA | Perris, CA | 2 | -- | -- | -- |
| Feb 13 | 8:24 AM | 951.488.4144 | Lapalma, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 13 | 8:35 AM | 951.230.0779 | Lapalma, CA | Incoming, CL | 13 | -- | -- | -- |
| Feb 13 | 9:04 AM | 951.488.4144 | LA Palma, CA | Incoming, CL | 94 | -- | -- | -- |
| Feb 13 | 9:36 AM | 951.867.3747 | Buena Park, CA | Moreno, CA | 6 | -- | -- | -- |
| Feb 13 | 11:10 AM | 714.884.5067 | Moreno Val, CA | Santa Ana, CA | 8 | -- | -- | -- |
| Feb 13 | 11:34 AM | 951.623.9178 | Moreno Val, CA | Perris, CA | 1 | -- | -- | -- |
| Feb 13 | 11:47 AM | 714.884.5067 | Moreno Val, CA | Incoming, CL | 7 | -- | -- | -- |
| Feb 13 | 2:40 PM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 13 | 2:41 PM | 951.743.1112 | Riverside, CA | Incoming, CL | 4 | -- | -- | -- |
| Feb 13 | 11:22 PM | 951.230.0779 | Los Angele, CA | Incoming, CL | 13 | -- | -- | -- |
| Feb 14 | 12:43 AM | 951.623.9178 | Los Angele, CA | Perris, CA | 27 | -- | -- | -- |
| Feb 14 | 1:09 AM | 951.623.9178 | Los Angele, CA | Perris, CA | 28 | -- | -- | -- |
| Feb 14 | 2:37 AM | 951.230.0779 | Los Angele, CA | Perris, CA | 1 | -- | -- | -- |
| Feb 14 | 2:46 AM | 951.623.9178 | Los Angele, CA | Incoming, CL | 72 | -- | -- | -- |
| Feb 14 | 2:55 AM | 951.488.4144 | Rosemead, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 14 | 3:01 AM | 951.488.4144 | Haciendahe, CA | Incoming, CL | 56 | -- | -- | -- |
| Feb 14 | 4:08 AM | 951.867.3747 | Moreno Val, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 14 | 4:11 AM | 951.623.9178 | Moreno Val, CA | Perris, CA | 5 | -- | -- | -- |
| Feb 14 | 10:13 AM | 951.867.3555 | Moreno Val, CA | Moreno, CA | 3 | -- | -- | -- |
| Feb 14 | 10:22 AM | 951.230.0779 | Moreno Val, CA | Perris, CA | 17 | -- | -- | -- |
| Feb 14 | 10:46 AM | 951.242.3596 | Riverside, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 14 | 10:47 AM | 951.867.3555 | Riverside, CA | Moreno, CA | 3 | -- | -- | -- |
| Feb 14 | 11:28 AM | 951.743.1112 | Riverside, CA | Riverside, CA | 1 | -- | -- | -- |
| Feb 14 | 11:58 AM | 951.743.1112 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 14 | 12:13 PM | 951.867.3555 | Riverside, CA | Moreno, CA | 4 | -- | -- | -- |
| Feb 14 | 12:22 PM | 951.867.3555 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 14 | 12:32 PM | 951.488.4144 | Moreno Val, CA | Incoming, CL | 4 | -- | -- | -- |
| Feb 14 | 1:16 PM | 951.242.3596 | Moreno Val, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 15 | 8:19 AM | 951.242.3596 | WiFi CL | Moreno, CA | 1 | -- | -- | -- |
| Feb 15 | 8:19 AM | 951.242.3596 | Moreno Val, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 15 | 8:38 AM | 951.230.0779 | Moreno Val, CA | Perris, CA | 9 | -- | -- | -- |
| Feb 15 | 10:45 AM | 951.867.3555 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 15 | 1:21 PM | 951.292.3546 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 15 | 3:30 PM | 951.743.1112 | WiFi CL | Riverside, CA | 2 | -- | -- | -- |
| Feb 16 | 6:30 AM | 951.867.3555 | Moreno Val, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 16 | 6:30 AM | 951.867.3747 | Moreno Val, CA | Moreno, CA | 4 | -- | -- | -- |

