UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-0073-KK-DTBx** | Date: | February 21, 2025 |
| Title: | *Jordan Orozco Madero, et al. v. McLane Foodservice, Inc.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order GRANTING Defendant's Motion to Strike [Dkt. 110]

## I.
## INTRODUCTION

On March 14, 2024, plaintiffs Jordan Orozco Madero and Esteban Orosco ("Plaintiffs") filed the operative First Amended Complaint ("FAC") against their former employer, defendant McLane Foodservice, Inc. ("Defendant"), alleging federal and California state law claims for wage and hour violations. ECF Docket No. ("Dkt.") 24. On January 17, 2025, Defendant filed the instant Motion to Strike class allegations from the FAC ("Motion") pursuant to Federal Rules of Civil Procedure 23(d)(1)(D) and 12(f). Dkt. 110.

On January 30, 2025, Plaintiffs filed an Opposition to the Motion. Dkt. 111.

On February 6, 2025, Defendant filed a Reply in support of the Motion. Dkt. 112. This matter, thus, stands submitted.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Defendant's Motion is **GRANTED**.

///

///

## II.
## PLAINTIFFS' CLASS ALLEGATIONS ARE STRICKEN

A.   APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded," and impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (internal quotation marks and citations omitted).  The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

Similarly, for class action claims, a party may move to strike class allegations pursuant to Federal Rule of Civil Procedure 23(d)(1)(D), which provides that a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly[.]"

B.   ANALYSIS

As an initial matter, Plaintiffs concede they "will not move forward with class certification." Dkt. 111 at 5.  Further, Plaintiffs' deadline to move for class certification has passed, therefore, the class allegations in the FAC are immaterial and must be stricken.  See Basiliali v. Allegiant Air, LLC, No. 2:18-CV-03888-RGK-MRW, 2018 WL 6133658, at *2 (C.D. Cal. Sept. 19, 2018) (granting defendant's motion to strike after plaintiff failed to move for class certification by the deadline).  Thus, Defendant's request to strike class allegations from the FAC is **GRANTED**.

## V.
## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Strike.

**IT IS SO ORDERED**.