UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 24-0073-KK-DTBx | Date: | February 26, 2025 |
| Title: | *Jordan Orozco Madero et al v. McLane Foodservice, Inc.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order Dismissing Without Prejudice Due to Lack of Subject Matter Jurisdiction**

On March 14, 2024, plaintiffs Jordan Orozco Madero and Esteban Orosco ("Plaintiffs") filed the operative First Amended Complaint ("FAC") against their former employer, defendant McLane Foodservice, Inc. ("Defendant"), alleging a single claim under federal law and related state law claims for wage and hour violations.[1]  ECF Docket No. ("Dkt.") 24.  On October 14, 2024, the Court dismissed the only federal claim and ordered Plaintiffs to show why this Court should retain jurisdiction.  Dkt. 97.

On October 24, 2024, Plaintiffs responded, asserting that this Court no longer had jurisdiction.  Dkt. 102.  On the same day, Defendant filed a response arguing this Court had jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000.  Dkt. 103.  However, Plaintiffs dispute the amount in controversy exceeds $75,000.  Dkt. 111.

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The party invoking jurisdiction has the burden of establishing jurisdiction by a preponderance of the evidence.  McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936).

---

[1] Although originally filed as a class action complaint, all class claims have been stricken.  See dkt. 120.

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  With respect to the parties' citizenship, an individual is deemed to be a citizen of the state where they are domiciled, see Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983), and a corporation is deemed to be a citizen of the state where it is incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1).  With respect to the amount in controversy, "the sum claimed by the plaintiff [in the complaint] controls if the claim is apparently made in good faith."  Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotation marks omitted).  However, a "facially implausible figure does not satisfy the amount in controversy requirement."  Parker v. U.S. Bank Trust, N.A., No. CV 20-9697-ODW-RAOx, 2020 WL 7479633, at *2 (C.D. Cal. Dec. 18, 2020).  Moreover, "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement."  Snyder v. Harris, 394 U.S. 332, 336 (1969).

Here, Plaintiffs fail to meet their burden of establishing the Court has jurisdiction over this action, and in fact, concede the Court no longer possesses jurisdiction.  First, none of the remaining causes of action present a federal claim.  Second, Plaintiffs fail to establish diversity jurisdiction.  Indeed, Plaintiffs claim that their projected recovery, at the most, is $21,081 for plaintiff Madero and $24,525 for plaintiff Orosco.[2]  Dkt. 111 at 11.  Additionally, Plaintiffs are silent as to the citizenship of the parties.  Thus, the Court finds it lacks jurisdiction over this matter.  Shetty v. Cwalt, Inc., No. 17-CV-02980-LHK, 2017 WL 3394161, at *4 (N.D. Cal. Aug. 8, 2017), aff'd, 735 F. App'x 396 (9th Cir. 2018) (finding the court lacked jurisdiction where plaintiff failed to establish jurisdiction based on 28 U.S.C. § 1332 and dismissed without prejudice for refiling in state court).

Accordingly, this matter is **DISMISSED WITHOUT PREJUDICE** to refiling in state court.  Additionally, in light of the dismissal, Defendant's Motion for Sanctions, dkt. 113, and request to appear remotely for the sanctions hearing, dkt. 119, are **DENIED** as **MOOT**.

**IT IS SO ORDERED**.  (JS-6)

---

[2] Defendant estimates the amount in controversy for plaintiff Madero is $98,563.63 and for plaintiff Orosco $102,983.63.  Dkt. 103 at 5.  For each plaintiff, Defendant estimates damages based upon a 100% violation rate and attorneys' fees of $68,500.  Id. at 2-5.  The Court finds both estimates to be unreasonable.  First, there is no basis for assuming a 100% violation rate.  Second, the amount of estimated fees consists of 69 percent and 66 percent of the damages for each plaintiff.  However, in establishing jurisdiction, Defendant must "rely on reasonable assumptions to prove that it has met the statutory threshold."  Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020) (emphasis added).  Here, the Court finds the estimated damages and fees unreasonable and wildly speculative.