MADERO-000386

**verizon**

# Rocio Hernandez

**951.288.1711**
**PIXEL 6**

## Talk activity (cont.)

| Date | Time | Number | Origination | Destination | Min. | Airtime Charges | LD/Other Charges | Total |
|---|---|---|---|---|---|---|---|---|
| Feb 16 | 6:39 AM | 951.230.0779 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 16 | 7:14 AM | 951.230.0779 | Moreno Val, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 16 | 7:29 AM | 951.230.0779 | Moreno Val, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 16 | 7:44 AM | 951.230.0779 | Moreno Val, CA | Perris, C A | 2 | -- | -- | -- |
| Feb 16 | 10:44 AM | 951.420.1005 | Hemet, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 16 | 12:02 PM | 951.867.3555 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 16 | 12:06 PM | 951.867.3555 | Moreno Val, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 16 | 12:12 PM | 951.867.3555 | WiFi CL | Moreno, CA | 5 | -- | -- | -- |
| Feb 16 | 12:29 PM | 951.867.3555 | Moreno Val, CA | Moreno, CA | 2 | -- | -- | -- |
| Feb 17 | 7:21 AM | 714.884.5067 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 17 | 7:24 AM | 760.368.8913 | Moreno Val, CA | Twntynplms, CA | 4 | -- | -- | -- |
| Feb 17 | 9:07 AM | 951.867.3555 | Moreno Val, CA | Moreno, CA | 2 | -- | -- | -- |
| Feb 17 | 9:20 AM | 951.420.1005 | Moreno Val, CA | Perris, C A | 4 | -- | -- | -- |
| Feb 17 | 12:06 PM | 951.242.3596 | Moreno Val, CA | Moreno, CA | 2 | -- | -- | -- |
| Feb 17 | 12:08 PM | 818.428.3791 | Moreno Val, CA | Northridge, CA | 1 | -- | -- | -- |
| Feb 17 | 12:08 PM | 818.428.3791 | Moreno Val, CA | Northridge, CA | 2 | -- | -- | -- |
| Feb 17 | 12:10 PM | 951.242.3596 | Moreno Val, CA | Moreno, CA | 3 | -- | -- | -- |
| Feb 17 | 12:13 PM | 951.242.3596 | Moreno Val, CA | Moreno, CA | 7 | -- | -- | -- |
| Feb 17 | 12:21 PM | 951.222.2208 | Moreno Val, CA | Riverside, CA | 7 | -- | -- | -- |
| Feb 17 | 12:28 PM | 888.944.3747 | Moreno Val, CA | Toll-Free, CL | 7 | -- | -- | -- |
| Feb 17 | 12:34 PM | 951.242.3596 | Moreno Val, CA | Moreno, CA | 1 | -- | -- | -- |
| Feb 17 | 12:48 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 3 | -- | -- | -- |
| Feb 17 | 6:35 PM | 951.850.9622 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 18 | 4:43 PM | 951.850.9622 | Moreno Val, CA | Riverside, CA | 2 | -- | -- | -- |
| Feb 18 | 5:55 PM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 19 | 8:47 AM | 951.743.1112 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 19 | 8:48 AM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 20 | 8:06 AM | 951.230.0779 | Moreno Val, CA | Perris, C A | 1 | -- | -- | -- |
| Feb 20 | 8:12 AM | 714.884.5067 | Moreno Val, CA | Incoming, CL | 8 | -- | -- | -- |
| Feb 20 | 9:25 AM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 20 | 1:53 PM | 951.228.7197 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 20 | 2:35 PM | 626.243.2021 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 20 | 6:11 PM | 951.230.0779 | Moreno Val, CA | Perris, CA | 7 | -- | -- | -- |
| Feb 21 | 7:57 AM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 21 | 5:05 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 1 | -- | -- | -- |
| Feb 21 | 5:08 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 1 | -- | -- | -- |
| Feb 21 | 5:08 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 1 | -- | -- | -- |
| Feb 21 | 5:10 PM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 4 | -- | -- | -- |
| Feb 22 | 7:54 AM | 951.230.0779 | Riverside, CA | Incoming, CL | 46 | -- | -- | -- |
| Feb 22 | 8:40 AM | 888.770.6588 | Riverside, CA | Incoming, CL | 13 | -- | -- | -- |

MADERO-000387

**verizon**

EXHIBIT P

# Rocio Hernandez
**951.288.1711**
**PIXEL 6**

## Talk activity (cont.)

| Date | Time | Number | Origination | Destination | Min. | Airtime Charges | LD/Other Charges | Total |
|------|------|--------|-------------|-------------|------|-----------------|------------------|-------|
| Feb 22 | 11:11 AM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 2 | -- | -- | -- |
| Feb 22 | 1:12 PM | 215.640.1000 | Moreno Val, CA | Incoming, CL | 16 | -- | -- | -- |
| Feb 22 | 1:30 PM | 951.222.2208 | WiFi CL | Riverside, CA | 16 | -- | -- | -- |
| Feb 22 | 1:54 PM | 951.228.7197 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 22 | 1:56 PM | 215.640.1000 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 22 | 2:43 PM | 714.884.5067 | Moreno Val, CA | Santa Ana, CA | 2 | -- | -- | -- |
| Feb 22 | 3:19 PM | 951.222.2208 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 22 | 6:33 PM | 951.743.1112 | Riverside, CA | Incoming, CL | 5 | -- | -- | -- |
| Feb 22 | 7:09 PM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 23 | 7:58 AM | 951.570.4545 | Moreno Val, CA | Incoming, CL | 10 | -- | -- | -- |
| Feb 23 | 8:23 AM | 866.447.0650 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 23 | 5:50 PM | 951.230.0779 | Riverside, CA | Perris, CA | 1 | -- | -- | -- |
| Feb 23 | 5:51 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 2 | -- | -- | -- |
| Feb 23 | 6:03 PM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 23 | 6:06 PM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 3 | -- | -- | -- |
| Feb 24 | 1:58 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 1 | -- | -- | -- |
| Feb 24 | 1:58 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 2 | -- | -- | -- |
| Feb 24 | 2:57 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 1 | -- | -- | -- |
| Feb 24 | 3:11 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 3 | -- | -- | -- |
| Feb 24 | 5:35 PM | 951.539.2013 | Moreno Val, CA | Arlington, CA | 1 | -- | -- | -- |
| Feb 25 | 3:57 PM | 714.884.5067 | Riverside, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 25 | 4:08 PM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 26 | 3:34 PM | 951.743.1112 | Riverside, CA | Incoming, CL | 2 | -- | -- | -- |
| Feb 26 | 4:42 PM | 951.743.1112 | WiFi CL | Riverside, CA | 2 | -- | -- | -- |
| Feb 26 | 5:19 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 1 | -- | -- | -- |
| Feb 26 | 7:26 PM | 951.743.1112 | Perris, CA | Riverside, CA | 2 | -- | -- | -- |
| Feb 26 | 7:27 PM | 951.743.1112 | Perris, CA | Riverside, CA | 1 | -- | -- | -- |
| Feb 26 | 10:55 PM | 951.230.0779 | Riverside, CA | Incoming, CL | 8 | -- | -- | -- |
| Feb 27 | 9:13 AM | 951.327.7005 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 27 | 9:37 AM | 609.934.4557 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 27 | 4:22 PM | 916.739.2892 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 27 | 7:51 PM | 951.230.0779 | WiFi CL | Perris, CA | 1 | -- | -- | -- |
| Feb 28 | 9:42 AM | 951.230.0779 | Moreno Val, CA | Perris, CA | 9 | -- | -- | -- |
| Feb 28 | 2:16 PM | 928.851.7244 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 28 | 3:17 PM | 808.493.1002 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Feb 28 | 3:27 PM | 951.850.9622 | WiFi CL | VM Deposit, CL | 1 | -- | -- | -- |
| Feb 28 | 3:40 PM | 951.743.1112 | WiFi CL | Riverside, CA | 2 | -- | -- | -- |
| Feb 28 | 3:47 PM | 951.743.1112 | WiFi CL | Riverside, CA | 2 | -- | -- | -- |
| Feb 28 | 5:07 PM | 951.850.9622 | Riverside, CA | Incoming, CL | 2 | -- | -- | -- |
| Mar 1 | 8:53 AM | 760.368.8913 | Moreno Val, CA | Incoming, CL | 16 | -- | -- | -- |

EXHIBIT P

9

# Rocio Hernandez

**951.288.1711**
**PIXEL 6**

## Talk activity (cont.)

| Date | Time | Number | Origination | Destination | Min. | Airtime Charges | LD/Other Charges | Total |
|------|------|--------|-------------|-------------|------|-----------------|------------------|-------|
| Mar 1 | 11:25 AM | 714.884.5067 | Moreno Val, CA | VM Deposit, CL | 1 | -- | -- | -- |
| Mar 1 | 1:39 PM | 626.879.0297 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 1 | 3:13 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 1 | -- | -- | -- |
| Mar 1 | 4:06 PM | 213.223.8776 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 1 | 4:46 PM | 951.356.7837 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 1 | 8:31 PM | 213.205.2722 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 2 | 11:26 AM | 951.228.7197 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 2 | 11:31 AM | 951.530.4255 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 2 | 6:30 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 3 | -- | -- | -- |
| Mar 2 | 6:33 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 1 | -- | -- | -- |
| Mar 2 | 8:07 PM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 3 | 8:01 AM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 3 | 10:36 AM | 951.850.9622 | Moreno Val, CA | Incoming, CL | 2 | -- | -- | -- |
| Mar 3 | 12:06 PM | 209.457.5749 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 3 | 5:56 PM | 951.230.0779 | Moreno Val, CA | Perris, CA | 15 | -- | -- | -- |
| Mar 3 | 6:11 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 3 | -- | -- | -- |
| Mar 3 | 6:15 PM | 951.251.3501 | Moreno Val, CA | Moreno, CA | 25 | -- | -- | -- |
| Mar 3 | 6:17 PM | 951.743.1112 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 3 | 6:40 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 1 | -- | -- | -- |
| Mar 4 | 6:22 AM | 951.796.2466 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 4 | 11:48 AM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 4 | -- | -- | -- |
| Mar 5 | 9:37 AM | Unavailable | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 5 | 8:28 PM | 951.743.1112 | Perris, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 6 | 7:49 AM | 951.379.1500 | WiFi CL | Moreno, CA | 1 | -- | -- | -- |
| Mar 6 | 8:16 AM | 866.429.5150 | Moreno Val, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 6 | 11:26 AM | 443.699.1814 | Riverside, CA | Incoming, CL | 1 | -- | -- | -- |
| Mar 6 | 2:35 PM | 951.743.1112 | Moreno Val, CA | Riverside, CA | 1 | -- | -- | -- |

EXHIBIT P
MADERO-000389



**Billing period** Feb 7, 2023 to Mar 6, 2023 | **Account #** 9███████0001 | **Invoice #** 9566943271

**EXHIBIT P**

# Rocio Hernandez



ULTRA



**verizon**

EXHIBIT P

# Rocio Hernandez

**951.743.1112**
**GALAXY S22 ULTRA**

## Talk activity (cont.)

| Date | Time | Number | Origination | Destination | Min. | Airtime Charges | LD/Other Charges | Total |
|------|------|--------|-------------|-------------|------|-----------------|------------------|-------|
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |

EXHIBIT P

**MADERO-000391**

**verizon**

EXHIBIT P

# Rocio Hernandez

████████

**GALAXY S22 ULTRA**

## Talk activity (cont.)

| Date | Time | Number | Origination | Destination | Min. | Airtime Charges | LD/Other Charges | Total |
|------|------|--------|-------------|-------------|------|-----------------|------------------|-------|
| ██ | ██ | ████ | ████ | ███ | █ | █ | █ | █ |
| ██ | ███ | ████ | ████ | ███ | █ | █ | █ | █ |
| ██ | ███ | ████ | ████ | ███ | █ | █ | █ | █ |
| ██ | ███ | ████ | ████ | ███ | █ | █ | █ | █ |
| ██ | ███ | ███ | ████ | ███ | █ | █ | █ | █ |
| ██ | ███ | ████ | ████ | ███ | █ | █ | █ | █ |
| █ | ███ | ███ | ████ | ███ | █ | █ | █ | █ |
| █ | ███ | ███ | ████ | ███ | █ | █ | █ | █ |
| █ | ███ | ████ | ████ | ███ | █ | █ | █ | █ |
| █ | ███ | ████ | ████ | ███ | █ | █ | █ | █ |
| █ | ██ | ███ | ████ | ███ | █ | █ | █ | █ |
| █ | ██ | ████ | ████ | ███ | █ | █ | █ | █ |
| █ | ██ | ███ | ████ | ███ | █ | █ | █ | █ |
| ██ | ██ | ████ | ████ | ███ | █ | █ | █ | █ |
| █ | ███ | ████ | ████ | ███ | █ | █ | █ | █ |
| ██ | ███ | ███ | ███ | ███ | █ | █ | █ | █ |
| █ | ███ | ████ | ███ | ███ | █ | █ | █ | -- |
| ██ | ███ | ████ | ████ | ███ | █ | -- | -- | -- |

EXHIBIT P

MADERO-000392

Billing period Feb 7, 2023 to Mar 6, 2023 | Account # _____00001 | Invoice # 9866413751

EXHIBIT P

# Additional information

## Customer Proprietary Network Information (CPNI)

CPNI is information made available to us solely by virtue of our relationship with you that relates to the type, quantity, destination, technical configuration, location, and amount of use of the telecommunications and interconnected VoIP services you purchase from us, as well as related billing information. The protection of your information is important to us, and you have a right, and we have a duty, under federal law, to protect the confidentiality of your CPNI.

We may use and share your CPNI among our affiliates and agents to offer you services that are different from the services you currently purchase from us. Verizon offers a full range of services, such as television, telematics, high-speed Internet, video, and local and long distance services. Visit Verizon.com for more information on our services and companies.

If you don't want your CPNI used for the marketing purposes described above, please notify us by phone any time at 800.333.9956 or online at vzw.com/myprivacy.

Unless you notify us in one of these ways, we may use your CPNI as described above beginning 30 days after the first time we notify you of this CPNI policy. Your choice will remain valid until you notify us that you wish to change your selection. Your decision about use of your CPNI will not affect the provision of any services you currently have with us.

Note: This CPNI notice does not apply to residents of the state of Arizona.

## Explanation of Surcharges

Verizon wireless surcharges include (i) a Regulatory Charge (which helps defray various government charges we pay including government number administration and license fees); (ii) a Federal Universal Service Charge (and, if applicable, a State Universal Service Charge) to recover charges imposed on us by the government to support universal service; and (iii) an Administrative and Telco Recovery Charge, which helps defray and recover certain direct and indirect costs we or our agents incur, including: (a) costs of complying with regulatory and industry obligations and programs, such as E911, wireless local number portability and wireless tower mandate costs; (b) property taxes; and (c) costs associated with our network, including facilities (e.g. leases), operations, maintenance and protection, and costs paid to other companies for network services. **Please note that these are Verizon wireless charges, not taxes or government imposed fees. These charges, and what's included, are subject to change from time to time.**

## Service Plan Features & Services

If your service plan has optional features or services that are included as part of your monthly subscription, electing to activate these subscriptions may affect your surcharges, taxes and governmental fees, even though your plan monthly service price does not change. Examples of these features are Apple Music or the Disney bundle.

## Taxes and Other Governmental Charges

We are required by law to collect these charges, which are based on your service address. You can update your service address on go.vzw.com/changeaddress.

## More On Wireless Taxes And Surcharges

Your total charges for this month's bill cycle are $166.47.

This includes charges for one or more bundled Verizon service plans that include voice, messaging, data, or other services for which you pay a monthly plan charge.

This bill cycle, your fixed monthly plan charges were $120.00 (before applying any discounts or credits, and excluding other charges such as overage, late payment, taxes, Verizon surcharges, and equipment).

To accurately bill taxes and Verizon surcharges, we regularly look at past network usage by you and other customers with similar plans to allocate this fixed monthly plan charge among the services included in the bundle.

In this bill cycle, we have allocated this amount as follows: $6.42 for voice, $1.32 for messaging, $112.26 for data, and $0.00 for other services.

For more information, please go to vzw.com/taxesandsurcharges.

## Bankruptcy Information

If you are or were in bankruptcy, this bill may include amounts for pre-bankruptcy charges. You should not pay pre-bankruptcy amounts; they are for your information only. In the event Verizon receives notice of a bankruptcy filing, pre-bankruptcy charges will be adjusted in future invoices. Mail bankruptcy-related correspondence to 500 Technology Drive, Suite 550, Weldon Spring, MO 63304.



EXHIBIT P

MADERO-000393

EXHIBIT P

# Additional information

## California - Questions About Your Bill?
Call Customer Service at 800.922.0204. Send written disputes to: Verizon, PO Box 409, Newark, NJ 07101-0409. If you are disputing a charge because you contend it was not authorized, and we need time to investigate the complaint, you are not required to pay the disputed amount while our investigation is pending. If you have a complaint you cannot resolve with us, submit a complaint to the California Public Utilities Commission at Consumer Affairs Branch, 505 Van Ness Ave. Rm. 2003, San Francisco, CA 94102, or at http://www.cpuc.ca.gov/complaints, or call 800.649.7570. If you have hearing or speaking limitations and need California Relay Service, dial 711(visit http://ddtp.cpuc.ca.gov/ for further information). If you need to contact your wireless phone insurance provider, call 888.881.2622

## Consider it fixed
Verizon Home Device Protect is the last warranty you'll need for your connected home products. Get repairs or replacements for covered breakdowns of eligible home entertainment from gaming devices and wearables to home office and smart home products. Visit verizon.com/homedeviceprotect

## TO OUR CUSTOMERS IN CALIFORNIA:
IMPORTANT INFORMATION REGARDING CALIFORNIA RELAY SERVICE

What is California Relay Service (CRS)?
CRS is a public service that guarantees all citizens access to prompt, professional and accurate communication through the telephone. Consumers of these specialized services, specifically individuals who are Deaf, DeafBlind, Hard of Hearing or have difficulty speaking, can communicate on the telephone via TTY, Voice Carry Over (VCO), Hearing Carry Over (HCO), Speech-to-Speech (STS), Spanish and Captioned Telephone. This allows individuals to connect with family, friends or businesses with ease.

How does relay work?
Dial 711 to connect with CRS. A qualified Communication Assistant (CA) will ask for the area code and the number of the person you wish to call and begin the relay call. CAs can also access consumer phone books, allowing them to place calls based on a provided contact name. Generally, the CA will voice the typed message from the text telephone (TTY) user to you. The CA relays your voiced message by typing it to the TTY user.

For individuals who have difficulty speaking, CRS offers Speech-to-Speech (STS) services. Specially trained CAs are on hand to assist in these types of calls by repeating the STS user's spoken part of the conversation to you in short phrases (unless otherwise requested by the user), working closely to ensure the entire conversation is understood.

Captioned Telephone (CTS)
Captioned Telephone is ideal and available for individuals who have difficulty hearing on the phone and are able to speak for themselves. A captioned telephone allows users to listen and read captions of what is said to them. To call a Captioned Telephone user, dial: 711 or 866-399-9050.

How do I apply for specialized equipment?
The California Telecommunications Access Program (CTAP) offers amplified phones, TTYs, Voice Carry Over (VCO) phones, Captioned Telephones, and other equipment to eligible individuals in California who are Deaf, DeafBlind, Hard of Hearing, have difficulty speaking or any cognitive disability.

For more information, visit https://ddtp.cpuc.ca.gov or call 877-546-7414 (voice) or 800-867-4323 (TTY).

To place a call using California Relay Service, dial 711

Customer Care:
california@hamiltonrelay.com
ca-relay.com

California Relay Service
Speech-to-Speech
The power to connect us all.

California Relay Service (CRS) is funded by the Deaf and Disabled Telecommunications Program (DDTP), a program of the California Public Utilities Commission.

## Important Information Regarding Your Customer Agreement
Verizon has updated parts of your Customer Agreement. In the "My Privacy" section, we specified where customers can view privacy policies specific to their state, if any. In the "How and when can I dispute charges?" section we added where customers can access and complete an online notice of dispute form. In the "HOW DO I RESOLVE DISPUTES WITH VERIZON?" section we: clarified certain provisions regarding the rules for and authority of the arbitrator as well as the rules and procedures of the bellwether arbitration proceedings applicable in the event 50 or more customers initiate notices of dispute or file complaint(s) in court which raise similar claims.

EXHIBIT P


MADERO-000394

# Additional information

## Notice of Public Hearings in California

Notice of public hearings in Rulemaking 22-03-016 regarding service quality for telecommunications services in California.

Dates:
Public participation hearing, April 18, 2023, at 2:00 p.m.
adminmonitor.com/ca/cpuc
Toll-free phone number: 1-800-857-1917; code: 1767567#
Spanish language toll-free phone number:
1-800-857-1917; code: 3799627#

Public participation hearing, April 18, 2023, at 6:00 p.m.
adminmonitor.com/ca/cpuc
Toll-free phone number: 1-800-857-1917; code: 1767567#
Spanish language toll-free phone number:
1-800-857-1917; code: 3799627#

Public participation hearing, May 3, 2023, at 2:00 p.m.
adminmonitor.com/ca/cpuc
Toll-free phone number: 1-800-857-1917; code: 1767567#
Spanish language toll-free phone number:
1-800-857-1917; code: 3799627#

Public participation hearing, May 3, 2023, at 6:00 p.m.
adminmonitor.com/ca/cpuc
Toll-free phone number: 1-800-857-1917; code: 1767567#
Spanish language toll-free phone number:
1-800-857-1917; code: 3799627#

Why am I receiving this notice? The California Public Utilities Commission (CPUC) wants to hear from you. Virtual public hearings have been scheduled to hear your comments, concerns and opinions regarding the quality of your telephone, mobile telephone, and Voice over Internet Protocol (VoIP) service, with a particular emphasis on service outages and service restoration. Your participation by providing comments can help to inform the CPUC on these issues. You can watch a livestream of the hearings or participate via telephone. You can also submit comments by mail or post them on the CPUC's public comment portal.

How does this process work? This rulemaking is considering revising existing service quality requirements for telephone service, as well as adopting new standards for mobile telephone service and VoIP service. The rulemaking is assigned to a CPUC Administrative Law Judge and a Commissioner, who will consider proposals and evidence presented during formal processes, and then issue a proposed decision. Any CPUC Commissioner may sponsor an alternate decision with a different outcome. The proposed decision, and any alternate decisions, will be discussed and voted upon by the CPUC Commissioners at a public CPUC Voting Meeting. Parties involved in the rulemaking include the Public Advocates Office. The Public Advocates Office is an independent consumer advocate within the CPUC that represents customers to help them obtain the lowest possible rates consistent with reliable and safe service levels. Find out more here: 1-415-703-1584, email PublicAdvocatesOffice@cpuc.ca.gov or visit PublicAdvocates.cpuc.ca.gov.

Contact the CPUC: Please visit apps.cpuc.ca.gov/c/R2203016 to submit a public comment about this rulemaking to the CPUC. You may also mail written comments to the CPUC's Public Advisor's address below. For more information on participating in the public hearing, submitting comments, to request special assistance, or to request a non-English or Spanish language interpreter, please contact the CPUC's Public Advisor's Office at least five days prior to the hearings.

CPUC Public Advisor's Office
505 Van Ness Avenue
San Francisco, CA 94102
Phone: 1-866-849-8390 (toll-free) or 1-415-703-2074
Email: Public.Advisor@cpuc.ca.gov

Please reference Rulemaking 22-03-016 in any communications you have with the CPUC regarding this matter.

MADERO-000395



EXHIBIT P

# You're all set.

### Pay in cash
Go to vzw.com/stores to find a Verizon Wireless store near you or find a Check Free Pay or Western Union near you to make a cash payment. Go to vzw.com/support/pay-bill-faqs/ to learn more.

### Autopay scheduled
$166.47 will be deducted from your bank account on March 22.

### My Verizon
Use the My Verizon app or download it at go.vzw.com/mva to manage your account, pay your bill, check data usage, and much more.

### Go paper-free
Enroll in paper-free billing; the easy, clutter-free way to manage and pay your bill. Enroll at go.vzw.com/gopaperfree.

---

ROCIO HERNANDEZ

| | |
|---|---|
| **Bill date** | March 06, 2023 |
| **Account number** | ████-00001 |
| **Invoice number** | 9566213271 |

### Total Amount Due

Deducted from bank account on 03/22/23
DO NOT MAIL PAYMENT

## $166.47

**Please see back for instructions on writing to us.**

PO BOX 660108
DALLAS, TX  75266-0108

9566213271010973590302000010000001664700000001 651 4715

EXHIBIT P

**MADERO-000396**

EXHIBIT P

Questions? Visit go.vzw.com/contactus or call 1.800.922.0204.

Change your address at go.vzw.com/changeaddress

**IMPORTANT INFORMATION:**

Many questions regarding billing can be resolved easily online or in the My Verizon App. Our customer service representatives are also available by phone, chat or in a retail store to assist you with billing questions or disputes.

**All written communication related to billing disputes and checks tendered as payment in full to a billing dispute must be sent to the below address.**

Please select a checkbox at the bottom of the page that best describes how we can help you and include it with your written correspondence.

Verizon Attn: Correspondence Team
PO Box 15069
Albany, NY 12212

---

**Automatic Payment Enrollment for Account:** ████████ 1 ROCIO HERNANDEZ

By signing below, you authorize Verizon to electronically debit your bank account each month for the total balance due on your account. The check you send will be used to setup Automatic Payment. You will be notified each month of the date and amount of the debit 10 days in advance of the payment. You agree to receive all Auto Pay related communications electronically. I understand and accept these terms. This agreement does not alter the terms of your existing Customer Agreement. I agree that Verizon is not liable for erroneous bill statements or incorrect debits to my account. To withdraw your authorization you must call Verizon. Check with your bank for any charges.

**1. Check this box.**     **2. Sign name in box below, as shown on the bill and date.**     **3. Return this slip with your payment. Do not send a voided check.**

■     ☐     _____     ■

**Please select a checkbox that best describes how we can help you and include details in the box below with any written correspondence.**

| Payment Verification | Address Change | Name Change | Billing Dispute | Service Change | Other |
|:---:|:---:|:---:|:---:|:---:|:---:|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Additional information (for example new address or details on your request)

[                                                                                    ]

EXHIBIT P

MADERO-000397

Begin forwarded message:

**From:** Jaom Orozco <oalan4045@gmail.com>
**Subject: Fwd: Thanks for making a T-Mobile payment**
**Date:** January 14, 2025 at 3:42:59 PM PST
**To:** "adrianne desai-law.com" <adrianne@desai-law.com>

---------- Forwarded message ---------
From: **Maria Landeros** <mariainez0214@gmail.com>
Date: Tue, Jan 14, 2025 at 3:15 PM
Subject: Re: Thanks for making a T-Mobile payment
To: <oalan4045@gmail.com>

On Fri, Aug 18, 2023 at 5:43 AM T-Mobile USA <donotreply@notifications.t-mobile.com> wrote:

**T Mobile**

## Your payment summary

The payment you have made for T-Mobile® phone number / Account Number ▮▮▮▮▮▮▮ is complete.

Here are the details:

EXHIBIT P

Here are the details.

Payment Date: 8/18/2023
Payment Amount: $206.14
Payment Method: ███████████
Reference Number: 5190044310

Account information and activity can be accessed on the T-Mobile app or at my.t-mobile.com. T-Mobile for Business customers can access account information at tfb.t-mobile.com.

This is an automated email. Please do not reply.
If you have questions regarding your order or T-Mobile service, please visit my.t-mobile.com.

This email was sent by:
T-Mobile USA, Inc.
P.O. Box 37380
Albuquerque, NM 87176, USA

T-Mobile and the magenta color are registered trademarks of Deutsche Telekom AG. ©2020 T-Mobile USA, Inc. | Terms of Use | Terms & Conditions | Return Policy | Privacy Policy